UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In Re:                                              **Chapter 7**

        **MAN KIT NG,**                        **Case No. 11-46867-CEC**

                          Debtor.
------------------------------------------------------------x
ROBERT L. GELTZER, as Trustee
of the Estate of **MAN KIT NG**,

                      Plaintiff,          **Adv. Pro. No.**

        -against-

        **MAN KIT NG**,

                      Defendant.
------------------------------------------------------------x

## COMPLAINT REVOKING DISCHARGE

        Robert L. Geltzer, as trustee (the "Trustee") for Man Kit Ng the debtor (the "Debtor"), the plaintiff herein, by its counsel, Law Offices of Robert L. Geltzer, as and for its complaint against Man Kit Ng, the debtor (the "Debtor"), alleges as follows:

## JURISDICTION AND VENUE

        1.    This is an adversary proceeding brought pursuant to and under Rule 7001, et seq. of the Federal Rules of Bankruptcy Procedure, seeking relief pursuant to Section 727 of Title 11, United States Code (the "Bankruptcy Code").

        2.    The United States District Court for the Eastern District of New York has jurisdiction over this adversary proceeding under 28 U.S.C. § 1334.  By virtue of 28 U.S.C. § 157(a), and the Order dated July 12, 1984 of District Court Chief Judge Weinstein of the United States District Court for the Eastern District of New York, this adversary proceeding is automatically referred to the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court").

        3.    This adversary proceeding arises under and in the case of Man Kit Ng, Case No. 11-46867-CEC, pending under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York.

4.     Venue of this adversary proceeding in this district is proper pursuant to 28 U.S.C. § 1049(a).

5.     This adversary proceeding is a "core" proceeding pursuant to 28 U.S.C. § 157(b).  The Plaintiff consents to the entry of final orders or judgments by this Court if it is determined that this Court, absent consent of the parties herein, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## PARTIES

6.     On or about August 9, 2011, the Debtor filed a voluntary petition (the "Petition") under Chapter 7 of the Bankruptcy Code with the United States Bankruptcy Court for the Eastern District of New York.

7.     On or about August 9, 2011, the Trustee was appointed by the Office of the United States Trustee as interim trustee of the Debtor's estate pursuant to  § 701, and pursuant to § 702(d) of the United States Bankruptcy Code thereafter became permanent Trustee by operation of law, and is serving as such.

8.     The Debtor is an individual whose last known address is 34 Chrissy Court, Staten Island, New York 10310.

## OBJECTIONS TO DISCHARGE

9.     This Court has issued a discharge to the Debtor on or about December 22, 2011.

10.     This is an action brought pursuant to § 727 of the Bankruptcy Code to revoke the Debtor's discharge.

11.     Based upon the Trustee's commenced, but not completed, examination at the meeting conducted pursuant to § 341 of the United States Bankruptcy Code (the "341 Meeting"), a review of the Petition and Schedules, discussions had with the Debtor at the commenced, but not concluded 341 Meeting, which was adjourned, on several occasions (not one of which the Debtor attended nor with respect to which was any adjournment requested or granted) , and the attorney representing the Debtor, it appeared that, perhaps among other things, the Debtor was the sole owner and operator of Hair, Inc., which has been operating since in or about 1996 and, continues to operate, to date, and with respect to which documents

were demanded on several occasions, but none was produced. Whereupon on or about April 27, 2012, the Trustee applied for, and this Court granted on May 9, 2012 an order pursuant to Federal Rule of Bankruptcy Procedure 2004 (the "2004 Order").

12. Annexed hereto, all marked cumulatively as Exhibit "A," are correspondence dating back to August 26, 2011 addressing difficulties in the case caused solely because of, and by, the attorney for the Debtor, Karamvir Dahiya (the "Dahiya"), which difficulties persist to the detriment of the administration of the estate.

13. Indeed, at the 341 Meeting, the Debtor testified in English; no translator was requested or utilized; a disk containing track 155 of the February 14, 2012, 341 Meeting is available to confirm this. Notwithstanding the fact that Debtor spoke English, Dahiya -- not the Debtor -- at the commenced examination (the "2004 Exam") on November 15, 2012, pursuant to the 2004 Order, asserted that the Debtor could not proceed in English and needed a translator; and Dahiya did so notwithstanding that at the beginning of the 2004 Exam, the Debtor answered a few questions in English facilely and fully and without reservation or stumbling or stammering. Only Dahiya impeded the 2004 Exam and continues to impede the administration of this estate. For example, by the attached emails (Exhibit "B"), he complains that his client may be intimidated by the pictures on the Trustee's walls which are of his friends and family, and they with President Clinton in the Oval Office.

14. The 2004 Order was served upon the Debtor and Dahiya on May 14, 2012.

15. The Debtor did produce certain documents, as denoted below; however, if these are compared to what was ordered and what is needed to administer the estate, it is obvious that there is substantial non-compliance with the 2004 Order. That which follows is a chart showing the documents required to be produced by the 2004 Order, denoting those that have been produced, and those that have not been produced and need to be produced to comply with the 2004 Order and to administer the estate:

| PERSONAL DOCUMENTS REQUIRED BY 2004 ORDER | DOCUMENTS RECEIVED | DOCUMENTS NOT PRODUCED |
|---|---|---|
| Tax returns – personal | | 2005 through |

| | | |
|---|---|---|
| | | 2010 |
| Bank statements – personal<br>Although the Debtor does not list any personal bank accounts on his voluntary petition, he stated that his ex-girlfriend, Mee Woon Hui, did not pay any of the HSBC mortgage payments but, that he made all the payments; how could he have done so with no bank account?  The only bank statements we received were for In Hair Inc.'s Asia Bank, N.A. bank account #0033-01753 and no HSBC mortgage payments were evidenced. | | 8/9/05 through 8/9/11 |
| fronts and backs of cancelled checks/images - personal | | 8/9/05 through 8/9/11 |
| Periodic credit card statements - personal | | 8/9/05 through 8/9/11 |
| **BUSINESS DOCUMENTS REQUIRED BY 2004 ORDER** | **DOCUMENTS RECEIVED** | **DOCUMENTS NOT PRODUCED** |
| invoices - In Hair Inc ("I H I") | | 2005 through 2011 |
| bank statements – I H I - Asia Bank, N.A. account #0033-01753 | 11/1/01 through 8/31/10 | 9/1/10 through 8/9/11 |
| quickbooks (if in existence) | | 2005 - 2011 |
| tax returns – I H I | | 2005 through 2010 |
| bills - Milbon USA, Paramount, Poland Spring, Con Ed, Depasquale Salon Systems, Rochdale Insurance and Verizon -- Bills received are not complete, with many gaps between periods | 2006 through 2011 | |
| fronts and backs of cancelled checks/images – I H I - Asia Bank, N.A. account #0033-01753 | | 9/1/10 through 8/9/11<br>8/9/05 through 10/31/07 |
| business line of credit – I H I - Chase account #450618164969 | 2/15/08 through 3/14/08<br>10/15/07 through 11/14/07 | 3/15/08 through 8/9/11<br>11/15/07 through 2/14/08<br>8/9/05 through 10/14/07 |
| business line of credit – I H I - The Bank of New York account #690-4750547 | 2/1/06 through 3/31/06 | 4/1/06 through 8/9/11<br>8/9/05 through 1/31/06 |
| periodic credit card statements – I H I | | 8/9/05 through 8/9/11 |
| financial statements - income statement | 2005 through 2011 | |
| financial statements - balance sheet | 2006 through 2011 | 2005<br>2008 Assets page |
| statements of accounts receivable and payable | | 2005 – 2011 |
| ledgers | | 2005 – 2011 |

| | | |
|---|---|---|
| worksheets | | 2005 – 2011 |
| work papers | | 2005 – 2011 |
| notes | | 2005 – 2011 |
| contracts & agreements | | 2005 – 2011 |

## CLAIMS FOR RELIEF

16. Section 727(d) of the Bankruptcy Code provides in pertinent part that:

> On request of the trustee, a creditor, or the United States trustee, and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if–

(1) such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge; . . .

17. Section 727(a) of the Bankruptcy Code provides in pertinent part that:

> The court shall grant the debtor a discharge, unless - . . .

(6) the debtor has refused, in the case -

(A) to obey any lawful order of the court, other than an order to respond to a material question or to testify; . . .

18. By virtue of the Debtor's refusal to turn over documents and his chicanery by insisting that he needs an interpreter for the 2004 Exam, the Petition was filed in bad faith and for the purpose of defrauding creditors.

19. Section 521(a)(3) of the Bankruptcy Code provides that:

> the debtor shall - if a trustee is serving in the case...cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties under this title.

Section 521(a)(4) of the Bankruptcy Code provides that:

> the debtor shall - if a trustee is serving in the case...surrender to the trustee all property of the estate and any recorded information, including books, documents, records, and papers, relating to the property of the estate, whether or not immunity is granted under section 344 of this title.

    18 U.S.C. § 152(9) provides that:

> a person who... after the filing of a case under title 11, knowingly and fraudulently withholds from a custodian, trustee, marshal, or other officer of the court or a United States Trustee entitled to its possession, any recorded information (including books, documents, records and papers) relating to the property or financial affairs of a debtor, shall be fined..., imprisoned..., or both.

20. Section 727(e) of the Bankruptcy Code provides in pertinent part that:

> The trustee, a creditor, or the United States trustee may request a revocation of a discharge–
>
> (1) under subsection (d)(1) of this section within one year after such discharge is granted; or
>
> (2) under subsection (d)(2) or (d)(3) of this section before the later of–
>
>  (A) one year after the granting of such discharge; and
>
>  (B) the date the case is closed.

21. Given the Debtor's refusal to appear to complete his examination pursuant to this Court's 2004 Order, as well as his refusal to produce and to turn over all documents pursuant to the 2004 Order, as well as his chicanery regarding his claim of his client's inability to testify in English, the discharge issued to the Debtor must be revoked pursuant to §727 of the Bankruptcy Code.

**WHEREFORE**, the Trustee demands judgment against the Debtor as follows:

(a) The Debtor's discharge be revoked; and

(b) Costs and attorneys' fees be levied against the Debtor; and

(c) Such other and further relief as this Court deems just and proper.

Dated: New York, New York
December 20, 2012

                Law Offices of
                ROBERT L. GELTZER
                Counsel to the Trustee

                By: /s/ Robert L. Geltzer
                    Robert L. Geltzer (RG 4656)
                    A Member of the Firm
                    1556 Third Avenue, Suite 505
                    New York, New York  10128
                    (212) 410-0100