**Dahiya Law Offices LLC**
**350 Broadway Suite 412**
**New York New York 10013**
**Tel: 212 766 8000**

Karamvir Dahiya, Esq.
Counsel for Debtor

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------X Case No. 11-46867-CEC

INRE:

      **MAN KIT NG,**

                       Debtor,

-------------------------------------------------------------X   Adv. Case No. 12-1343-CEC

**ROBERT L. GELTZER, as Trustee**
**Of the Estate of MAN KIT NG,**

                   Plaintiff,

    -against-

**MAN KIT NG,**

                   Defendant.

-----------------------------------------------------------X

### DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS
### &
### FOR STRIKING IMPERTINENT MATTER (RULE 12(f)).

TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

1

PLEASE TAKE NOTICE that on February 12, 2013 at 11:30 a.m. or as on thereafter as this matter can be heard before the Honorable Chief Judge Carla E. Craig of the United States Bankruptcy Court, Eastern District Court of New York in Courtroom of the above-entitled Court, located at, 271 Cadman Plaza East, Brooklyn New York.

The defendant Man Kit NG will and hereby do move pursuant to Rules 12 (f) and 12(b)(6) of the Federal Rules of Civil Procedure, for an order striking immaterial and impertinent contents of the Complaint and as well as dismissing all claims against him in this action with prejudice ("Motion"). This Motion is based on this Motion and Notice of Motion, along with the Memorandum of Points and Authorities, and any exhibits attached thereto.

Dated: January 21, 2013

_____
Karamvir Dahiya, Esq.

Notice to:

Robert Geltzer, Esq.
Chapter 7 Trustee and Plaintiff
1556 Third Avenue
New York New York 10128

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------X Case No. 11-46867-CEC

INRE:

     **MAN KIT NG,**

                   Debtor,

-----------------------------------------------------------X   Adv. Case No. 12-1343-CEC

**ROBERT L. GELTZER, as Trustee
Of the Estate of MAN KIT NG,**

                Plaintiff,

     -against-

**MAN KIT NG,**

                Defendant.

-----------------------------------------------------------X

## AFFIRMATION IN SUPPORT DEFENDANT'S RULE 12(b)(6) MOTION
## TO
## DISMISS FOR STRIKING IMPERTINENT MATTER (RULE 12(f)).

Defendant Man Kit Ng ("Mankit" or "Debtor") through his counsel Karamvir Dahiya of Dahiya Law Offices LLC files this Motion to Dismiss Plaintiff, Robert Geltzer (Geltzer), the Chapter 7 Trustee's claim for revocation of discharge under 11 U.S.C. § 727(a)(d) of the bankruptcy code, pursuant to Fed. R. Civ. P. 12(b)(6) and striking objectionable statement under Rule 12(f).

## INTRODUCTION:

The Plaintiff herein, Geltzer, requested the Debtor to provide documentations and appear for a bankruptcy Rule 2004 examination in his office. The Debtor provided all and whatever paperwork he had in his custody and control. Under protest (regarding place of 2004 examination), the Debtor appeared for the said examination, however he requested an interpreter for the continuation of the said examination. Geltzer stated that he will have to schedule the 2004 examination for another date, however instead of rescheduling, Geltzer filed this Complaint. Further in the Complaint, Geltzer makes a conjectural statement about the Debtor's ability to understand and speak in the English language merely because the Debtor had attended the 341 meeting without requesting an interpreter. However attendance at the 341 meeting with minimum questions cannot be used as a standard to determine whether or not a debtor is fluent in English and has the ability to comprehend the language.

Geltzer improperly conflates the scope of section 341 meeting with that of Rule 2004. Section 341 meeting serve "as a sort of preliminary investigation in the debtor's estate, sometimes negating further inquiry while at other times giving rise to additional suspicions that could be more fully explored in a Rule 2004 examination." *In re Muy Bueno Corp.*, 257 B.R. 843, 850 (Bankr. W.D. Tex. 2001) (Judge Leif Clark comparing section 341 and Rule 2004 examination). A Rule 2004 exam is intended to be a more extensive supplement to the section 341 meeting, with the burden of the examination justified by the basic information gleaned through the section 341 meeting. *Id.* A debtor could pass by with limited knowledge of English, while at 341a meeting, but may not be able to under the scrutiny of a Rule 2004 examination. Further, Rule 2004 is more

4

expansive than the other discovery devices available to the parties in contested matters. For instance, "a witness has no general right to representation by counsel during a deposition, and the right to object to immaterial or improper questions is limited." *In re Washingon Mut. Inc.*, 408 B.R. 45, 50-51 (citing *In re Dinubilo*, 177 B.R. 932, 940). Under such a Rule 2004 examination, the Debtor was right in demanding an interpreter. Once at the meeting in the Plaintiff's office, the Debtor became extremely nervous and started shaking when he saw the pictures hanging on the walls and he said that he is very afraid of "this man." I had to immediately notify Geltzer that the Debtor cannot proceed without an interpreter and further the Debtor is afraid to be in that particular room.

The Trustee improperly brought this Complaint to revoke the discharge, when he could have resorted to compelling for attendance of production of paper work if any. Attendance may be compelled anywhere in the United States, whether within or inside the district in which the bankruptcy case is pending. Fed. R. Bankr. P. 2004 (c), (d) Rule 2004(c) provides that attendance for an examination and the production of documents may be compelled in the same manner provided for under Rule 9016. However Geltzer, instead of utilizing the specific tools provided, filed this Complaint to revoke the discharge. This Complaint was filed to harass the Debtor.

In the initial stage of this case, the undersigned had requested the United States Trustee Office for reassignment this case to another trustee, however the request was denied. The undersigned expressed concerns about fairness to the Debtor as there was a

5

pending litigation with Geltzer. The request to change the trustee was proper as fairness or justice is not only to be done, it must also, seen to be done.

## Dismissal under Rule 12 (b)

While presuming that the well-pleaded factual allegations of the Complaint are true and resolving all doubts in favor of the Geltzer, the Complaint cannot stay. To withstand a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to `state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Even when the email or letter exchanged between the undersigned and the plaintiff are included as a part of deferential analysis of the underlying complaint, the allegation falls short of stating a mature claim upon which a relief can be granted. *DiFolco v. MSNBC Cable LLC*, 622 F.3d 104,110 (2nd Cir. 2010)("In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint.); *Chambers*, 282 F.3d at 153; *Hayden v. County of Nassau*, 180 F .3d 42, 54 (2nd Cir.1999"). Geltzer's Complaint along with the exhibits, constitutes an integral part of the Complaint, despite not being reproduced in the complaint— Id. "Where a document is not incorporated by reference, the court may nevertheless consider it where the complaint "relies heavily upon its terms and effect," thereby rendering the document "integral" to the complaint. *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2nd Cir. 2006)." With all this it still fails to state a claim that is

6

plausible on its face. When all the emails attached to the complaint are considered, no case of fraud or revocation of discharge is made out. *Designs, Inc. v. Old Navy, LLC*, 2011 WL 2135734 (2nd Cir. 2011).

Geltzer's reliance on "mulled allegation," "legal conclusions masquerading as factual conclusions," or "unwarranted deductions" to assert a claim cannot be a basis to defeat this Motion for Dismissal of the Complaint. *Amanduron v. American Airlines*, 2011 WL 756199, at *2 (5th Cir. 2011); *Terry v. Tyson Farms, Inc.*, 604 F.3d 272, 276, 2010-1 Trade Cas. (CCH) Paragraph 77008 (6th Cir. 2010), cert. denied, 131 S. Ct. 1044, 178 L.Ed 2d 864 (2011). The test is, no more "possibility" or "no-set-of-facts" but "plausibility."

The Complaint is based on § 727 of the bankruptcy code, rather as elucidated or narrowed by Geltzer—"Given the Debtor's refusal to appear to complete his examination pursuant to this Court's 2004 Order, as well as his refusal to produce and to turn over all documents pursuant to the 2004 Order, as well as his chicanery regarding his claim of his client's inability to testify in English, the discharge issued to the Debtor must be revoked pursuant to § 727 of the Bankruptcy Code." Complaint Paragraph 21.

The Debtor did appear for the examination and did produce whatever paperwork he had, claim of revocation of the discharge based on this section cannot stay. Fed. R. Civ. P. 8(a) might not require specific identification of the legal theory to requisition relief, nevertheless it mandate that Gelzter state particular facts giving rise to a particular

7

claim. Geltzer identifies the legal theory, however the facts are not properly aligned with such claim. Geltzer's bad faith claim (Complaint Paragraph 18 –"the Petition was filed in bad faith and for the purpose of defrauding creditors." Paragraph 21—"chicanery regarding . . ."), are bare allegation of knowledge, improper motive, and bad faith etc. are not entitled to any weight. *Howard Hess Dental Laboratories Inc. v. Dentsply Intern., Inc.*, 602 F. 3d 237 255 (3rd Cir. 2010) (dismissal appropriate where complaint simply alleges knowledge); *Moss v. U.S. Secret Service*, 572 F. 3d 962, 970 (2009) (bald allegation of impermissible motive not entitled to presumption of truth); *American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1293-94 (11th Cir. 2010)(formulaic recitation of elements of conspiracy claim disregarded).

Geltzer cites the law, the sections and obligations of the Debtor and duties of the trustee and masquerades them as factual allegations: despite their trappings, these allegations are not entitled to an assumption of truth. *Iqbal*, 129 S. Ct. at 1950. Least credence should be given to Geltzer's allegations that which does not rise above mere tracking the elements of a claim. *Enobakhare v. Carpoint*, LLC, 2011 WL 703920, at *5 (E.D.N.Y. 2011). Allegations to be viable must "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively" and "may not simply recite the elements of a cause of action." Secondly, such allegation which are taken as true, "must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing to be subjected to the expense of discovery and continued litigation." *Starr v. Baca* , 652 F.3d 1202, 1212-15 (9th Cir. 2011), cert. denied 132 S. Ct. 2101, (2012).

Geltzer makes remarks that, "[B]y virtue of the Debtor's refusal to turn over documents and his chicanery by insisting that he needs an interpret for the 2004 Exam, the Petition was filed in bad faith and for the purpose of defrauding creditors." Further he cites a criminal provision under section 152(9) of title 18 in support of this position. It is clear that the pleading standard for fraud applies in different context. It includes pleading fraudulent misrepresentation and fraudulent concealment as a cause of action. *See, eg., Ahmed v. Wells Fargo Bank & Co.*, 2011 WL 1751415, at *5 (N.D. Ca. 2011); *Saavedra v. USF Bd. Of Trustees*, 2011 WL 1742018, at *5 (M.D. Fla. 2011); *Cooper v. Samsung Electronics America, Inc.*, 374 Fed Appx. 250, 254 (3d Cir. 2010). Here the pleading standard for revocation of discharge were not adhered.

However this is not a proper pleading—courts have held that claims of fraud or mistake must satisfy both the requirements of particularity as set forth in Rule 9(b) and the requirements of plausibility as set forth in *Twombly* and *Iqbal*—none is satisfied here. See, e.g., *Cafasso, U.S. ex rel. v. General Dyanimics C4 Systems, Inc.* 637 F.3d 1047, (9th Cir. 2011); *Kivisto v. Miller, Canfield, Paddock and Stone, PLC*, 413 Fed. Appx. 136 (11th Cir. 20110); *Shandong Yinguang Chemical Industries Joint Stock Co., Ltd. v. Potter*, 607 F.3d 1029 (5th Cir.2010); *Zoltek Corp. v. Structural Polymer Group*, 592 F. 3d 893 (8th Cir. 2010).

Rule 9(b) requires that a party "must state with particularity the circumstances constituting fraud or mistake." Geltzer assertion that the "Petition was filed in bad faith

and for the purpose of defrauding creditors" is conclusionary allegation subject to dismissal. See, e.g. *Luciw. Bank of America, N.A.*, 2011 WL 1740114, at *4 (N.D. Cal. 2011); *Trooien v. Mansour*, 608 F.3d 1020, 1028 (8th Cir. 2010); *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126-27, 73 Fed. R. Sev. 3d 1168 (9th Cir. 2009).

Geltzer lays out a chart of document demand; his unrequited demand for plethoric information cannot become a basis of any fraud and thus in-itself is not a proper pleading of fraud. Lack of providing the missing documents in itself is not a fraud or a fraudulent intent, it is simply suggestive of nothing more than the defendant debtor predicament. *Schlenger v. Fidelity Employer Services Co.*, LLC, 2011 WL 1236156 at *28 (S.D.NY. 2011).

The debtor appeared for the Rule 2004 examination, however a demand was made for an interpreter— a demand, which, cannot be dismissed as "chicanery"—such a demand cannot be equated to disobeying the Order of the Court. Geltzer must provide factual "allegations plausibly suggesting (not merely consistent with)" liability. *Twombly*, 550 U.S. at 557. For example in *Iqbal*, the Supreme Court equated "plausibility" with "reasonable inference," but then rejected as inadequate allegation from which one could reasonably infer discriminatory purpose because there were other "more likely explanations" for defendants' conduct. *Iqbal*, 29 S.Ct. at 1951. Here, the debtor is, a first generation immigrant and an uneducated individual, thus it was imperative that he had an interpreter to go through the examination. Imputing disobedience is highly conjectural and is indeed misplaced. Further, the Debtor has provided all the paperwork that which had with him or in his control. It is clear that where the plaintiff alleges that throw doubt

on his interpretation of events, claims are not plausible. "Plausibility is that what matters. Allegations that are "merely consistent with a defendant's liability or the 'mere possibility of misconduct' are not enough." *Santiogo v. Warminister TP.*, 629 F.3d 121, 133 (3rd Cir. 2010). "Plausibility" must "refer to the scope of the allegations in a complaint and if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have no nudged their claims across the line from conceivable to plausible."" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247, 70 Fed. R. Serv. 3d 175 (10th Cir. 2008).

Further, this Complaint raises question of considerable interest to the consumer bar and especially dealing with the immigrant debtors and minorities (including women and people of color). Geltzer's Office could be very intimidating to the debtors and is thus a place highly inappropriate for the debtor facing 2004 examination. Geltzer's office walls, the room wherein he conducts 2004 examination, are heavily fortified with pictures of political party leaders and former presidents, senators and cabinet position holders. These are not pieces of art or painting like that of "Picture of Dorian Gray" evoking artistic comments...these are real people with tremendous power and influences. The sense of awe could easily morph into fear for a debtor facing questioning from Geltzer surrounded by such gallery of pictures. Indeed the fear is more poignant when the host of that room claims close friendship with such powerful people. Debtor is a Chinese immigrant and he came to United States at the age of 16 and did not graduate from school because of language skill. Debtor is sensitive about his inability to express himself and

still suffers from a feeling of insecurity and feels alienated and this suffering is acute when he sees authority in any form.

## Request to strike under Fed. R. Civ. P. 12 (f)

Geltzer claims grounds for revocation of discharge, such grounds are alleged in Paragraphs numbered "18" and "19" of the Complaint. However, Gelzer intercalates impertinent and immaterial allegations against the undersigned, which has no bearing on the issue of revocation of discharge. See Paragraph numbered "12" alleging "difficulties in the case caused solely because of, and by, the attorney for the Debtor, Karamvir Dahiya, which difficulties persist to the detriment of the administration of the estate"; also Paragraph "13" (including, "Only Dahiya impeded the 2004 Exam and continues to impede the administration of estate."). These statements have absolutely nothing to do with the revocation of discharge of the Debtor. All stated statements are immaterial and thus to be expunged. Matter is impertinent and immaterial for purposes of 12(f) if it is not relevant to the resolution of any issue before the court. *Marseglia v. JP Morgan Chase Bank*, 750 F. Supp 2d 1171 (S.D. Cal. 2010).

Debtor appeared for Rule 2004 examination and did provide the trustee whatever paperwork he had (as evidenced by Complaint), thus there is no cause of action for moving to revoke the discharge. Wherefore respectfully, complaint be dismissed with prejudice.

Dated: New York New York
January 24, 2013

Karamvir Dahiya, Esq.