**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------------X  Case No. 11-46867-CEC
INRE:
    **MAN KIT NG,**

                              Debtor,
---------------------------------------------------------------X  Adv. Case No. 12-1343-CEC
**ROBERT L. GELTZER, as Trustee**
**Of the Estate of MAN KIT NG,**
                              Plaintiff,
    -against-

**MAN KIT NG,**
                              Defendant.
---------------------------------------------------------------X

        **AFFIRMATION IN OPPOSITION TO NOTICE DISMISSAL OF THE CASE.**

Man Kit, NG through the undersigned oppose this notice of dismissal filed by the plaintiff.

    Notice of dismissal is defective and impermissible under the circumstances of this case. It is true that the pursuant to Federal Rule 41(a)(1) the plaintiff a may dismiss the action unilaterally prior to the service of an answer or of a motion for summary judgment by filing a notice of dismissal with the court.  It is not the situation here where nothing happened after the filing of the Complaint.   There were extensive talks about the merits of the case and the case proceeded to discovery. The answer was not filed, for court wanted this controversy to settle expeditiously and without a full fledged adversarial proceeding.

> Consequently, although the voluntary dismissal was attempted before any paper labeled "answer" or "motion for summary judgment" was filed, a literal application of Rule 41(a)(1) to the present controversy would not be in accord with its essential purpose of preventing arbitrary dismissals after an advanced stage of a suit has been reached.

*Harvey Aluminum, Inc. v. American Cyanamid Company*, 203 F.2d 105 (Second Circuit, 1953) certiorari denied 73 S.Ct. 949, 345 U.S. 964, 97 L.Ed. 1383.

    Dismissal sought by the trustee is "without prejudice." However such dismissal or withdrawal is proper only prior to the defendant had expended time and effort in preparation of

1

the case. . *Armstrong v. Frostie Co.,* C.A.4th, 1971, 453 F.2d 914. See also, Poparic v. Jugo Shop, 2009 WL 6316252, 3-5 (E.D. N.Y. 2009) (M.J.). *Dome Labs. v. Farrell, Alaska* 1979, 599 P.2d 152, 155, n. 2 ("any pleading or motion requiring the trial court to consider the merits of the controversy" can terminate plaintiff's right to dismiss by notice). Court went to the merits of the case during the hearings held in the court.

This case by the trustee was a brazen display of power and did not comport well with the law or the ethics. There are ample reasons, as apprehended by defendant that he was targeted for being a minority and thus chilling his rights to avail a bankruptcy protection. Also denied was the equal protection of law when similarly situated another debtor of a white race was not asked for such voluminous paperwork, despite the fact that the other debtor had more properties. As the debtor asked the undersigned questions as to why another client of mine was not asked or pursued the same way. The defendant has expressed deep anguish and pain at the way he was treated in this case by this trustee. Now this trustee has moved to sue the mother of the debtor's son.

This case could not have been filed, as the relief that the trustee requested was or could have been requisitioned prior to the expiry of the time which deals with the revocation of discharge or other objection. This adversary was not maintainable on any front. We find gross abuse of power.

The trustee must be directed to make a motion to dismiss the case pursuant to F.R.Civ.P. 41(a)(2) and debtor defendant be allowed to contest that motion.

    Dated: New York New York
           September 5, 2013

/s/karamvir dahiya
_____
Karamvir Dahiya, Esq.