UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X Case No. 11-46867
IN RE:
MAN KIT NG.
          Debtor.
------------------------------------------------------------X Adv. Pro. No. 12-01343 (CEC)
ROBERT L. GELTZER, as Trustee of the
Estate of MAN KIT, NG.
          Plaintiff,
--against--

MAN KIT NG,
          Defendant.
------------------------------------------------------------X

# Karamvir Dahiya's Memorandum
# In Opposition To
# Robert Geltzer's Motion for Sanctions under 28 U.S.C. § 1927

1. **Preliminary Statement**

   In deciding this Motion, albeit issues regarding Court's jurisdictions on 28 U.S. C. § 1927, the Court is presented with a single issue:

   Trustee commenced an adversary proceeding against the debtor-defendant to revoke his discharge. After extensive discovery conducted under the aegis of Federal Rules of Civil Procedure at the perils of discovery sanctions, the Trustee filed a notice under Rule 41 (a) with the Court for unilateral withdrawal of the Case. Defendant's counsel opposed it and demanded that withdrawal be obtained only with the Court's consent. Trustee wants § 1927 sanctions imposed for such opposition.

2. **Background**

   On or about August 9, 2011 (the "Petition Date"), Man Kit Ng (Mankit) filed a voluntary petition under chapter 7 of Title 11 of the Bankruptcy Code. On or about August 9, 2011, Robert Geltzer (Geltzer) was appointed by the Office of the United States Trustee as interim trustee of the Debtor's estate. Mankit received discharge on December 22, 2011. Geltzer did not seek extension of time to object to discharge or dischargibility of any debt. However on April 25, 2012, Geltzer filed a "Notice of Discovery of Assets" and invited claim filings. On April 27, 2012, Gelzer moved an application for allowing Rule 2004 examination. On November 15, 2012, the debtor appeared along with his sister, attorney Roman Lenov and the undersigned at Geltzer's office. See Affidavit of Karamvir Dahiya and Roman Leonov for more details.

On December 21, 21012, Geltzer commenced a lawsuit against Mankit "pursuant to § 727 of the Bankruptcy Code to revoke the Debtor's discharge." Geltzer alleged, "[b]y virtue of the Debtor's refusal to turn over documents and hischicanery by insisting that he needs an interpreter for the 2004 Exam, the Petition was filed inbad faith and for the purpose of defrauding creditors." Geltzer amplifying the allegation reiterates in subsequent paragraphs of the Complaint:

> Given the Debtor's refusal to appear to complete his examination pursuant to this Court's 2004 Order, as well as his refusal to produce and to turn over all documents pursuant to the 2004 Order, as well as his chicanery regarding his claim of his client's inability to testify in English, the discharge issued to the Debtor must be revoked pursuant to §727 of the Bankruptcy Code.

See Exhibit A - Adversary Complaint

On January 24, 2013, the Defendant through the undersigned filed a motion under Rule 12 (b)(6) for striking a part of the pleading and dismissal of the Complaint. See Exhibit B – Mankit's Motion to Dismiss.

The motion recited a part of the pleadings and parsed through the complaint to show how this complaint was not maintainable. Further, this Court in order to resolve the issues, suspended the proceeding and instructed the debtor to comply with the discovery. The discovery compliance orders had explicit orders that if the discovery is not provided by the debtor in compliance with the federal rules, then sanctions could be imposed against the debtor. Parties appeared several times before this Court regarding the progress of the case. The Court also suspended the Notice for Deposition which was served upon Geltzer.

On August 5th, 2013, Geltzer filed a new lawsuit against Mee Woon Hui, mother of Mankit's son, alleging fraudulent conveyances etc. See Exhibit C. On September 3, 2013 Geltzer filed a "Notice of Dismissal" of the underlying lawsuit against the defendant under Rule 41(a). See Exhibit D. Mankit filed objection to such unilateral Notice of Dismissal by Geltzer. Exhibit E. Geltzer filed the instant motion for sanctions in response to this objection to Notice of Dismissal filed by the trustee.

In the pertinent, "Notice of Dismissal" Geltzer incorporated the following statements:

*WHEREAS, on January 24, 2013, the Defendant moved (the "Motion") to dismiss the Action; and WHEREAS, on February 5, 2013, the Trustee filed opposition to the Motion; and WHEREAS, on February 12, 2013, the Court held a hearing in connection with the Motion, at which counsel for*

2

*the Defendant and Trustee appeared and were heard; and WHEREAS, on February 12, 2013, the Motion was withdrawn; and*

Also within the Notice was: *WHEREAS, on or about August 14, 2013, the Defendant substantially complied with the Third Discovery Order..."*

Geltzer sought the dismissal of the pending adversary "*Without Prejudice.*" Exhibit D.

3. **Law and Argument**

Geltzer misstates the facts in the Notice of Dismissal and as well as this motion. The aforesaid Mankit motion for dismissal under Rule 12 (b) was not withdrawn; it was marked off by this Court. Several corrections to Geltzer facts have been highlighted in the attached affidavit.

**A. JURISDICTION TO SANCTION UNDER 28 U.S.C. § 1927 AS IT IS NOT A "COURT OF THE UNITED STATES."**

The Trustee's motion for sanctions under 28 U.S.C. § 1927 ("1927") should be dismissed as the Bankruptcy Court is not a court of the United States and does not have jurisdiction to sanction Dahiya and his firm under 1927. Section 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any territory thereof who so multiplies the proceedings in any case unreasonable and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct.

Only the courts of U.S. have the power under 1927 to impose sanctions. The Bankruptcy Court does not fall within the definition of a "court of the United States" as required under 28 U.S.C. § 451. Looking at the legislative history of the bankruptcy code reveals that the Bankruptcy Court is not meant to be a "court of the United States." The 1978 bankruptcy code amended the definition of "court of the U.S." contained in 28 U.S.C. § 451 to expressly include bankruptcy courts and bankruptcy judges. But, in 1982, the, Supreme Court held in *Northern*

*Pipeline,* that pervasive jurisdictional grant to the bankruptcy court was an impermissible delegation of Article III powers to a non-Article III court. Further, Congress enacted the 'Bankruptcy Amendments and Federal Judgeship Act of 1984' (BAFJA) in 1984 and restructured the title 28 jurisdictional scheme of the US bankruptcy courts making bankruptcy judges a "unit" of the district court to be known as the bankruptcy court and making each bankruptcy judge a "judicial officer" of the district court.

Since then, a majority of courts in various circuits have held that bankruptcy court is not a "court of the U.S." *See Jones* v. *Bank of Santa Fe,* 40 F.3d 1084 (10th Cir. 1994); *Perroton v. Gray,* 958 F.2d 889 (9th Cir. 1992); *IRS v. Brickelln Corp.,* 922 F.2d 696 (11th Cir. 1991); *Gower v. Farmers Home Admin.,* 899 F.2d 1136 (11th Cir. 1990); *In re Becker's Motor Transp., Inc.,* 632 F.2d 242 (3d Cir. 1980); *Lauber v. Gremli,* 179 B.R. 712 (Bankr. M.D. Fla. 1995); *In re Ennis,* 178 B.R. 192, 197 (Bankr.W.D. Mo. 1995); *Regensteiner Printing Co. v. Graphic Color Corp.,* 142 B.R. 815, 818 (N.D. Ill. 1992).

Since the Bankruptcy Court is not an Article III court, it lacks the power to sanction under 1927. *Brown* v. *Mitchell,* 827 F.2d 1219, 1221 (8th Cir. 1987) ("it is questionable whether a bankruptcy court falls within the definition of 'courts of the U.S.' for purposes of imposing sanctions against attorneys under [§ 1927]"); *In re Memorial Estates, Inc.,* 950 F.2d 1364, 1369 70 (7th Cir. 1991) (bankruptcy court lacked jurisdiction to sanction under § 1927); *Jones* v. *Bank of Santa Fe,* 40 F.3d 1084 (10th Cir. 1994).

The Trustee cites to two Second Circuit cases *In re Cohoes Indus. Terminal, Inc.,* 931 F.2d at 230 and *Oliveri v. Thompson,* 803 F.2d at 1273, in support of his argument that a Bankruptcy Court may impose sanctions pursuant to 1927. Upon a quick review of these two cases, it does in fact seem the Second Circuit has already decided on the merits of this issue.

However, a closer look of these two cases will reveal that this is not the case. To begin, let's start with *Oliveri* which was decided in 1986. The Second Circuit set the framework for attorney sanctions under 1927 but stating "an award under § 1927 is proper when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay." Id. at 1273. However, the sanctions in question in *Oliveri* originated from an attorney's actions in district court and <u>not</u> from the bankruptcy court.

However, in 1991, the Second Circuit decided *In re Cohoes*. Although the Second Circuit did state that a bankruptcy court may impose sanctions pursuant to 1927, this is merely dicta, as the Second Circuit has yet to make a finding of whether bankruptcy courts are courts of the United States. For these reasons, the Court should deny the Trustee's motion to sanction Dahiya and his firm.

**B.    SANCTIONS ARE INAPPROPRIATE UNDER 28 U.S.C. § 1927.**

Sanctions under 1927 are discretionary and not mandatory. Therefore, it has been declared that even if the court determines that a lawyer has multiplied the proceedings unreasonably and vexatiously, the court may for equitable reasons decline to impose a sanction. *Ford v. Temple Hosp.*, 790 F.2d 342, 247 (3d Cir. 1986);*In re Rebuen*, 825 F. 2d 977, 988 (6th Cir. 1987). The Second Circuit consistently finds sanctions pursuant to 1927 appropriate in the most *severe* circumstances. *See In re Cohoes* 931 F.2d at 230; *Romeo v.Sherry,* 774 F.2d 570, 574 (2d Cir. 1985)(Courts should issue 1927 sanctions "narrowly and with great caution, so not to stifle the enthusiasm or chill the creativity that is the very lifeblood of the law"). In fact, the District Court of the Eastern District of New York as upheld sanctions in only the most serious misconduct. *Hudson Motors Partnership* v. *Crest Leasing Enterprises,* 845 F. Supp. 969, 978 (E.D.N.Y.1994)("Conduct which allows for the imposition of sanctions under §1927 pursuant to the discretion of the court include the following: resubmitting a motion that has been

previouslybeen denied, bringing a motion based on 'facts' the opposite of which are previously found bythe court; making several insupportable bias recusal motions and repeated motions to reargue").

Gelzter fails to show how the undersigned multiplied the proceeding and how it was devoid of good faith. To impose sanctions under 1927, the moving party must show that an attorney multiplied proceedings unreasonably and vexatiously, and increased the costs of the proceedings with bad faith or intentional misconduct. *Venziano v. Long Island Pipeline Fabrincation & Supply Corp.,* 238 F.Supp.2d 683, 693 (D.N.J. 2002). "Unreasonably and vexatiously sets a high bar for relief, and has been interpreted by the Second Circuit that the offending conduct must have been both unreasonable and for an improper purpose. *See Ball v. A.a. Smith Corp.,* 451 FJd 66, 70 (2dCir. 2006). Here, Counsel has not: (i) multiplied proceedings; (ii) acted unreasonably and vexatiously; and (iii) acted in bad faith. Geltzer's motion fails to highlight or substantiate anything reflecting the bad faith element regarding zealous representation of the Debtor.

A finding of bad faith is a necessary prerequisite in order to impose sanctions under 1927. *Inteli-Check,* 2005WL 3533153 *10."Bad faith is the touchstone of an award under this [1927] statute." *Int'l Brotherhood ofTeamsters,* 948 F.2d at 1345. The Second Circuit has emphasized that, in imposing sanctions, the court must find clear evidence that the offending party acted for improper purposes. *Revson v. Cinque,* 221 F.3d 71 (2d Cir, 2000). Clear evidence should arise from willful bad faith by the attorney. *Veneziano,* 238 F.Supp.2d at 693. The Second Circuit interprets the bad faith standard restrictively. For instance, courts have refused to sanction an attorney even where the attorney's claim wholly lacked merit. *Energy Brands Inc. v. Spiritual*

*Brands, Inc.*, 571 F.Supp. 2d 458, 472-73 (SDNY2008) (although motion wholly lacked merit, that by itself if insufficient to prove bad faith).

### C. DAHIYA LAW OFFICES, LLC IS NOT "AN ATTORNEY OR OTHER PERSON ADMITTED" AS REQUIRED UNDER 28 U.S.C. § 1927.

Section 1927 allows for the sanctions of "any attorney or other person admitted." Law firms, by their very nature are not "attorneys" nor are they "persons." The Bankruptcy Court cites to *Emmon v. Prospect Capital Corp.*, where the Second Circuit confirmed the sanctions under Section 1927 and the court's inherent power may be imposed on the firm. 675 F.2d 138, 142 (2d Cir. 2012).*Emmon* reasons "there is no serious dispute that a court may sanction a law firm pursuant to its inherent power. We see no reason that a different rule should apply to section 1927 sanction . . . ."*Id.* However, there is a trend within the Second Circuit in the recent years where the District Court of the Eastern District of New york has held that a law firm cannot be sanctioned under section 1927. *See Rates Technology, Inc. v. Mediatrix Telecom, Inc.*,2012 WL 948661 (E.D.N.Y. 2012)(citing to other circuits where law firms are not sanctioned)(law firms do not have culpability and cannot have bad faith). Therefore, this Court should deny the Trustee's motion to sanction Dahiya Law Offices under 28 U.S.C. § 1927.

### D. GELTZER CONTENTIONS ARE UNFOUNDED

To establish the right to obtain sanctions pursuant to 1927, a party must satisfy each of the following four elements: (1) the attorney has multiplied proceedings; (2) unreasonably and vexatiously; (3) thereby increasing the cost of the proceedings; (4) with bad faith or with intentional misconduct.

Sanctions under 1927 are discretionary and not mandatory. *Ford v. Temple Hosp.*, 790 F. 2d 342, 347 (3d Cir. 1968). Geltzer's contentions, in all aspects, fail to invoke the discretionary relief under 1927. Therefore, even if the Court determines that a lawyer has multiplied the

7

proceedings unreasonable and vexatiously, the Court may for equitable reasons decline to impose a sanction.

i. **As for, "did not comply with three discovery orders and the 2004 Order which, in turn, resulted in numerous Court appearances."**

Counsel cannot be blamed for piecemeal retrieval discovery demands.

Two elements to liability under § 1927, first, an attorney must "so multipl[y] proceedings in any case," a and second, the attorney must do so "unreasonably and vexatiously." How can an attorney "multiply proceeding" regarding discovery, when he did not have the documents and further they were promptly provided as soon as they were handed over to the office?

Geltzer alleges discovery abuse. However such an allegation falls for remedies under Rule 26(g) and or Rule 37 of the Federal Rules of Civil Procedure. Geltzer knew that there was no willful failure of the debtor, he could not located paperwork in time and whenever he found something, he promptly transferred it to the trustee. He personally handed over paperwork to the trustee's staff. Mr. Geltzer did not move under either Rule 26 (g) or Rule 37 for the alleged lack of compliance; for he knew that there was compliance to all the demands.

ii. **As for "moved to dismiss the Complaint albeit the Complaint was supported by factual detail in the form of reference to the Debtor's violation of 2004 Order."**

Mr. Geltzer mischievously characterizes the Court marking off the Motion to Dismiss, as a ruling on merit. The motion was not ruled on merits. Further for argument sake, even if treat that motion as a denial on merits, it cannot be basis for sanctions. § 1927 is not a fee shifting provision that is triggered merely because a lawyer loses a motion. Section 1927 sanctions are not appropriate merely because an attorney does not prevail on the merits with a particular pleading, motion or other effort. *Walter v. Fiorenzo, 840 F.2d 427, 436 (7th Cir. 1988)* ("we wish to make clear that sanctions are not automatically warranted where a party loses a

8

dispositive motion"); *McMahan v. Toto,* 256 F.3d 1120 (11th Cir. 2001) ("Something more than a lack of merit is required for § 1927 sanctions or they would be due in every case") : *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 762, 100 S. Ct. 2455, 65 L. Ed. 2d 488 (1980) ("§ 1927 does not distinguish between winners and losers, or between plaintiffs and defendants. The statute is indifferent to the equities of a dispute . . . It is concerned only with limiting the abuse of court processes.")

However, defendant's motion had merits and merits were not considered by the bench. If the Court permits we can argue about the merits of the motion.

Geltzer's subjective impression of "violation of 2004," does not become a basis of a complaint to revoke the discharge. These grounds could be considered for denial of a discharge to begin with, however post discharge, it is not tenable.

### ii. As for, "noticed the Trustee's Deposition."

It is clear that the Panel Trustee is a private party and there is nothing in the bankruptcy code or title 28 that accords any higher title with more privileges in the litigation than what is accorded to another party. Geltzer might be on the panel of Chapter 7 Trustee, but this is Court of Law, presided over by a judicial authority under the aegis of Article III. All are treated equally before the Court. Further, a Notice of Deposition of the trustee is not a "proceeding" contemplated under § 1927. Notice of Deposition clearly is not a court proceeding. However, it can come into play once the depositions are on and then parties conduct is not up to the mark. Debtor is entitled to have a discovery demand on the plaintiff. Geltzer is a party prosecuting a claim and is demanding discovery, the defendant is entitled to have the same privileges.

### iii. As for "opposed the dismissal of the Adversary Proceeding against the Debtor, & "filed a meritless pleading in the form of his Opposition."

The debtor is absolutely right in opposing such withdrawal without this Hon. Court's permission. The undersigned mindful of the duty of candor and respect to the Court properly filed an objection to preserve the integrity of the *judicial system* by preventing Geltzer from *playing fast and loose with the courts*. Gelzter owes it to the Court and the defendant. Mr. Geltzer as the trustee cannot trigger the powers of United States and file and drop cases at his whims. Further, Mr. Geltzer must respect the Rules. The objection is clearly meritorious and endorsed by Courts our Circuit.

There is no doubt that Rule 41(a)(1)(A)(i) provides that the Geltzer may dismiss an action by filing a notice of dismissal at any time before service by the adverse party of an answer. However it is only proper when done in or at a very early stage. The rule is clearly intended to "fix the point at which the resources of the court and the defendant are so committed that dismissal without preclusive consequences can no longer be had as of right." *Bender v. Smith Barney, Harris Upham & Co.*, 789 F. Supp. 155, 157 (D. N.J. 1992)("the rationale behind this rule is to permit the voluntary cessation of an action only before the parties or the Court become actively involved in the litigation"). The proceedings here had gone in depth and this Court dwelt on the merits of the underlying adversary complaint. No doubt an answer was not filed, however answer alone does not defeat the unilateral dismissal of an action by Geltzer. *Impex, Ltd. v. Liande, Ltd.*, 1989 U.S. Dist. LEXIS 8533, at *7–8 (N.D. Ill. July 12, 1989) ("[b]y agreeing to the accounting and waiving other claims, the parties effectively bifurcated the issues of liability and damages ... [d]efendants expended considerable resources to get to this point. In the way this case progressed, there was no need for other action by defendants. When plaintiff filed its notice of dismissal, although neither an answer nor a motion for summary judgment had

been filed, the case had progressed to an advanced stage and the issues had been joined. Under these extreme circumstances, it would be unjust to leave the parties as if the lawsuit had never been brought"). This Hon. Court directed the flow of litigation in this matter. Geltzer should have respected this Court's control of this case. He owed it to this Court.

Rule 7041 of the Federal Rules of Bankruptcy Procedure provides that Rule 41 applies in adversary proceedings, except that "a complaint objecting to the debtor's discharge shall not be dismissed at the plaintiff's instance without notice to the trustee, the United States trustee, and such other persons as the court may direct, and only on order of the court containing terms and conditions which the court deems proper." Revocation of discharge is a denial of discharge. Parties have to be informed, Court's permission must be sought and it is mandatory.

The very nature of the panel trustee role incorporates the role of a receiver of a court. Panel trustee seeks all possible protection accorded to the receiver in federal proceedings. For instance, seeking barton doctrine protection in bankruptcy proceeding, calling themselves as receivers. Thus Rule 66 direction, "[a]n action in which a receiver has been appointed may be dismissed only by court order," holds good for the bankruptcy trustee action. In turn, Rule 41(a)(1)(A) provides that dismissals by notice or stipulation are "[s]ubject to" Rule 66. Accordingly, a plaintiff trustee seeking to settle or dismiss an action in which he is a receiver appointed must seek court approval for the disposition

Geltzer demands dismissal without prejudice, that is something that is reserved for the sound discretion of this Court. *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990) (abuse of discretion standard); Gap, Inc. v. Stone Int'l Trading, Inc., 169 F.R.D. 584, 588 (S.D.N.Y. 1997) (determination is within sound discretion of court); Allen v. Indeck Corinth L.P., 161

F.R.D. 233, 235 (N.D.N.Y. 1995) (abuse of discretion standard); *Guzman v. Hazemag U.S.A., Inc.*, 145 F.R.D. 308, 309 (E.D.N.Y. 1993) (abuse of discretion standard).

Had Mr. Geltzer moved to dismiss with prejudice, then Mankit might not have objected to such a dismissal. Here the protection of seeking Court permission was to protect the Mankit interest. *Mercer Tool Corp. v. Friedr. Dick GmbH, 175 F.R.D. 173,* 175 (E.D.N.Y. 1997) Dismissal without notice to the court, of course could result in "plain legal prejudice." Now he will be once again dragged into his son's mother case of a fraudulent conveyance action.

This underlying lawsuit was not maintainable. It could not have been filed, Mr. Geltzer owed it to the court, the reason for filing of that lawsuit. Dismissal of the lawsuit unilaterally after subjective satisfaction is not enough. We feel that it was undertaken for improper purpose.

No doubt:

> The foregoing interpretation of Rule 41(a)(1) is entirely consistent with its design and purpose. *See Cooter&Gell v. Hartmarx Corp.,* 496 U.S. 384, 397-98, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990) (noting that Rule 41(a)(1) "was designed to curb abuses of [previous] nonsuit rules" and that the rule "does not codify any policy that the plaintiff's right to one free dismissal also secures the right to file baseless papers").It is also in accord with the law of this circuit. In *Harvey Aluminum, Inc. v. American Cyanamid Co.,* 203 F.2d 105 (2d Cir.1953), the plaintiff sought a preliminary injunction against the defendants, only to have its effort rebuffed by the district court judge who concluded that "the plaintiffs' chances of success on the ultimate trial were 'remote, if not completely nil.' " *Id.* at 107.

*Poparic v. Jugo Shop*, 08-CV-2081 (KAM JO), 2009 WL 6316252 (E.D.N.Y. Dec. 30, 2009) report and recommendation adopted, 08-CV-2081 KAM JO, 2010 WL 1260598 (E.D.N.Y. Mar. 31, 2010)

## E. GELTZER CANNOT PLAY FAST AND LOOSE WITH THIS COURT

**"Without prejudice"**

Mr. Geltzer seeks dismissal of the case not "With Prejudice" but "Without Prejudice." The defendant has an interest to have the case dismissed with prejudice, for he is entitled to a sense of relief after having been subjected to severe harassment and anguish. The defendant preserved his right to have the case dismissed with prejudice by filing an objection to the notice of withdrawal. Gelzer boasts about his goodness and flaunts an email from the undersigned. That email was a reaction to his letter to the undersigned wherein he promised to conduct himself professionally and with a kind consideration towards the clients. However, his promise was illusory and it was only to undertake control of the cases.

## F. GELTZER CONDUCT IS REPROACHABLE

Geltzer targets vulnerable members of the society. No doubt anyone seeking bankruptcy protection is vulnerable. Mr. Geltzer is known to keep the cases open for several months and including years, filing 2004 examination application after the entry of discharge and making duplicative demands for papers. See Exhibit F - Case No. 11-42627 Lalita Devi Sukhramn. Mr. Geltzer has harassed debtors in the past. In Exhibit F, which is a letter from Debtor, Sukhram wherein the debtor's husband suffered heart attack due to Mr. Geltzer conduct. Case 1-11-42627-jf Doc 69 Filed 12/07/12

It is not only this case, in other cases for instance, Naresh Gehi counsel for a debtor made the following allegation and asked for Geltzer's removal.

> Trustee Geltzer's conduct throughout the present proceeding has been marked with such *impropriety and bias* that it would be improper to allow Trustee Geltzer to remain as the Trustee administering this case. In order to preserve the integrity of these proceedings, it is necessary for this Court to use its discretion in removing Trustee Geltzer. To ensure that both the

> *creditors and the debtors receive a full and fair administration of this case, it is in the best interest the parties that this Court appoint a new Trustee.*

See Exhibit G - In re Yongdae Park, 11-40747-CEC, Motion to Quash. Exhibit H - "REPLY TO TRUSTEE'S AFFIRMATION IN OPPOSITION TO DEBTOR'S MOTION TO QUASH

> Finally, in response to Trustee's Affirmation urging the Court not to "condone this type of harassment" (see Trustee's Affirmation ¶ 31), Debtor respectfully points out that it has been Trustee Geltzer's behavior and conduct toward Debtor that has brought forth this action. *Shouting at Debtor, throwing Debtor's daughter out of the room crying, and calling Debtor's counsel "stupid" on the record in front of a room full of people including the Debtor, his daughter, and Alicia Leonard from the United States Trustee's Office is far from appropriate behavior and should not be condoned by this Court.* Undersigned counsel has never suffered from such harassment and conduct from any other trustee. (See Ex. E, Affirmation of Naresh M. Gehi, Esq.) Nor has counsel ever sought to remove a Trustee from a proceeding before today; and while it is an extreme remedy, it is one that is necessary and appropriate. Further, it should be noted that after the first § 341 meeting of the creditors, *undersigned counsel has been suffering similar problems with Trustee Geltzer in other cases, where he subjects them to unduly burdensome discovery.* Therefore counsel respectfully requests that Trustee Geltzer be removed from administering those cases as well under 11 U.S.C. § 324(b), which allows this Court to use its discretion in removing a trustee from other cases once the Court has chosen to remove the trustee under 11 U.S.C. § 324(a).

Ibid Paragraph 9 of Reply

Further, in Yongade case, her counsel also alleged as follows:

> **Trustee Geltzer already has a pattern of harassment and inappropriate conduct against Debtors**. At the first § 341 meeting of the creditors on March 8, 2011, Trustee Geltzer wrongly accused Debtors of failing to provide the petition (See Ex. C), then engaged in inappropriate behavior; which included interrupting Ms. Park repeatedly, shouting at Ms. Park, and demanding that Ms. Park leave the room crying. (See Ex. D Aff. of Song Park ¶ 3-7.) *Trustee Geltzer also threw Debtors' tax returns across the table at counsel.* (Ex. C.) As a result, Ms. Park became frightened by Trustee Geltzer's behavior and cried outside the hearing room. (See Ex. D Aff. of Song Park ¶ 7). Further, *Trustee Geltzer's communications with the Debtors' counsel is against the ethical standards of professionalism.* See supra ¶ 17.

**Yongde, Supra, Notice of Motion to Quash Subpoena.**

The undersigned is not the only one that complains about Mr. Geltzer systematic discriminatory behavior, it is seen everyday in all meeting and the cases that he administers. One has to just sit in the 341 meetings of creditors and in his pleadings. U.S. Trustee has been informed about it on several occasions, but they are seemingly helpless.

G. GELTZER THREATENS DUE PROCESS RIGHTS OF LITIGANT AND THEIR COUNSEL AND RIGHT TO ACCESS TO COURT.

Geltzer threatens anyone exercising their rights to have access to the courts. Now in this case, the request was very simple: The trustee must be directed to make a motion to dismiss the case pursuant to F.R.Civ.P. 41(a)(2) and debtor defendant be allowed to contest that motion. However, Mr. Geltzer rather than being accountable, wants sanctions imposed for such audacity of the defendant. Several other cases have been brought to the attention of this Courts that the majority of the consumer debtors are from very vulnerable strata and they need protection of this Court. Just because one party to the lawsuit is a trustee, it is not a ground for special treatment. There is no overwhelming public interest which could accord a special privilege to the trustee in litigation. The right to treatment as an equal holds with regard to all interests and requires government in any form to treat each individual with equal regard as a person. Both equal protection clause and due process clause of the fifth amendment endorses this view. See *Bolling v. Sharpe*, 347 U.S. 497 (1954). "[T]he concepts of equal protection and due process, both stemming from our American ideal of fairness, are not mutually exclusive . . . [D]iscrimination may be so unjustifiable as to be violative of due process." Geltzer might harbor any kind personal like or dislikes, feelings towards anyone and he is free do so, he is entitled to have them, however in this Court, he is not superior or inferior to anyone. See *Palmore v. Sidoti*, 466 U.S. 429, 431 (1984)—"private biases may be outside the reach of the law, but the law cannot, directly or indirectly give them effect."

Section 1927 is penal and thus given strict construction. Further § 1927 cannot be utilized for improper purposes to threaten litigants and their counsels who wants to protect their client, respect their court and defer to the Courts control. As so aptly stated in the words of the 1980 House Conference Report, regarding § 1927 that it, "in no way will dampen the legitimate zeal of an attorney in representing his client." H.R. Conf. Rep. No. 1234, 96th Cong., 2d Sess. 8 (1980), reprinted in 1980 U.S. Code Cong. & Admin. News 2716, 2782. It is Mr. Geltzer who has multiplied the proceeding and vexatiously so with malafide intention. The undersigned objecting to the unilateral withdrawal of the case by an abusive trustee is not an evidence of a serious and studied disregard for the orderly process of justice.

Even the underlying complaint alleging grounds for revocation of discharge was not maintainable . Now, it is hard to imagine, how an objection to a improper method adopted by the trustee could result in a bad faith litigation. This motion for sanctions is a sign of clear bad faith on trustee's part.

Finally, this Court should no longer tolerate Gelzer's abuse of power, meritless prosecution of the cases, unaccountability, and spiteful personal attacks against the minorities and their lawyers.

Wherefore, this motion please be dismissed with cost.

Dated: October 14, 2013
New York New York

Karamvir Dahiya, Esq.