UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X   Case No. 11-46867
IN RE:
MAN KIT NG.
                Debtor.
---------------------------------------------------------------X   Adv. Pro. No. 12-01343 (CEC)
ROBERT L. GELTZER, as Trustee of the
Estate of MAN KIT, NG.
                Plaintiff,
--against--

MAN KIT NG,
                Defendant.
---------------------------------------------------------------X

**Affidavit of Karamvir Dahiya**

Karamvir Dahiya, Counsel for the Defendant respectfully submit[1] the following as a factual background of this case and addressing allegation as put forward by the trustee, Robert Geltzer.

Mr. Geltzer is not being honest about the realities of this case and as to what actually transpired between the parties out of the Courtroom. Mr. Geltzer cherry picks and twists the facts to suit his needs and makes personal attacks on the undersigned.

1. On August 9, 2011, the undersigned office filed chapter 7 petition for three individuals including that of the debtor David Taylor and debtor-defendant, Man Kit NG.

2. Robert Geltzer, a panel trustee on the rolls of the Chapter 7 Trustee was appointed as the trustee for the administration of the three cases.

3. A letter was sent to Ms. Alicia Leonhard, Esq. trustee for transferring the said cases to "Any Other" trustee. Not to a specific trustee, but any other trustee. The reason was simple. I had disclosed it to the aforesaid three debtors that Mr. Geltzer has filed a lawsuit (Debtor Leo Chatkhan, Geltzer v. Dahiya ) against your affiant. I had a duty to disclose. My clients appreciated my candor. And in the interest of justice and fairness, I had to request the U.S. Trustee Offices that in order to ensure fairness to my client, it was necessary to assign said cases to another trustee. There is nothing wrong with that, rather it is demanded that one who arbitrates issues must be a neutral party. A Trustee is a quasi-Judicial entity and as well as potential adversary, thus making debtors vulnerable. Panel trustee have to be neutral. Your

---

[1] Your Affiant apologizes for this tardy response. Our office had prepared a very exhaustive brief and lengthy response to Mr. Geltzer's allegation, however owing to a virus, "Crypto Locker" our entire networked computers crashed. The backup storage was also networked and all documents were destroyed. We have been scrambling to collect the data and information to put the computers to work again.

affiant shall fail in his duty towards the clients if he does not move for such a relief. Especially, when it is all known fact over the consumer bankruptcy bar that, Mr. Geltzer gets personal. [See Ex. A of Geltzer 1927 Motion.]

4. Mr. Geltzer attaches a letter [Geltzer 1927 Motion Ex. B], purportedly authored by him to U.S. Trustee office, this letter was neither sent to my office nor was I made aware of this communication.

5. Your affiant did communicate with Ms. Leonhard regarding the trustee issue. We agreed only because the panel trustee Geltzer wrote a letter to your affiant promising to be very polite and respectful to the debtors. Based on his representation of maintaining neutrality, we appeared. It is clear that the clients are entitled to a neutral officer, especially a quasi-judicial officer like a chapter 7 trustee. And we still believe that the letter asking for a different trustee during the pendency of the lawsuit between your affiant and Mr. Geltzer was highly proper and desirable. I have a duty to take care of my clients. However it was a mistake to have accepted this trustee, for once he was in the case, he made it very difficult for Mankit NG, the debtor herein. The Court record, hearings, transcripts, now the adversary filed against the debtor's son's mother is self-explanatory. All throughout, Mankit and your affiant have felt insulted by Mr. Geltzer. His scheduling, the 2004 examination meeting in his office (not a conference room) but in his personal office room with the wall plastered with pictures of politicians, presidents and state secretary was done with the sole purpose of intimidating the debtor and toimpress lawyers. Mankit, on several occasions expressed that if he was not a Chinese immigrant, or if he was White American, Geltzer would not have behaved that way. He asked me how another client of the undersigned, David Taylor, who had several properties was not asked so many questions at 341 meeting. I had no answer to that acute observation by Mankit. However I knew what he was anguished about, despite his inability to express himself. It is a matter of a grave concern. I have observed Geltzer's conduct at the 341 meetings, seen his filings in the court, his practice is very different when debtors are from a different ethnic background or a minority immigrants.

6. Once again your affiant's email to Ms. Leonard dated November 20, 2011 was based on the way Geltzer approached the undersigned. I trusted him and took my client's consent. However once I agreed to have him administer over the cases, his attitude changed dramatically and he exhibited a total volte-face in his conduct. He ended up being extremely acrimonious and insulting to your affiant and debtor-defendant. Debtor Mankit appeared for the 341 meeting, he observed the difference with which Gelzter approached the other client Mr. David Taylor. The debtor felt very humiliated. At one point, Geltzer threw papers at this debtor in the 341 meeting. We wanted this to be over.

7. Very tellingly, Geltzer talks about how your affiant approached him, respected him, but he does not dwell over what he did disparagingly to the debtor and his family. At the 2004 examination, Geltzer rudely dismisses the debtor sister to sit outside. Also see Affidavit of

2

attorney Roman Leonov. Geltzer makes very insulting remarks against your affiant even in these papers here. It is not acceptable.

8. Geltzer complains that there was amendment to the Schedules; however this was not served upon creditors in violation of local bankruptcy rules. Any amendments to any papers in the petition in the case was explained to Geltzer's office personally and he was served. Amendment had to be done, as Mankit communication skill are not very good. It is another thing that a copy of the affidavit of service was not filed with the court. Further, that amendment issue Mr. Geltzer brings in here now is not material to the underlying motion. Here there is no exemption contest which would have impaired trustee's ability to challenge such amendments.

9. The debtor's testimony at the 341 meeting lasted for an extremely short amount of time. The debtor was in fear at the 341 meeting, he answered honestly and truthfully whatever he could understand.

10. The Rule 2004 examination requested by Geltzer was not opposed by the undersigned, as the debtor is an honest debtor and we have nothing to hide. We wanted everything to be transparent.

11. The examination of the debtor at Geltzer's office was preceded by a very insulting welcome. Geltzer with an audio tape in his hand, opened the main office door and first thing he announces is that Debtor is on record now and announces that this is a deposition pursuant to federal rules of civil procedure. This is while we were still walking into Geltzer's office. Roman Leonov, Esq. a colleague of your affiant accompanied the debtor and your affiant, objected to the line of questioning by the trustee and his intimidating style. Meanwhile, the debtor got very intimidated by Gelzer and the pictures around the office. He got extremely nervous. Your affiant requested Geltzer to get a Chinese translator and also informed the trustee that debtor was very petrified by the surroundings. Geltzer deliberately ignored the pleas. The debtor expressed to your affiant his anguish that he was treated this way, because he was a Chinese immigrant. Once we were out of the office, I asked Mankit why he was so shaken to which Mankit replied that he believed he was in some sort of trouble with the law and was being questioned by a "very important man." Mankit further stated that he saw Geltzer's pictures with politicians.

12. Geltzer had ample amount of time to move for extension of time to object to discharge or dischargibiity of debt. He failed in his duty. He blames the debtor for this failure. He does not mention a single sentence as to why he did not move for such a relief in time.

13. Geltzer files the underlying frivolous complaint, asking for revocation of discharge. Geltzer is not a trustee under training; he claims to understand bankruptcy law in depth. However his conduct and the adversary complaint belies that. Geltzer should not or could not have filed this complaint, therefore your affiant immediately moved to dismiss the complaint. See Exhibit B.

3

14. On February 12, 2013, your affiant had another hearing before Hon. Judge Eisenberg regarding a case wherein a panel trustee, Mark Pergament, had brought a criminal contempt against a consumer debtor. This resulted in the delay in appearance in this Court. It was explained to this Court. In the ourt, I made representation based on the debtor's knowledge about his documents. Geltzer states that the undersigned withdrew the motion [motion to dismiss pursuant to Rule 12(b)] or it was dismissed, however the truth if far from that. The Court did not deny your affiant's motion on merits but judging that the entire complaint or grievance of the Trustee was based on discovery issue and it marked off the motion. Also telling was the Court's instruction that I do not need to file an answer. This Court decided to resolve this controversy making it as a discovery dispute. However the Court spent considerable amount of time discussing the merits of the underlying complaint as to how this lawsuit was not maintainable.

15. Your affiant produced the documents as and whenever they were produced by the debtor to the office. Documents were emailed to the trustee and were also filed with the Court, for it is clear to several bar members that the trustee could twist facts. Geltzer also attempted to persuade the Court discovery sanctions be imposed if discovery request is not carried out.

16. Based on the several documents that were provided to the trustee, based on his conduct in his office and at the 341 meeting of creditors and difference in his approach to minority lawyers and clients in general, based on frivolousness of the underlying adversary complaint, the affiant decided to depose him and understand his reasons for bringing the complaint. Also that the trustee conducted or rather treated the underlying discovery under the federal rules of civil procedure, the debtor defendant was entitled to have a deposition. Therefore, a Notice of Deposition was sent to the trustee. However, this Court advised the undersigned to not to act on that Notice of Deposition.

17. On August 14, 2013 Geltzer disrespecting your Honor's presiding over the matter, files improperly a Rule 41(a) notice of withdrawal of the underlying complaint. Geltzer does not show deference to this Court. Your Honor, Geltzer should have applied to this Court for withdrawing this complaint. Further, your affiant saw the anguished suffered by the debtor, not because of the demand for papers etc., but because he felt abused and disrespected by the trustee.

18. Your affiant, realizing that it is the duty of the parties to take Your Honor's permission to withdraw the case, since your Honor directed this case's resolution, an objection was filed. Geltzer owes an explanation about this case. Besides, that Gelzter cannot withdraw the case with filing of a notice, despite the fact that no answer was filed [court had instructed to not to proceed on those lines]. Geltzer holds the non-filing of the answer as a basis for his not seeking the court's intervention. However he knew the reason for the lack of an answer. If Geltzer had treated this non-filing of answer, as an omission, he would have moved for a default judgment.

19. Further, Geltzer's detailed Notice of Dismissal addressed to the Clerk of the Court, is improper as it is detailed and is merit based and only the Court is the appropriate party to decide

4

and to act on the merits narrated in the dismissal. However Geltzer ignores the rules and perpetrate his own regime. No one is above the law including this trustee. Geltzer, must respect the law and dignity of our Courts. There are no short cuts in law and Geltzer wants to do that.

20. Your Honor, your affiant fights for the legal principles and has nothing to do with the personalities. Geltzer points out to your Honor's Administrative Order 568 dated October 28, 2010, but he forgets to mention that the Hon. Judge Jerome Feller stopped the proceeding in a case involving another minority lawyer, Naresh Gehi and his minority client and instructed Mr. Geltzer to go out of the courtroom to read the these rules. See Case No. 11-42627, Lalita Sukhram, chapter 7 regarding 2004 examination issue. In this case, Judge Feller denied the continuing request for 2004 examination. Also Gelzer's conduct has been very condescending towards the certain lawyers of a different background.[2] Unable to comprehend or digest Geltzer's insults, Gehi broke down before Judge Feller's Court.

21. Your Honor, something comical yet pertinent, is a conversation which I overheard between Fred Kantrow and Mark Bruh. Kantrow and Bruh were standing in the space between the two doorways leading to Judge Stong's Courtroom. I was able to overhear this conversation because I was standing next to the door, checking my emails. Mr. Bruh made the following comment to Mr. Kantrow, "he needs to be contained, he will make it difficult for us." To which Mr. Kantrow responded," don't fight on law with him, you cannot win on that. Attack him personally, his personality, demeanor, and collect all his failings, default or other paperwork against him and put it together. Pile it and then file it in the court. We got him."

22. Your affiant would not have contested this withdrawal, had Geltzer filed a motion to dismiss "With Prejudice." However Geltzer just cannot invoke the powers of United States at his whims and fancy and decide arbitrary action without consideration of the involvement of the

---

Case 1-11-42627-jf Doc 67 Filed 11/27/12

[2] I can't help but wonder why Gehi in paragraph 16 continues and persists to perpetuate what is, at best, wrong and, at worst, certainly by now, "frivolous"and in violation of Rule 3.1(a) of the New York Rules of Professional Conduct. I also wonder why Gehi persists in trying to defend his clients against "fraud" about which they have not been accused; could it be that Gehi simply does not understand the difference between common law fraud and a statutory fraudulent conveyance under the Code, also which has not thus far been alleged, or does he just seeking intentionally to obfuscate?
6. Similarly, shouldn't something be done either to help Gehi or to stop Gehi from perpetuating an argument that foolishly attempts to link the time limits under Federal Rule of Bankruptcy Procedure 4004 with an application for documents and examination under Federal Rule of Bankruptcy Procedure 2004 -- especially when I have done nothing to hold-up the Debtors' discharges and, at the present time, I am not seeking to revoke them. I wonder why I (or for that matter any attorney in the future) should be subjected to having to respond to such foolish and frivolous arguments, as Gehi propounds in paragraphs 18 through 22. Certainly, it is hoped that Gehi is not charging his clients for such foolhardiness.

other parties. Equality before law is an essential component of our adjudication, it was undermined by Geltzer.

WHEREFORE, we respectfully urge this Court that Geltzer be instructed to file a motion to dismiss the case and the undersigned be given an opportunity to respond.

Dated: October 14, 2013

New York New York

_____

Karamvir Dahiya, Esq.