UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In Re:                                                           **Chapter 7**

        **MAN KIT NG,**                         **Case No. 11-46867-CEC**

                  Debtor.
-----------------------------------------------------------x
ROBERT L. GELTZER, as Trustee
of the Estate of **MAN KIT NG**,

               Plaintiff,            **Adv. Pro. No.**

       -against-

       **MEE WOON HUI**,

              Defendant.
-----------------------------------------------------------x

**COMPLAINT TO RECOVER FRAUDULENT TRANSFER
OF ESTATE PROPERTY OR ITS VALUE**

The Complaint of Robert L. Geltzer as trustee (the "Trustee") of the debtor, Man Kit NG (the "Debtor"), by his attorneys, the Law Offices of Robert L. Geltzer, respectfully avers as follows:

<u>Jurisdiction and Venue</u>

1. The United States District Court for the Eastern District of New York has jurisdiction over this adversary proceeding under 28 U.S.C. § 1334. By virtue of 28 U.S.C. § 157(a), and the Order July 12, 1984 of District Court Chief Judge Weinstein of the United States District Court for the Eastern District of New York, this adversary proceeding is automatically referred to the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court").

2. This adversary proceeding is a core proceeding under, among other things, 28 U.S.C. § 157(b)(2)(A), (E), and (O). Because this is a core proceeding, the

Bankruptcy Court has jurisdiction and power under 28 U.S.C. § 157(b) to hear and determine this adversary proceeding. The Plaintiff consents to the entry of final orders or judgments by this Court if it is determined that this Court, absent consent of the parties herein, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3. This adversary proceeding is also commenced pursuant to Sections 101, 105(a), 544, 548, 550 and 551 of the United States Bankruptcy Code (the "Bankruptcy Code"); Sections 273, 275, 276 and 278 of the New York Debtor and Creditor Law ("NYDCL"), and the common law of the State of New York; and Federal Rules of Bankruptcy Procedure §§ 6009, 7001, 7008, et seq. to avoid and recover a fraudulent conveyance(s) of money or property of the estate.

**Parties**

4. On or about August 9, 2011 (the "Petition Date"), Man Kit NG filed a voluntary petition under Chapter 7 of Title 11 of the the "Bankruptcy Code with this Court.

5. On or about August 9, 2011 , Robert L. Geltzer was appointed by the Office of the United States Trustee as interim trustee of the Debtor's estate pursuant to § 701, and pursuant to § 702(d) of the Bankruptcy Code thereafter became permanent Trustee by operation of law, and is serving as such.

6. Upon information and belief, Mee Woon Hui, the defendant (the "Defendant"), is the Debtor's girlfriend and resides with Debtor at 34 Chrissy Court, Staten Island, New York 10310 (the "Property").

**Introductory Statement and Background**

7. Based upon the Trustee's commenced, but not completed, examination of the Debtor at the meeting conducted pursuant to § 341 of the United States Bankruptcy Code (the "341 Meeting"), and a review of the Petition and Schedules, it appears that, perhaps among other things, the Debtor had and/or has an interest in Hair, Inc., which has been operating since in or about 1996 and, upon information and belief, continues to operate to date, and with respect to which documents were demanded on several occasions, but none was produced. Whereupon, on or about April 27, 2012, the Trustee applied for, and this Court granted on May 9, 2012 an order pursuant to Federal Rule of Bankruptcy Procedure 2004 (the "2004 Order").

8. Notwithstanding the fact that Debtor spoke English, Debtor's attorney -- not the Debtor -- at the commenced examination (the "2004 Exam") on November 15, 2012, pursuant to the 2004 Order, asserted that the Debtor could not proceed in English and needed a translator; and Debtor's attorney did so notwithstanding that at the beginning of the 2004 Exam, the Debtor answered a few questions in English facilely and fully and without reservation or stumbling or stammering.

9. The Debtor did produce certain documents; however, if those documents were compared to what was ordered and what is needed to administer the estate, it would become obvious that there was substantial non-compliance with the 2004 Order.

10. Accordingly, on December 21, 2012, the Trustee commenced an adversary proceeding (Adv. Pro. No. 12-01343) to revoke the Debtor's discharge under Section 727 of the Bankruptcy Code (the "Discharge Proceeding").

11. In the Discharge Proceeding, the Debtor failed repeatedly to comply with the Court's deadlines regarding discovery. Consequently, on July 25, 2013, the Court entered a discovery order which ordered, among other things, that documents be produced by August 15, 2013. Annexed hereto as Exhibit "A" is a list of certain bank statements that the Debtor has refused to produce.

12. Nevertheless, based upon certain of the bank statements received and reviewed by the Trustee and his Court-appointed accountant, it was determined that for the period May 2006 through the Petition Date, the Debtor made all mortgage payments for the Property which the Debtor and Defendant jointly own, and in which they reside, in the total amount of no less than $166,763.59, half of which (i.e., $83,381.79) the Defendant, as a co-owner and resident, should have paid. The amount of $83,381.79 plus other transfers to be determined at trial (cumulatively referred to as the "Transfers") is owing from Defendant to Debtor's estate. Annexed hereto as Exhibit "B" is a list of those payments.

13. Furthermore, according to the Debtor's Schedule J, the Debtor makes all the mortgage payments concerning the Property, and, consequently the Defendant must be contributing nothing toward the Property.

14. This proceeding seeks the avoidance of the Transfers of the Debtor to, or for the benefit of, Defendant, and the turnover to the Trustee of the sums received by or benefitting the Defendant as a result of the Transfers, plus interest from the dates of the Transfers, as to be determined at trial.

15. The accountant retained by the Trustee, Andrew W. Plotzker, C.P.A., has reviewed those books and records that the Debtor supplied to the Trustee and has

determined that, as of the date of the Transfers, the Debtor, upon information and belief, was insolvent.

## First Claim for Relief

### AVOIDANCE OF THE TRANSFER AS A FRAUDULENT CONVEYANCE PURSUANT TO 11 U.S.C. §§ 548, 550 AND 551

16. The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 15 of this Complaint as if fully set forth herein.

17. Upon information and belief, the Trustee claims that from in or about April 13, 2010 through the Petition Date, the Defendant received, and/or was given, and/or benefitted from, the Transfers from and by the Debtor with no or little or inadequate consideration in an amount no less than $38,713.75.

18. The Transfers are property of the estate as provided for in § 541 of the Bankruptcy Code.

19. Upon information and belief, no monetary or other consideration was received by the Debtor from Defendant in exchange for the Transfers.

20. Upon information and belief, said disposition and/or parting with the Transfers was a "transfer(s)" under § 101(54) of the Bankruptcy Code.

21. Upon information and belief, the Debtor received less than a reasonably equivalent value for the Transfers.

22. Upon information and belief, the Debtor was insolvent at the time of the Transfers or was rendered insolvent as a result of such Transfers and/or was left with unreasonably little capital as a result of the Transfers.

23. Based on the foregoing, and pursuant to §§ 548, 550 and 551 of the Bankruptcy Code, the Trustee is entitled to judgment against Defendant in the amount

of at least $38,713.75, as well as any additional amounts that may be revealed in discovery and/or at trial, plus interest, reasonable attorney's fees; and to attach the assets of Defendant and prevent transfers therefrom in the foregoing amount.

24. Accordingly, pursuant to 11 U.S.C. § 550(a), the Trustee may recover from Defendant for the benefit of the Debtor's estate, the Transfers in the amount of $38,713.75, as well as any additional amounts that may be revealed in discovery and/or at trial, plus interest; and to attach the assets of Defendant and prevent transfers therefrom in the foregoing amounts.

## Second Claim for Relief

### AVOIDANCE OF THE TRANSFERS AS FRAUDULENT CONVEYANCES PURSUANT TO 11 U.S.C. §§544(b), 550 and 551 AND §§ 273, 274, 275 AND 278 OF NEW YORK DEBTOR AND CREDITOR LAW

25. The Trustee repeats and realleges the allegations contained in paragraphs 1 through 24 of this Complaint as though fully set forth herein.

26. Upon information and belief, the Trustee claims that from in or about May 15, 2006 to the Petition Date, Defendant received and/or was given, and/or benefitted from, the Transfers from and by the Debtor with no or little or inadequate consideration in an amount no less than $83,381.79.

27. Upon information and belief, on the date of each of the Transfers, the Debtor: (i) was insolvent or was rendered insolvent as result of such transfers, (ii) had unreasonably small capital for the business in which it was engaged or was about to engage, and/or (iii) intended to incur, or believed that it would incur, debts beyond its ability to pay as such debts matured.

28. Accordingly, pursuant to 11 U.S.C. § 544(b) and §§ 273, 274, 275 and 278 of NYDCL, the Trustee may avoid the Transfers.

29. Accordingly, pursuant to 11 U.S.C. § 550(a), the Trustee may recover from Defendant, for the benefit of the Debtor's estate, the Transfers in the amount of at least $83,381.79 as to be determined at trial, as well as any additional amounts that may be revealed in discovery, plus interest; and to attach the assets of Defendant and prevent transfers therefrom in the foregoing amounts.

### Third Claim for Relief

### UNJUST ENRICHMENT FROM THE TRANSFERS

30. The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 29 of this Complaint as if fully set forth herein.

31. Upon information and belief, Debtor did not receive adequate consideration from Defendant in connection with the Transfers.

32. Upon information and belief, in contrast, Defendant has been unfairly benefitted by wrongfully receiving, retaining and/or benefitted from the Transfers, and has been unjustly enriched thereby.

33. Upon information and belief, Debtor did not receive adequate consideration from Defendant in connection with the Transfers.

34. Upon information and belief, in contrast, Defendant has been unfairly benefitted by wrongfully receiving and retaining the Transfers, and have been unjustly enriched thereby.

35. By reason of the foregoing unjust enrichment of the Defendant, the Trustee is entitled to judgment against the Defendant in the amount of at least $83,381.79 as to be determined at trial, as well as any additional amounts that may be

revealed in discovery and/or at trial, plus interest thereon, all for the benefit of the Debtor's estate.

36. By reason of the foregoing, the Court should impose a constructive trust on the Debtor's interest in the bank account(s) of Defendant, to be held for the benefit of, and returned to, the Trustee for the benefit of the Debtor's estate's creditors, together with interest.

37. The Trustee asserts an interest in any and all bank accounts and other assets of Defendant on the grounds that they contain proceeds of the Transfers from the Debtor, and that Defendant is indebted to the Debtor's estate from her receipt of the Transfers.

**WHEREFORE**, the Trustee respectfully requests judgment against Defendant as follows:

1) On Claim One, determining that the Transfers constitute fraudulent conveyances voiding the Transfers, and awarding damages on behalf of the Debtor in an amount of at least $38,713.75 as to be determined at trial, as well as any additional amounts that may be revealed in discovery, plus interest; directing that a money judgment be entered for that amount, and directing that a constructive trust be imposed on Defendant's assets, including any and all bank accounts and other real property owned by Defendant, to prevent transfers therefrom in the foregoing amounts;

(2) On Claim Two, determining that the Transfers constitute fraudulent conveyances voiding the Transfers, and awarding damages on behalf of the Debtor in an amount of at least $83,381.79 as to be determined at trial, as well as any additional amounts that may be revealed in discovery, plus interest; directing that a money judgment be entered for that amount, and directing that a constructive trust be imposed

on Defendant's assets, including any and all bank accounts and other real property owned by Defendant, to prevent transfers therefrom in the foregoing amounts;

(3) On Claim Three, voiding the Transfers, and awarding damages in an amount of at least $83,381.79 as to be determined at trial, as well as any additional amounts that may be revealed in discovery, plus interest; directing that a money judgment be entered for their respective amounts, and directing that a constructive trust be imposed on the respective Defendant's assets, including any and all bank accounts and other real property owned by Defendant, to prevent transfers therefrom in the foregoing amounts;

(4) On all claims, awarding pre- and post- judgment interest, costs and disbursements as allowed by law;

(5) On all claims, awarding reasonable attorney's fees as allowed by law; and

(6) Granting Plaintiff such other and further relief as to this Court appears just and proper.

Dated: New York, New York
August 1, 2013

> The Law Offices of
> ROBERT L. GELTZER
> Counsel for Robert L. Geltzer, as Trustee
> of Man Kit NG
>
> By: /s/ Robert L. Geltzer
> Robert L. Geltzer (RG 4656)
> 1556 Third Avenue, Suite 505
> New York, New York  10128
> (212) 410-0100