| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF NEW YORK<br>---------------------------------------------------------------<br>In Re:<br><br>**MAN KIT NG,**<br><br>                      Debtor.<br><br>---------------------------------------------------------------<br>**ROBERT L. GELTZER**, as Trustee of the<br>Estate of **MAN KIT NG,**<br><br>                      Plaintiff,<br><br>       -against-<br><br>**MAN KIT NG,**<br><br>                      Defendant.<br>---------------------------------------------------------------x | 13-3589448<br><br><br><br>**Chapter 7**<br><br>**Case No. 11-46867 (CEC)**<br><br><br><br><br><br><br><br><br><br>**Adv. Pro. No. 12-01343 (CEC)** |

**TRUSTEE'S REPLY TO KARAMVIR DAHIYA'S TARDILY FILED OPPOSITION TO TRUSTEE'S MOTION FOR SANCTIONS UNDER 28 U.S.C. SECTION 1927**

TO:    THE HONORABLE CARLA E. CRAIG,
          <u>CHIEF UNITED STATES BANKRUPTCY JUDGE</u>:

        Robert L. Geltzer, Chapter 7 trustee (the "Trustee") for Man Kit NG, the debtor (the "Debtor"), by and through his undersigned counsel hereby submits this reply to Karamvir Dahiya's ("Dahiya") tardily filed opposition (the "Opposition") to Trustee's motion (the "Motion") for sanctions under 28 U.S.C. section 1927.

        1.    I submit this reply because Dahiya insidiously inserted race into his tardily filed Opposition, and I hope that this Court will not condone such behavior inasmuch as his Opposition is replete with misleading statements. I, as Trustee, shall refrain from responding seriatim to them. I do, however, wish to avoid any allegation that for want of my denials with

respect to the Opposition, I might be inferentially admitting any such statements, and, thus, I unequivocally deny them, and wish further to make the following relevant, germane, and material points.

2. At the outset, I want to state that I have done nothing improper in the administration of the Debtor's case; in fact, the record is replete with misconduct by Dahiya who has attempted to mislead this Court by making spurious claims against me.

3. Dahiya has taken advantage of his own client who, according to Dahiya, does not have very good communication skills (see paragraph 8 of Dahiya's affidavit in support of his Opposition), in order for Dahiya to continue his intractable and inexorable crusade against several panel trustees.

4. As Court documents evidence, Dahiya charged the Debtor $4,000.00 in connection with the Debtor's bankruptcy filing. That $4,000.00 payment to Dahiya amounts to 58% of the Debtor's gross income for the year 2010 (according to the Debtor's Statement of Financial Affairs, the Debtor's gross income for 2010 was only $6,809.00). According to the Debtor's 2011 tax returns, he earned $10,911.00. The Debtor's case was filed in August 2011. On that basis, as of the petition date, the Debtor probably would have made about $6,328.00; thus, the payment of $4,000.00 amounts to 63% of all monies earned by the Debtor by that time. Clearly, Dahiya took advantage of his client, who is a member of a minority group, by charging him such an outrageous fee.

5. In support of this observation, Dahiya also represented David W. Taylor, Jr. ("Taylor") (Case No. 11-46833), who also appeared before me on the same day as the Debtor, and who, according to Dahiya, is not a member of a minority group; however, Dahiya charged this client only $1,500.00 - - and this client made in excess of $40,000.00 a year. In addition, in

paragraph 5 of Dahiya's affidavit in support of his Opposition, he states that Taylor "had several properties" but was not asked as many questions by me as I asked the Debtor[1]. There appeared to be no reason to investigate because, according to Schedule A of Taylor's petition, he did not list any real property. One must wonder if Dahiya advised or participated in Taylor's concealment of assets.

6. Dahiya alleges that he was purportedly unable to file the Opposition until October 15, 2013[2] - - five days after the date on which his Opposition was due under the Bankruptcy Rules - - due to the "Crypto Locker" virus. Notwithstanding the above, on October 4, 2013, October 9, 2013 and October 11, 2013, Dahiya filed documents in Adv. Pro. No. 13-01445.

7. In support of his Opposition, Roman Leonov ("Leonov") submitted an affidavit, dated October 14, 2013. Not only is this affidavit also tardy, but Leonov neither is a member nor an associate of Dahiya's firm. And, Leonov has been censored twice by the Departmental Disciplinary Committee for the First Judicial Department in the last two years, his latest act of misconduct being "conduct involving dishonesty, fraud, deceit or misrepresentation" (2013 NY Slip Op 0294).

8. Finally, had Dahiya simply made a phone call to me requesting that my application to dismiss the adversary proceeding against the Debtor be with prejudice, I would have acceded. However, nothing is simple with Dahiya.

---

[1] According to the Debtor's Schedule B and September 26, 2011 affidavit, he was self-employed and the sole owner of "In Hair Inc." On February 13, 2012, the day before the Debtor was finally to be examined at the section 341 meeting, the Debtor purportedly amended Schedules B and C to state, among other things, that he was a 1/3 owner of "In Hair Inc." Inexcusably, the names (but no addresses) of the other co-owners were not provided to me until August 14, 2013 - - almost 2 years after the petition date. Finally, the purported amendment is not effective inasmuch as Dahiya has failed to serve me and creditors as required under Local Bankruptcy Rule 1009-1(b).

[2] Dahiya never contacted me to request an extension of time to respond to the Motion.

9. Accordingly, I respectfully request that this Court overrule Dahiya's mendacious and tardily filed Opposition and grant my Motion to impose sanctions against Dahiya and/or his law firm under 28 U.S.C. §1927.

Dated: New York, New York
January 24, 2014

    Respectfully Submitted,

    THE LAW OFFICES OF
    ROBERT L. GELTZER,
    Counsel to the Chapter 7 Trustee

    By: /s/ Robert L. Geltzer
        Robert L. Geltzer  (RG 4656)