UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

| | |
|---|---|
| In Re: | **Chapter 7** |
| **MAN KIT NG,** | **Case No. 11-46867-CEC** |
| Debtor. | |

-------------------------------------------------------------x

**ROBERT L. GELTZER**, as Trustee
of the Estate of **MAN KIT NG**,

|  |  |
|---|---|
| Plaintiff, | **Adv. Pro. No. 12-01343-CEC** |

-against-

**MAN KIT NG**,

Defendant.

-------------------------------------------------------------x

### STIPULATION AND ORDER SETTLING AND WITHDRAWING
### ADVERSARY PROCEEDING

Stipulation dated this _____ day of _____, 2014, by and between and among ROBERT L. GELTZER, Chapter 7 trustee (the "Trustee" or "Geltzer") of Man Kit Ng, the above-captioned debtor (the "Debtor" and "Defendant"), the defendant in the above-captioned adversary proceeding (the "Adversary Proceeding"), and his attorney, Karamvir Dahiya, Esq. ("Dahiya").

### JURISDICTION & VENUE

1. On or about August 9, 2011, the Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code with this Court.

2. This adversary proceeding was commenced on or about December 21,2012, pursuant to and under Rule 7001, et seq. of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), seeking relief pursuant to Section 727 of Title 11, United States Code (the "Bankruptcy Code").

3. The United States District Court for the Eastern District (the "District Court") has jurisdiction over this adversary proceeding under 28 U.S.C. § 1334. By virtue of 28 U.S.C. § 157(a), and the Amended Standard Order of Reference dated July 12, 1984 of District Court Chief Judge Weinstein of the United States District Court for the Eastern District of New York, this adversary proceeding is automatically referred to the United States Bankruptcy Court for the Eastern District of New York (the "Court").

4. This adversary proceeding arises under and in the case of Man Kit Ng, Case No. 11-46867-CEC, pending under Chapter 7 of the Bankruptcy Code in this Court.

5. Venue of this adversary proceeding in this district is proper pursuant to 28 U.S.C. § 1409(a).

6. This adversary proceeding is a "core" proceeding pursuant to 28 U.S.C. § 157(b). The Plaintiff consents to the entry of final orders or judgments by this Court if it is determined that this Court, absent consent of the parties herein, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

7. Defendant and the Trustee and Dahiya acknowledge this Court's jurisdiction over the parties and over the subject matter of the Adversary Proceeding, and agree that the Adversary Proceeding constitutes a "core" proceeding under 28 U.S.C. § 157(b).

## BACKGROUND

8. On or about August 9, 2011, the Debtor filed a voluntary petition (the "Petition") under Chapter 7 of the Bankruptcy Code with the United States Bankruptcy Court for the Eastern District of New York.

**9.** On or about August 9, 2011, Robert L. Geltzer, Trustee was appointed by the Office of the United States Trustee as interim trustee, of the Debtor's estate pursuant to 11 U.S.C. § 701, and thereafter pursuant to § 702(d) became permanent Trustee by operation of law, and is serving as such.

10. This Court issued a discharge to the Debtor on or about December 22, 2011, as no objection to discharge or dischargibilty was filed by the Geltzer.

11. Debtor On April 27, 2012, within 3 months of the Debtor's appearance at the 341 Meeting, the Trustee made an application, which this Court granted on May 9, 2012, for a Bankruptcy Rule 2004 examination of the Debtor and production of documents (the "2004 Application"). The Debtor and Dahiya were served with the 2004 Application and neither of them filed an objection.

12. On May 14, 2012, the Bankruptcy Rule 2004 Order (the "2004 Order") was served on the Debtor and Dahiya. The Debtor produced a few documents; however, ***not every requested documents were produced.***

13. On November 15, 2012, the Debtor appeared with Dahiya for the Bankruptcy Rule 2004 examination (the "Examination") being held without a court reporter, but Dahiya testified that his client debtor would testify at the Examination provided there was a translator.

14. On December 21, 2012, within one year of the Debtor receiving his discharge, the Trustee filed the subject complaint (the "Complaint") to revoke the Debtor's discharge (the "Adversary Proceeding").

15. On or about January 24, 2013, Dahiya moved (the "Motion") to dismiss the Complaint; on February 5, 2013, the Trustee filed opposition to the Motion; and on February 12, 2013, the Court held a hearing (the "Hearing") in connection with the Motion, at which counsel for the Trustee and Dahiya appeared and were heard.

16. On March 26, 2013, the Court entered a scheduling order (the "Discovery Order") setting deadlines for submission of discovery which provided for, among other things, the turnover of "all documents requested on pages three through five of the Complaint on or before May 15, 2013."

17. Prior to the Court's entry of the Court's June 13, 2013 scheduling order (the "Second Discovery Order"), on June 3, 2013, Dahiya served via email various documents to the Trustee in 6 separate emails. Some discovery demanded documents were still outstanding.

18. On or about August 14, 2013, the Defendant substantially complied with the Third Discovery Order, as well as providing an affidavit with respect to the "missing documents."

19. Given that the Debtor had finally substantially complied with discovery, on or about September 3, 2013, the Trustee filed a detailed Notice of Dismissal of the instant Adversary Proceeding.

20. On September 5, 2013, Dahiya filed an opposition (the "Opposition") to the dismissal of the Adversary Proceeding and demanded that dismissal be "with prejudice."

21. Whereupon, on September 11, 2013, the Trustee filed and served a Motion for an Order Imposing Sanctions Against Karamvir Dahiya, Esq. and/or Dahiya Law Offices, LLC Pursuant to 28 U.S.C. § 1927 (the "Sanctions Motion") alleging that Dahiya (1) had multiplied proceedings; (2) had acted unreasonably and vexatiously; (3) had thereby increased the cost of the proceedings; (4) had acted with bad faith or with intentional misconduct.

22. On October 15, 2013, Dahiya filed a Memorandum of Law in Opposition to the Sanctions Motion ("Opposition # 2") which was set for hearing on October 17, 2013, and subsequently adjourned without hearing to January 29, 2014 with Dahiya's consent. Dahiya alleged in his opposition, interalia (1) Bankruptcy courts lack Jurisdiction to sanctions under 28 U.S.C. § 1927, (2) sanctions are discretionary and not warranted in this case, (3) Geltzer's contentions were unfounded and (4) Sanctions would result in unfairness.

23. A hearing on the Sanctions Motion was commenced on February 3, 2014 at 10:22 a.m., and was continued telephonically at 2:03 p.m. and concluded at 3:15 p.m. (the "Sanctions Hearing"

## RECITALS

24. WHEREAS, at and prior to the February 3, 2014 Sanctions Hearing, the Trustee stated that he had no objection to the dismissal of the adversary proceeding being with prejudice; and

25. WHEREAS, the Court at the Sanctions Hearing urged the parties to settle mutually.

**NOW, THEREFORE**, based upon the foregoing and upon the mutual covenants hereinafter set forth and in consideration thereof.

**IT IS HEREBY STIPULATED AND AGREED** as follows:

26. Both Dahiya and Geltzer shall comport courteously with each other and conduct with the highest professional manners befitting their role as officers of the Court;

27. All Parties will commit to complying with any and all Court Orders, the Bankruptcy Code, the Rules, the Local Rules of this District, and the New York Rules of Professional Conduct, and the Chief Judge's Standards for Civility under Administrative Order #568, dated October 28, 2010;

28. The Trustee will withdraw the Sanctions Motion;

29. The Trustee agrees that the Adversary Proceeding against the Debtor will be dismissed with prejudice, with each party to bear its own costs, and with each party to release the other party from any and all claims whatsoever in and/or in connection with Debtor's bankruptcy case and the Adversary Proceeding;

30. Upon entry of an Order of the Bankruptcy Court approving this Stipulation of Settlement, Defendant and the Trustee and Dahiya shall be deemed to have mutually released each other from any and all claims, causes of action, offsets, recoupments, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, expenses, executions, claims, and demands whatsoever, in law, admiralty or equity, direct or contingent, which the Trustee and/or the Defendant and/or Dahiya or their respective successors or assignees ever had, now have, from the beginning of the world to the date of the approval of this Stipulation of Settlement by the Bankruptcy Court against each other and/or their respective heirs, executors, administrators, agents, representatives, successors and assigns, for any indebtedness or liability relating to the claims made in the Adversary Proceeding except for the obligations pursuant to this Stipulation of Settlement;

31. This Stipulation of Settlement shall be binding upon the parties and their respective heirs, executors, successors and assigns, as well as any subsequently appointed or elected trustee in this case;

32. This Stipulation of Settlement shall be governed and construed in accordance with the internal laws of the State of New York, without regard to any principles of conflicts of laws;

33. This Stipulation of Settlement together with any other documents referred to herein, constitutes the entire agreement and understanding among the parties hereto with respect to the subject matter hereof;

34. No representations have been made to any other party to this Stipulation of Settlement;

35. This Stipulation of Settlement supersedes all agreements not referred to herein and cannot be amended, supplemented or modified nor may any provision hereof be waived, except by a written instrument executed by the party against whom enforcement of such amendment, supplement, modification or waiver is sought;

36. Any provision of this Stipulation of Settlement which is prohibited or unenforceable in any jurisdiction shall, as to such jurisdiction, be ineffective to the extent of such prohibition or unenforceability without invalidating the remaining provisions hereof, and any such prohibition or unenforceability in any jurisdiction shall not invalidate or render unenforceable such provision in any other jurisdiction. If any release of any of the parties hereto is invalidated or declared unenforceable in whole or in part, the release as to the other parties thereto will be similarly invalidate;

37. Until the entry of the order approving this Stipulation of Settlement by the Bankruptcy Court has occurred, nothing herein may form the basis of any action, injunctive or otherwise, to restrain any party hereto from pursuing any claims or remedies such party may have against any other party;  and

38.     This Stipulation of Settlement shall not be effective until the So Ordering of this Stipulation of Settlement, at which time the parties waive any and all rights to appeal.
39. This Stipulation of Settlement may be executed in two or more counterparts each of which shall be deemed to be an original but all of which together shall constitute one in the same document.

IN WITNESS WHEREOF, the parties have hereunto set their respective hands and seals this _____ day of _____, 2014.

                                              Law Offices of
                                          ROBERT L. GELTZER
                                                    Attorneys for
                       ROBERT L. GELTZER, ESQ., as Trustee
                                    for Man Kit Ng
                               1556 Third Avenue, Suite 505
                                New York, New York 10128
                                    (212) 410-0100

By:_____

                               ROBERT L. GELTZER (RG 4656)
                                    Member of the Firm

_____
Man Kit Ng, Debtor/Defendant
34 Chrissy Court
Staten Island, New York 10310


                                  DAHIYA LAW OFFICES, LLC
                         Personally and as Attorney for
                                     Debtor/Defendant
                                75 Maiden Lane, Suite 506
                                New York, New York 10038
                                      (212) 766-8000

By:_____

                              KARAMVIR DAHIYA ( KD9738)
                                    A Member of the Firm

**SO ORDERED:**

_____
CARLA E. CRAIG
UNITED STATES BANKRUPTCY JUDGE
Dated: _____, 2014
Brooklyn, New York