UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In Re:                                                                      Chapter 7

**MAN KIT NG,**                                                 Case No. 11-46867-CEC

                Debtor.
----------------------------------------------------------x
ROBERT L. GELTZER, as Trustee
of the Estate of **MAN KIT NG,**

                Plaintiff,

       -against-                                                       Adv. Pro. No. 12-01343-CEC

**MAN KIT NG,**

                Defendant.
----------------------------------------------------------x

**STIPULATION AND ORDER SETTLING AND WITHDRAWING MOTION FOR AN ORDER IMPOSING SANCTIONS AGAINST KARAMVIR DAHIYA, ESQ. AND/OR DAHIYA LAW OFFICES, LLC PURSUANT TO 28 U.S.C. § 1927**

      Stipulation ("Stipulation" or "Stipulation of Settlement") dated this 2nd day of October, 2014, by and between ROBERT L. GELTZER, Chapter 7 trustee (the "Trustee" or "Plaintiff" or "Geltzer") of Man Kit Ng, the above-captioned debtor (the "Debtor" or "Defendant") in this bankruptcy case (the "Case"), the Defendant in the above-captioned adversary proceeding (the "Adversary Proceeding"), and his attorney, Karamvir Dahiya, Esq. and the Dahiya Law Offices, LLC (cumulatively referred to as "Dahiya").

### JURISDICTION & VENUE

      1.    On or about August 9, 2011, the Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code with the United States Bankruptcy Court for the Eastern District of New York (the "Court").

      2.    On or about August 9, 2011, Robert L. Geltzer was appointed by the Office of the United States Trustee as interim trustee, of the Debtor's estate pursuant to 11 U.S.C. § 701, and thereafter pursuant to § 702(d) became permanent Trustee by operation of law, and is serving as such.

3. This Adversary Proceeding was commenced on or about December 21, 2012, pursuant to and under Rule 7001, et seq. of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), seeking relief pursuant to Section 727 of Title 11, United States Code (the "Bankruptcy Code"), and was dismissed with prejudice by the Court on April 17, 2014 with the Trustee's assent.

4. The United States District Court for the Eastern District has jurisdiction over this Adversary Proceeding under 28 U.S.C. § 1334. By virtue of 28 U.S.C. § 157(a), and the Amended Standard Order of Reference dated July 12, 1984 of District Court Chief Judge Weinstein of the United States District Court for the Eastern District of New York, this Adversary Proceeding is automatically referred to this Court.

5. Venue of this Adversary Proceeding in this district is proper pursuant to 28 U.S.C. § 1409(a).

6. This Adversary Proceeding is a "core" proceeding pursuant to 28 U.S.C. § 157(b). The Plaintiff consents to the entry of final orders or judgments by this Court if it is determined that this Court, absent consent of the parties herein, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

7. The Trustee and Dahiya acknowledge this Court's jurisdiction over the parties and over the subject matter of the Adversary Proceeding, and agree that the Adversary Proceeding constitutes a "core" proceeding under 28 U.S.C. § 157(b).

8. Because of certain actions and inactions and statements (the "Circumstances") made by Dahiya and viewed as unacceptable in the Case and in the Adversary Proceeding, the Trustee, on or about September 11, 2013, moved for an Order Imposing Sanctions against Karamvir Dahiya, Esq. and/or Dahiya Law Offices, LLC pursuant to 28 U.S.C. § 1927.

9. Dahiya's oppositions on October 15, 2013 and October 29, 2013 (the "Opposition") to the Motion for an Order Imposing Sanctions against Karamvir Dahiya, Esq. and/or Dahiya Law Offices, LLC pursuant to 28 U.S.C. § 1927 contained certain additional statements (also the "Circumstances") made by Dahiya, which also were viewed as unacceptable.

10. Hearings on the Motion for an Order Imposing Sanctions against Karamvir Dahiya, Esq. and/or Dahiya Law Offices, LLC pursuant to 28 U.S.C. § 1927 were held by Chief Judge Craig on January 29, 2014 and February 3, 2014 when Her Honor directed Dahiya and the Trustee to exert their best efforts to settle all matters in this Case, as well as in the Adversary Proceeding, by stipulation. Upon Dahiya's refusal to agree to the stipulation proposed by the Trustee, Chief Judge Craig, on April 22, 2014, entered an Order assigning the matter to mediation before Judge Elizabeth S. Stong (the "Mediator").

11. On May 14, 2014, Dahiya and Geltzer (are sometimes referred to herein as the "parties") met with the Mediator whose good efforts resulted in the extant Stipulation.

**NOW, THEREFORE**, based upon the foregoing and upon the mutual covenants hereinafter set forth and in consideration thereof.

**IT IS HEREBY STIPULATED AND AGREED** as follows:

12. Dahiya apologizes to the Trustee for the Circumstances that led to the Motion for an Order Imposing Sanctions against Karamvir Dahiya, Esq. and/or Dahiya Law Offices, LLC pursuant to 28 U.S.C. § 1927, as well as for those statements contained in his Opposition.

13. Dahiya reaffirms his commitment to practice in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of this District, the New York Rules of Professional Conduct, and the Chief Judge's Standards for Civility under Administrative Order #568, dated October 28, 2010, including, but not limited to, the standard that: "Lawyers should be courteous and civil in all professional dealings with other persons," including in his professional dealings with Geltzer.

14. The Trustee withdraws with prejudice the Motion for an Order Imposing Sanctions against Karamvir Dahiya, Esq. and/or Dahiya Law Offices, LLC Pursuant to 28 U.S.C. § 1927.

15. Upon entry of an Order of the Court approving this Stipulation of Settlement, the Trustee and Dahiya shall be deemed to have mutually released each other from any and all claims, causes of action, offsets, recoupments, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies,

agreements, promises, variances, trespasses, damages, judgments, expenses, executions, claims, and demands whatsoever, in law, admiralty or equity, direct or contingent, which the Trustee and/or Dahiya or their respective successors or assignees ever had, now have, from the beginning of the world to the date of the approval of this Stipulation of Settlement by the Bankruptcy Court against each other and/or their respective heirs, executors, administrators, agents, representatives, successors and assigns, for any indebtedness or liability relating to the claims made in the Adversary Proceeding except for the obligations pursuant to this Stipulation of Settlement, and any liability arising out of, and/or relating to, the Motion for an Order Imposing Sanctions against Karamvir Dahiya and to the latter's opposition to that Motion.

16. This Stipulation of Settlement shall be governed and construed in accordance with the internal laws of the State of New York, without regard to any principles of conflicts of laws.

17. This Stipulation of Settlement, together with any other documents referred to herein, constitutes the entire agreement and understanding between the parties hereto with respect to the subject matter hereof.

18. No representations have been made to any other party to this Stipulation of Settlement.

19. This Stipulation of Settlement supersedes all agreements not referred to herein and cannot be amended, supplemented or modified nor may any provision hereof be waived, except by a written instrument executed by the party against whom enforcement of such amendment, supplement, modification or waiver is sought.

20. Any provision of this Stipulation of Settlement which is prohibited or unenforceable in any jurisdiction shall, as to such jurisdiction, be ineffective to the extent of such prohibition or unenforceability without invalidating the remaining provisions hereof, and any such prohibition or unenforceability in any jurisdiction shall not invalidate or render unenforceable such provision in any other jurisdiction. If any release of any of the parties hereto is invalidated or declared unenforceable in whole or in part, the release as to the other parties thereto will be similarly invalidated.

21. This Stipulation of Settlement shall not be effective until the So Ordering of this Stipulation of Settlement by a Judge of this Court, at which time the parties waive any and all rights to appeal.

22. This Stipulation of Settlement may be executed in two or more counterparts each of which shall be deemed to be an original but all of which together shall constitute one in the same document.

IN WITNESS WHEREOF, the parties have hereunto set their respective hands and seals this _____ day of October, 2014.

          Law Offices of
          ROBERT L. GELTZER
          Attorneys for
          ROBERT L. GELTZER, ESQ., as Trustee
          for Man Kit Ng
          1556 Third Avenue, Suite 505
          New York, New York 10128
          (212) 410-0100

          By:_____
             ROBERT L. GELTZER
             Member of the Firm

          KARAMVIR DAHIYA and
          DAHIYA LAW OFFICES, LLC

          By:_____
             KARAMVIR DAHIYA
             A Member of the Firm

          Personally, on behalf of Dahiya Law Offices,
          LLC, and as Attorney for Debtor/Defendant
          75 Maiden Lane, Suite 506
          New York, New York 10038
          (212) 766-8000

**SO ORDERED:**

_____
CARLA E. CRAIG
UNITED STATES BANKRUPTCY JUDGE

Dated: _____, 2014
       Brooklyn, New York

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In Re                                               Chapter 7

         **MAN KIT NG,**           Case No. 11-46867-CEC

                  Debtor.
---------------------------------------------------------------x
ROBERT L. GELTZER, as Trustee
of the Estate of **MAN KIT NG,**

                  Plaintiff,

        -against-                          Adv. Pro. No. 12-01343-CEC

         **MAN KIT NG,**

                  Defendant.
---------------------------------------------------------------x

**STIPULATION AND ORDER SETTLING AND WITHDRAWING MOTION FOR AN ORDER IMPOSING SANCTIONS AGAINST KARAMVIR DAHIYA, ESQ. AND/OR DAHIYA LAW OFFICES, LLC PURSUANT TO 28 U.S.C. § 1927**

        Stipulation ("Stipulation" or "Stipulation of Settlement") dated this 2nd day of October, 2014, by and between ROBERT L. GELTZER, Chapter 7 trustee (the "Trustee" or "Plaintiff" or "Geltzer") of Man Kit Ng, the above-captioned debtor (the "Debtor" or "Defendant") in this bankruptcy case (the "Case"), the Defendant in the above-captioned adversary proceeding (the "Adversary Proceeding"), and his attorney, Karamvir Dahiya, Esq. and the Dahiya Law Offices, LLC (cumulatively referred to as "Dahiya").

### JURISDICTION & VENUE

        1.    On or about August 9, 2011, the Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code with the United States Bankruptcy Court for the Eastern District of New York (the "Court").

        2.    On or about August 9, 2011, Robert L. Geltzer was appointed by the Office of the United States Trustee as interim trustee of the Debtor's estate pursuant to 11 U.S.C. § 701, and thereafter pursuant to § 702(d) became permanent Trustee by operation of law, and is serving as such.

3.  This Adversary Proceeding was commenced on or about December 21, 2012, pursuant to and under Rule 7001, et seq. of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), seeking relief pursuant to Section 727 of Title 11, United States Code (the "Bankruptcy Code"), and was dismissed with prejudice by the Court on April 17, 2014 with the Trustee's assent.

4.  The United States District Court for the Eastern District has jurisdiction over this Adversary Proceeding under 28 U.S.C. § 1334. By virtue of 28 U.S.C. § 157(a), and the Amended Standard Order of Reference dated July 12, 1984 of District Court Chief Judge Weinstein of the United States District Court for the Eastern District of New York, this Adversary Proceeding is automatically referred to this Court.

5.  Venue of this Adversary Proceeding in this district is proper pursuant to 28 U.S.C. § 1409(a).

6.  This Adversary Proceeding is a "core" proceeding pursuant to 28 U.S.C. § 157(b). The Plaintiff consents to the entry of final orders or judgments by this Court if it is determined that this Court, absent consent of the parties herein, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

7.  The Trustee and Dahiya acknowledge this Court's jurisdiction over the parties and over the subject matter of the Adversary Proceeding, and agree that the Adversary Proceeding constitutes a "core" proceeding under 28 U.S.C. § 157(b).

8.  Because of certain actions and inactions and statements (the "Circumstances") made by Dahiya and viewed as unacceptable in the Case and in the Adversary Proceeding, the Trustee, on or about September 11, 2013, moved for an Order Imposing Sanctions against Karamvir Dahiya, Esq. and/or Dahiya Law Offices, LLC pursuant to 28 U.S.C. § 1927.

9.  Dahiya's oppositions on October 15, 2013 and October 29, 2013 (the "Opposition") to the Motion for an Order Imposing Sanctions against Karamvir Dahiya, Esq. and/or Dahiya Law Offices, LLC pursuant to 28 U.S.C. § 1927 contained certain additional statements (also the "Circumstances") made by Dahiya, which also were viewed as unacceptable.

10. Hearings on the Motion for an Order Imposing Sanctions against Karamvir Dahiya, Esq. and/or Dahiya Law Offices, LLC pursuant to 28 U.S.C. § 1927 were held by Chief Judge Craig on January 29, 2014 and February 3, 2014 when Her Honor directed Dahiya and the Trustee to exert their best efforts to settle all matters in this Case, as well as in the Adversary Proceeding, by stipulation. Upon Dahiya's refusal to agree to the stipulation proposed by the Trustee, Chief Judge Craig, on April 22, 2014, entered an Order assigning the matter to mediation before Judge Elizabeth S. Stong (the "Mediator").

11. On May 14, 2014, Dahiya and Geltzer (are sometimes referred to herein as the "parties") met with the Mediator whose good efforts resulted in the extant Stipulation.

**NOW, THEREFORE**, based upon the foregoing and upon the mutual covenants hereinafter set forth and in consideration thereof,

**IT IS HEREBY STIPULATED AND AGREED** as follows:

12. Dahiya apologizes to the Trustee for the Circumstances that led to the Motion for an Order Imposing Sanctions against Karamvir Dahiya, Esq. and/or Dahiya Law Offices, LLC pursuant to 28 U.S.C. § 1927, as well as for those statements contained in his Opposition.

13. Dahiya reaffirms his commitment to practice in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of this District, the New York Rules of Professional Conduct, and the Chief Judge's Standards for Civility under Administrative Order #568, dated October 28, 2010, including, but not limited to, the standard that: "Lawyers should be courteous and civil in all professional dealings with other persons," including in his professional dealings with Geltzer.

14. The Trustee withdraws with prejudice the Motion for an Order Imposing Sanctions against Karamvir Dahiya, Esq. and/or Dahiya Law Offices, LLC Pursuant to 28 U.S.C. § 1927.

15. Upon entry of an Order of the Court approving this Stipulation of Settlement, the Trustee and Dahiya shall be deemed to have mutually released each other from any and all claims, causes of action, offsets, recoupments, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies,

agreements, promises, variances, trespasses, damages, judgments, expenses, executions, claims, and demands whatsoever, in law, admiralty or equity, direct or contingent, which the Trustee and/or Dahiya or their respective successors or assignees ever had, now have, from the beginning of the world to the date of the approval of this Stipulation of Settlement by the Bankruptcy Court against each other and/or their respective heirs, executors, administrators, agents, representatives, successors and assigns, for any indebtedness or liability relating to the claims made in the Adversary Proceeding except for the obligations pursuant to this Stipulation of Settlement, and any liability arising out of, and/or relating to, the Motion for an Order Imposing Sanctions against Karamvir Dahiya and to the latter's opposition to that Motion.

16. This Stipulation of Settlement shall be governed and construed in accordance with the internal laws of the State of New York, without regard to any principles of conflicts of laws.

17. This Stipulation of Settlement, together with any other documents referred to herein, constitutes the entire agreement and understanding between the parties hereto with respect to the subject matter hereof.

18. No representations have been made to any other party to this Stipulation of Settlement.

19. This Stipulation of Settlement supersedes all agreements not referred to herein and cannot be amended, supplemented or modified nor may any provision hereof be waived, except by a written instrument executed by the party against whom enforcement of such amendment, supplement, modification or waiver is sought.

20. Any provision of this Stipulation of Settlement which is prohibited or unenforceable in any jurisdiction shall, as to such jurisdiction, be ineffective to the extent of such prohibition or unenforceability without invalidating the remaining provisions hereof, and any such prohibition or unenforceability in any jurisdiction shall not invalidate or render unenforceable such provision in any other jurisdiction. If any release of any of the parties hereto is invalidated or declared unenforceable in whole or in part, the release as to the other parties thereto will be similarly invalidated.

21. This Stipulation of Settlement shall not be effective until the So Ordering of this Stipulation of Settlement by a Judge of this Court, at which time the parties waive any and all rights to appeal.

22. This Stipulation of Settlement may be executed in two or more counterparts each of which shall be deemed to be an original but all of which together shall constitute one in the same document.

IN WITNESS WHEREOF, the parties have hereunto set their respective hands and seals this _____ day of October, 2014.

        Law Offices of
        ROBERT L. GELTZER
        Attorneys for
        ROBERT L. GELTZER, ESQ., as Trustee
        for Man Kit Ng
        1556 Third Avenue, Suite 505
        New York, New York  10128
        (212) 410-0100

        By:_____
          ROBERT L. GELTZER
          Member of the Firm

        KARAMVIR DAHIYA and
        DAHIYA LAW OFFICES LLC

        By:_____
          KARAMVIR DAHIYA
          A Member of the Firm

        Personally, on behalf of Dahiya Law Offices,
        LLC, and as Attorney for Debtor/Defendant
        75 Maiden Lane, Suite 506
        New York, New York  10038
        (212) 766-8000

**SO ORDERED:**

_____
CARLA E. CRAIG
UNITED STATES BANKRUPTCY JUDGE

Dated: _____, 2014
      Brooklyn, New York