

Tarter Krinsky & Drogin LLP
1350 Broadway
New York, NY 10018
P 212.216.8000
F 212.216.8001
www.tarterkrinsky.com

December 18, 2017

**By ECF Filing and by Regular First Class Mail**

Honorable Carla E. Craig
Chief United States Bankruptcy Judge
United States Bankruptcy Court
Eastern District of New York
271-C Cadman Plaza East
Brooklyn, New York 11201

      Re:    In re: Man Kit Ng, Case No. 11-46867 (CEC)
              Geltzer as Trustee v. Man Kit Ng, Adv. Pro. No. 12-01343 (CEC)

Dear Chief Judge Craig:

This firm is Special Litigation Counsel to Robert L. Geltzer, the chapter 7 trustee (the "**Trustee**") in the above-referenced chapter 7 case, and in his capacity as Trustee, the plaintiff in the above-referenced adversary proceeding. We are writing to inform Your Honor that, **just 32 hours** after Your Honor's 75-minute colloquy with Karamvir Dahiya, Esq. at the December 13, 2017 hearing on the Trustee's motion to impose sanctions against Mr. Dahiya for mendaciously accusing the Trustee of, among other things, "extortion,"[1] Mr. Dahiya filed a motion to dismiss in another adversary proceeding in the Brizinova Case in which he has mendaciously accused Mr. Geltzer of making a **"perjurious claim."**[2]

---

[1]     The Trustee's motion was made in an adversary proceeding in the case of *In re Estella Brizinova and Edward Soshkin*, Case No. 12-42935 (ESS) (the "**Brizinova Case**"),

[2]     Mr. Dahiya's December 14, 2017 accusation appears in the final paragraph of page 6 of his motion to dismiss filed in *Geltzer as Chapter 7 Trustee v. Zlata Soshkin a/k/a Zlata Polukhina*, Adv. Proc. No. 17-01157 (ESS), a copy of which is attached hereto as **Exhibit 1**. Mr. Dahiya amended his notice of motion (which amendment he did not serve upon our firm) to correct his erroneous initial notice of motion bearing a date of July 21, 2015; in that amended motion, he could have corrected, recanted and retracted this 6th Sanctionable Statement, he chose not to do so.

{Client/083786/1/01461611.DOC;1 }

Perjury constitutes a criminal offense, which we believe Your Honor verbalized to Mr. Dahiya at the December 13, 2017 hearing. As set forth in Black's Law Dictionary, "A person is guilty of perjury if in any official proceeding he makes a false statement under oath or equivalent affirmation, or swears or affirms the truth of a statement previously made, when the statement is material and he does not believe it to be true." Mr.Dahiya does not – and cannot – point to any such false statement which the Trustee has made under oath.

Mr. Dahiya's newest – and baseless --accusation that Mr. Geltzer has committed the criminal act of perjury, coming just 32 hours after Your Honor's aforementioned colloquy with Mr. Dahiya at the December 13 hearing, clearly, all the more, militates in favor of the imposition of sanctions against him and his law firm.

Respectfully submitted,

/s/ Robert A. Wolf

Robert A. Wolf

RAW:js
Enclosure

cc: Honorable Elizabeth S. Stong
    Robert L. Geltzer, Esq.
    Karamvir Dahiya, Esq.