# DAHIYA LAW OFFICES LLC

*Attorneys*
75 Maiden Lane Suite 506
New York, New York 10038
Tel: 212-766 8000   Fax: 212 766 8001
karam@legalpundit.com

December 20, 2017

Hon. Carla E. Craig
Chief Judge
United States Bankruptcy Court
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York

Re:  Man Kit Ng Sanctions Motion - Case #12-10343 (CEC)

Respected Chief Judge Craig:

About the aforesaid case pending sanctions motion, I very respectfully wish to bring to your attention something important which bears vitally on the sanction motion. The court at the last date of hearing went to the explore the egregiousness of the word, "extortion," and it's possible connection to negativity. Attached is the decision of the second department, appellate division, New York weighing the impact of word, "extortion," even if used out of the courtroom. Would it be defamatory? *Melius v. Glacken*, 94 A.D.3d 959 (2012). In the present case, it is the issue of word "extortion" used in the court pleadings.

It is pointed out, very respectfully, to the Court, that the New York State law's "litigation privilege" provides that,

> "[s]tatements made by parties, attorneys, and witnesses in the course of a judicial or quasi-judicial proceeding are absolutely privileged, notwithstanding the motive with which they are made, so long as they are material and pertinent to the issue to be resolved in the proceeding." *Bisogno v. Borsa,* 101 A.D.3d 780, 781, 954 N.Y.S.2d 896, 896 (2d Dep't 2012) (citing *Kilkenny v. Law Off. of Cushner & Garvey, LLP,* 76 A.D.3d 512, 513, 905 N.Y.S.2d 661, 662 (2d Dep't 2010)).

*Officemax Inc. v. Cinotti,* 966 F. Supp. 2d 74, 79 (E.D.N.Y. 2013). And this ""litigation privilege is absolute and "has been applied not only to statements made in pleadings and in court,

1

but also to statements made in ... letters between attorneys and parties ... [and] during offers of settlement by attorneys.'"" *Id* at 79 quoting *Aequitron Med., Inc. v. Dyro,* 999 F.Supp. 294, 298 (E.D.N.Y.1998) (citing *O'Brien v. Alexander,* 898 F.Supp. 162, 171 (S.D.N.Y.1995)).

      I am, but compelled to write this letter, for Mr. Robert Geltzer, is asking for a very wide injunction against the undersigned's First Amendment rights and thus jeopardizing effective representation of the client. And with the constant threat of sanctions, his stipulation might be chilling effective advocacy. It concerns free speech. Of course, the dialogues must be civil but Mr. Geltzer might be asking for way more than that is permissible under the laws of the land. Thank you for your consideration.

                                            */s/karamvirdahiya*
                                            _____
                                            Karamvir Dahiya