🚩 KeyCite Yellow Flag - Negative Treatment

Distinguished by Friedman v. Bloomberg L.P., 2nd Cir.(Conn.),
September 12, 2017

94 A.D.3d 959

Supreme Court, Appellate Division,
Second Department, New York.

Gary MELIUS, respondent,

v.

William GLACKEN, appellant.

April 17, 2012.

**Synopsis**

**Background:** Candidate brought action against mayor, alleging that mayor defamed him during political debate among candidates for position of mayor. The Supreme Court, Nassau County, Lally, J., 2010 WL 5213143, denied mayor's motion for summary judgment. Mayor appealed.

**Holdings:** The Supreme Court, Appellate Division, held that:

[1] mayor's statement calling candidate an "extortionist" was a nonactionable opinion, and

[2] mayor's statement was not an actionable mixed statement of opinion and fact.

Reversed.

West Headnotes (5)

**[1]** **Libel and Slander**
☞ Actionable Words in General
Expressions of opinion, as opposed to assertions of fact, are deemed privileged and, no matter how offensive, cannot be the subject of an action for defamation.

2 Cases that cite this headnote

**[2]** **Libel and Slander**

☞ Actionable Words in General

**Libel and Slander**
☞ Construction of language used

**Libel and Slander**
☞ Construction of defamatory language in general

In determining whether a statement constitutes a nonactionable opinion, a question of law for the court, the factors to be considered are: (1) whether the specific language in issue has a precise meaning which is readily understood; (2) whether the statements are capable of being proven true or false; and (3) whether either the full context of the communication in which the statement appears or the broader social context and surrounding circumstances are such as to signal readers or listeners that what is being read or heard is likely to be opinion, not fact.

6 Cases that cite this headnote

**[3]** **Libel and Slander**
☞ Actionable Words in General

In determining whether a statement constitutes a nonactionable opinion, the dispositive inquiry is whether the reasonable listener would have believed that the challenged statements were conveying facts about the plaintiff.

7 Cases that cite this headnote

**[4]** **Libel and Slander**
☞ Conspiracy and blackmail

Statement made by mayor during heated political debate among candidates for position of mayor, calling another candidate an "extortionist" who was seeking "to extort money," presumably from village, was a nonactionable opinion, where reasonable listener would have believed the statement was conveying mayor's opinion as to merits of candidate's lawsuit against village and was not a factual accusation of criminal conduct, and the statement was made in a forum in which audience would anticipate use of epithets, fiery rhetoric, or hyperbole, and would arrive

with an appropriate amount of skepticism, with expectation that they were going to hear **opinion**, and with a reluctance to conclude that statements made were to be heard as objective fact.

6 Cases that cite this headnote

**[5]**    **Libel and Slander**
          👉 Conspiracy and blackmail

Statement made by mayor during heated political debate among candidates for position of mayor, calling another candidate an "extortionist" who was seeking "to **extort** money," presumably from village, was not an actionable mixed statement of **opinion** and fact, where it was accompanied by a recitation of the facts on which it was based, and it did not imply existence of undisclosed underlying facts; mayor recited a fact forming basis of his belief that candidate was an "extortionist" who was seeking "to **extort** money," in that he was seeking an excessive amount of damages in a lawsuit against village.

2 Cases that cite this headnote

**Attorneys and Law Firms**

**\*\*135** Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, White Plains, N.Y. (Robert Spolzino, Peter A. Meisels, and Kathleen A. Daly of counsel), for appellant.

Jaspan Schlesinger, LLP, Garden City, N.Y. (Steven E. Schlesinger, Christopher E. Vatter, and Jessica Baquet of counsel), for respondent.

ANITA R. FLORIO, J.P., RANDALL T. ENG, PLUMMER E. LOTT, and ROBERT J. MILLER, JJ.

**Opinion**

**\*959** In an action to recover damages for **defamation**, the defendant appeals from an order of the Supreme Court, Nassau County (Lally, J.), dated December 7, 2010, which denied his motion for summary judgment dismissing the complaint.

ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

The plaintiff is the owner of a parcel of commercial property located in the Village of Freeport. In 2008 he commenced an action alleging that a number of Freeport and Nassau County officials, including the defendant, then the mayor of Freeport, and other parties had conspired to take the subject property away from him by means of an unlawful tax deed scheme. The complaint sought damages in excess of $25 million.

On February 26, 2009, the defendant participated in a public debate held at the Freeport Memorial Library among candidates running for mayor and trustee in upcoming local elections. Members of the audience were given the opportunity to write questions for the candidates, which the moderators then selected and posed to the candidates. When the defendant and his mayoral opponent were asked about the plaintiff's lawsuit against Freeport officials, what was described as a heated exchange took place. During this exchange, the defendant said that the lawsuit was an attempt by the plaintiff "to **extort** money from you," i.e., the residents of Freeport. He also stated that the plaintiff was seeking an amount "far in excess of the appraised value" of the property, and that the Freeport defendants "knew [they] were going to win this case. It's going to take time and money."

Thereafter, the plaintiff commenced the instant action to recover damages for **defamation** based on the defendant's statement that he was an "extortionist" who was seeking "to **extort** money." The defendant subsequently moved for summary judgment dismissing the complaint on the ground that the challenged remarks were nonactionable statements of **opinion**. The Supreme Court denied the defendant's motion. The defendant appeals and we reverse.

**[1]    [2]    [3]** "Expressions of **opinion**, as opposed to assertions of fact, are deemed privileged and, no matter how offensive, cannot be the **\*960** subject of an action for **defamation**" (*Mann v. Abel,* 10 N.Y.3d 271, 276, 856 N.Y.S.2d 31, 885 N.E.2d 884, *cert. denied* 555 U.S. 1170, 129 S.Ct. 1315, 173 L.Ed.2d 584; *see Gross v. New York Times Co.,* 82 N.Y.2d 146, 152–153, 603 N.Y.S.2d 813, 623 N.E.2d 1163). In determining **\*\*136** whether a statement constitutes a nonactionable **opinion**, a question

of law for the court (*see Mann v. Abel,* 10 N.Y.3d at 276, 856 N.Y.S.2d 31, 885 N.E.2d 884), the "factors to be considered are: (1) whether the specific language in issue has a precise meaning which is readily understood; (2) whether the statements are capable of being proven true or false; and (3) whether either the full context of the communication in which the statement appears or the broader social context and surrounding circumstances are such as to signal ... readers or listeners that what is being read or heard is likely to be **opinion**, not fact" (*Brian v. Richardson,* 87 N.Y.2d 46, 51, 637 N.Y.S.2d 347, 660 N.E.2d 1126 [internal quotation marks omitted]; *see Thomas H. v. Paul B.,* 18 N.Y.3d 580). The dispositive inquiry is " 'whether the reasonable [listener] would have believed that the challenged statements were conveying facts about the ... plaintiff' " (*Brian v. Richardson,* 87 N.Y.2d at 51, 637 N.Y.S.2d 347, 660 N.E.2d 1126, quoting *Immuno AG. v. Moor–Jankowski,* 77 N.Y.2d 235, 254, 566 N.Y.S.2d 906, 567 N.E.2d 1270, *cert. denied* 500 U.S. 954, 111 S.Ct. 2261, 114 L.Ed.2d 713; *see 600 W. 115th St. Corp. v. Von Gutfeld,* 80 N.Y.2d 130, 139, 589 N.Y.S.2d 825, 603 N.E.2d 930, *cert. denied* 508 U.S. 910, 113 S.Ct. 2341, 124 L.Ed.2d 252).

**[4]** Here, given the context in which the challenged statements were made, a reasonable listener would have believed that they were **opinion**. Considering the immediate context, a reasonable listener would have believed that calling the plaintiff an "extortionist" who is seeking "to **extort** money" was conveying the defendant's **opinion** as to the merits of the plaintiff's lawsuit and was not a factual accusation of criminal conduct (*see Brian v. Richardson,* 87 N.Y.2d at 53, 637 N.Y.S.2d 347, 660 N.E.2d 1126; *Gross v. New York Times Co.,* 82 N.Y.2d at 155, 603 N.Y.S.2d 813, 623 N.E.2d 1163; *Springer v. Almontaser,* 75 A.D.3d 539, 541, 904 N.Y.S.2d 765; *Trustco Bank of N.Y. v. Capital Newspaper Div. of Hearst Corp.,* 213 A.D.2d 940, 942–943, 624 N.Y.S.2d 291). Looking at the broader social context, the statement was made in the midst of a heated political debate, a forum where the audience would "anticipate the use of epithets, fiery rhetoric or hyperbole" (*Steinhilber v. Alphonse,* 68 N.Y.2d 283, 294, 508 N.Y.S.2d 901, 501 N.E.2d 550 [internal quotation marks omitted] ), and would "arrive with an appropriate amount of skepticism," "with the expectation that they are, in all probability, going to hear **opinion**," and with a reluctance "to conclude—absent clear clues to the contrary from the words or context—that the statements made are to be heard as objective fact" (*600 W. 115th St. Corp. v. Von Gutfeld,* 80 N.Y.2d at 141–142, 589 N.Y.S.2d 825, 603 N.E.2d 930; *see Greenbelt Cooperative Publishing Assn., Inc. v. Bresler,* 398 U.S. 6, 13–14, 90 S.Ct. 1537, 26 L.Ed.2d 6).

**[5]** Moreover, the statement is not an actionable "mixed statement" **\*961** of **opinion** and fact, both because it "is accompanied by a recitation of the facts on which it is based," and because it "does not imply the existence of undisclosed underlying facts" (*Gross v. New York Times Co.,* 82 N.Y.2d at 153, 603 N.Y.S.2d 813, 623 N.E.2d 1163; *see Kamalian v. Reader's Digest Assn., Inc.,* 29 A.D.3d 527, 528, 814 N.Y.S.2d 261; *Trustco Bank of N.Y. v. Capital Newspaper Div. of Hearst Corp.,* 213 A.D.2d at 942–943, 624 N.Y.S.2d 291). The defendant recited a true fact forming the basis of his belief that the plaintiff was an "extortionist" who was seeking "to **extort** money," i.e., the plaintiff's lawsuit was seeking an amount "far in excess of the appraised value" of the property.

**\*\*137** Since the alleged defamatory statements are nonactionable **opinion**, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint.

The defendant's remaining contentions have been rendered academic in light of our determination.

### All Citations

94 A.D.3d 959, 943 N.Y.S.2d 134, 2012 N.Y. Slip Op. 02849

---

**End of Document**

© 2017 Thomson Reuters. No claim to original U.S. Government Works.