DAHIYA LAW OFFICES LLC
*Attorneys*
75 Maiden Lane Suite 506
New York, New York 10038
Tel: 212-766 8000   Fax: 212 766 8001
karam@legalpundit.com

Hon. Carla E. Craig                                         February 7, 2018
Chief Judge, United States Bankruptcy Court
Eastern District of New York
231 Cadman Plaza East
Brooklyn, New York 11201

Re: *Man Kit Ng* - Case No. 11-46867-CEC
*Geltzer v. Ng* - Adv. Pro. No. 12-01343-CEC

Respected Judge Craig:

I write responding to the aforesaid, *ex-officio* plaintiff, Mr. Robert L. Geltzer's letter, dated February 7, 2018, asking this Court to consider his motion for sanction, unopposed and fully submitted. He errs. No such inference is available or warranted.

Mr. Geltzer motion to sanction was adjourned from February 5, 2018 to April 10, 2018. So, the entire motion was adjourned with a return/hearing date to April 10, 2018. Thus, the response time being in the *offing,* i.e., *"7 days before the hearing date"* pursuant to the local rules, there is no default. Legal regime controls, not an edict of Mr. Geltzer (irrespective of any claimed official accouterments or personage). (Emphasis added.) It is Your Honor *alone*, who can shorten or extend the time or alter the statutory timing of the motions. Law is what it says it is— Prōteús it is not—Mr. Geltzer had to just see it:

> Motions [u]nless otherwise provided by these rules, the Bankruptcy Rules, or by *Court order*: . . . (ii) any answering papers shall be served so as to be received *not later than 7 days before the hearing date . . . .*"

E.D.N.Y. Local Bankruptcy Rule 9006-1. Also, Bankruptcy Rule 9006 is clear—"A written motion . . . and notice of any hearing shall be served not later than seven days before the time specified for such hearing, *unless a different period* is fixed by these rules or by *order of the court. . . .* any written response shall be served *not later than one day before the hearing*, unless the *court permits* otherwise (emphasis added). Fed. R. Bankr. P. 9006.

Thus, the motion timing being statutorily prescribed, Mr. Geltzer's letter does not match the legal requirements, nor does it rise above petty animus. This motion is a series of acts by Mr.

Geltzer to intimidate or chill advocacy of the undersigned, thus primarily and indubitably impacting the rights of the indigents access to the courts. It is indeed a tortious interference with the relationship of the undersigned with his clients. It must be checked.

He has initiated frivolous litigations against a family, where none of its members are left unsued—father, mother, sons, daughter-in-law--all have been targeted. This family is my client. Since Mr. Geltzer started a process, a process must he meet. In these pending cases, he finds his legal stratagem crumble, he seeks refuges in *ad hominems*. The undersigned's motion to dismiss his complaint against the family delineates vacuity of his claims in detail. Rather than attending to the legal obligations—like withdraw the frivolous claims—he rails against the undersigned latching on local civil rules.

Very respectfully, I seek directions from Your Honor, if I am overlooking some fundamental aspects of the motion return dates. I would be responding to Mr. Geltzer's motion for sanctions, not exceeding concentrated one page. Thank you for your consideration.

/s/_____

Karamvir Dahiya