LAW OFFICES OF

# ROBERT L. GELTZER

1556 THIRD AVENUE

NEW YORK, NEW YORK 10128

(212) 410-0100

———

FACSIMILE (212) 410-0400

February 14, 2018

Honorable Carla E. Craig
Chief United States Bankruptcy Judge
United States Bankruptcy Court
Eastern District of New York
271-C Cadman Plaza East
Brooklyn, NY 11201

Re:     **Man Kit Ng - Case No. 11-46867-CEC**
        **Robert L. Geltzer v. Man Kit Ng - Adv. Pro. No. 12-01343-CEC**

Dear Judge Craig:

This is in response to Mr. Karamvir Dahiya's ("Dahiya") February 7, 2018 letter (the "Letter") to Your Honor. That Letter was an ex parte communication inasmuch as Dahiya never sent a copy in any form to me or my co-counsel.

Although we had telephonically requested a very brief adjournment of our January 2, 2018 Motion to Sanction Dahiya and His Firm for Accusing Me of Perjury (the "Motion") only 32 hours after Your Honor admonished him for accusing me of extortion, our request had not been acted upon by the Court as of the time that, we believe on Friday, February 2, 2018, Dahiya evidently also telephonically requested an adjournment of our Motion which request the Court granted to April 10, 2018.

Had the Court conducted a telephonic conference upon Dahiya's adjournment request[1], we would have consented to the adjournment provided that Dahiya's time to object would not be extended beyond the February 6, 2018 date, which was the date by which he was required to object, if any, according to the rules based upon when our Motion was filed and served, which was January 2, 2018.

That being said, let it be noted that Dahiya's request to adjourn our Motion seems clearly to be but a patent ploy so that he could obtain additional time to object to it.

---

[1]     The Court stated on February 12, 2013 in the <u>Man Kit Ng</u>, Case No. 11-46867; <u>Geltzer v. Man Kit Ng</u>, Adv. Pro. No. 12-01343: ". . . So if -- if Mr. Dahiya had requested an adjournment Friday and Mr. Bruh had said no, then I could have had some kind of telephonic hearing and I could have -- or I could have ruled upon the request for an adjournment" (Transcript 6:5-14).

And, that being said, we again point out to the Court that Dahiya filed four pleadings in this Court in another case on February 6, 2018, the date by which he would have been required to file any objection.

And, that being said, in that Dahiya's penultimate sentence (as convoluted and incomprehensible as it is) that: "I would be responding to Mr. Geltzer's motion for sanctions, not exceeding concentrated one page" [sic], must mean that his objection, if any, will be only one page, then one cannot help but wonder why he would need almost two more months to interpose such an objection.

And, that being said, if, as the sentence seems to read that he only intends to interpose a one page objection, then he could have done so in fewer words and fewer sentences and fewer pages than comprised his Letter.

Therefore, we respectfully request that the Court set a date certain for any objection that Dahiya might chose to interpose and that that date be relatively soon and substantially in advance of the April 10, 2018 hearing date on our Motion. Certainly, we reserve all rights to reply, the time for which we hope will be as generous as any afforded to Dahiya for any objection.

Finally, it must be noted that Dahiya, neither in his Letter nor otherwise, specifically objected to our suggestion and request in our February 7, 2018 letter that Your Honor dispense with any hearing at all and take our Motion on submission and, thus, we reaffirm that request.

Sincerely and respectfully,

Robert L. Geltzer

RLG:ayh

cc:    Robert A. Wolf, Esq.
       Marylou Martin, Esq., Office of the U.S. Trustee
       ECF
       Karamvir S. Dahiya, Esq.