# DAHIYA LAW OFFICES LLC
*Attorneys*
75 Maiden Lane Suite 506
New York, New York 10038
Tel: 212-766 8000   Fax: 212 766 8001
*karam@legalpundit.com*

Hon. Carla E. Craig
*Chief Judge*
United States Bankruptcy Court                                           December 20, 2017
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York

       Re: *Man Kit Ng Sanctions Motion* - Case #12-01343 (CEC)

Respected Chief Judge Craig:

  I am responding to Mr. Robert L. Geltzer's ("Geltzer") letter dated February 14, 2018 docketed # 81 (the "Letter"). Once again, the Letter is flawed and misleading for several reasons and it warrants a response to each allegation.

  Mr. Geltzer alleges *ex parte* communication. *Ibid*. *One*, Your Honor, there was no "*ex parte*" communication with the Chambers. All letters filed triggers notices to all parties of record. Thus, there was no communication without the knowledge of the other parties.

  *Second*, Mr. Geltzer finds "a patent ploy," in my request for adjournment, and the reason he attributes is, "so that . . . [I] could obtain additional time to object to [Mr. Geltzer's motion for sanction]." *Id*. Mr. Geltzer should not be paranoid about the additional time, especially after I had assured the parties that my response to his second motion shall not exceed "*one page*." (Emphasis added.)

  *Third*, Mr. Gelzer interjects a gratuitous observation of him finding that the undersigned "filed four pleadings in this Court in another case on February 6, 2018," consternating that it was "*the date* by which [I] would have been required to file any objection [to his sanction motion](emphasis mine). *Id.* I had very adequately responded to the issue of motion responses and FRBP 9006 that the said rule demands a response within 7 days of the Motion's return date.

  *Fourth*, dwelling on an "penultimate sentence" of "one page," puzzled by its "convoluted and incomprehensib[ility]," Mr. Geltzer wondered as to why "would [it] need almost two more months to interpose such an objection." *Id.* Clearly, Mr. Gelzter's rumination is vacuous.  Unless instructed by Your Honor, my time to respond to the pleading or motion is controlled by the rules.

  *Fifth*, after having made foregoing observations, Mr. Geltzer makes a judicial letter request to "set date certain for any objection that Dahiya might chose to interpose and that the date be relatively

soon and substantially in advance of the April 10, 2018 hearing on our Motion." *Id.* Mr. Geltzer cannot make a judicial request shortening time, through a *letter.* A letter cannot circumvent the requirement of a motion. See *Mortensen v. Nevens,* 2011 WL 7782885, at *1 (D. Nev. Feb. 25, 2011). See also *Keith v. Mayes,* 2010 WL 3339041, at *2 n.2 (S.D. Ga. Aug. 23, 2010)(**"This is a Court of Record, not a pen pal. Such requests must be made by motion"**). Letter requests do not confirm to Rule 7(b) and may be refused for that reason. See *Benoit v. U.S. Dept. of Agriculture,* 608 F. 3d 17, 21 (D.C. Cir. 2010) (unwritten, one sentence, conditional suggestion not sufficient). *Cozzrelli v. Inspire Pharms. Inc.*, 549 F. 3d 618, 630-31 (4th Cir. 2008)(request in footnote and closing sentence not sufficient); *Gray v. Evercore Rest LLC* 544 F. 3d 320, 327 (1st Cir. 2008)(conclusory, passing request with no particular grounds not sufficient). Even though, formally, not fully article III court, a bankruptcy court is no less than article III court, as it carries article III business for adjudication and same strictures follow. Bankruptcy Court is a Court of Law now, as has been fully recognized by the Supreme Court in a string of cases lately. ""[T]he bankruptcy court itself exercises "the essential attributes of judicial power [that] are reserved to Article III courts. . .""" *Stern v. Marshall*, 564 U.S. 462, 501 (2011) (citing "*Commodity Futures Trading Comm'n v. Schor,* 478 U.S. 833 (1986)). Thus, Mr. Geltzer should move for relief under Local Rules 9077-1 (includes "Orders Shortening Time") and Rule 9006-1. Mr. Geltzer does not follow the legally prescribed method.

      Mr. Geltzer further request for an additional relief of default against the undersigned and "dispense with any hearing at all and take . . . [his] Motion on submission . . . ." *Id.* Once again, it is a fallacious conjecture. Default can only be marked on the return date of the motion; the motion has been adjourned. Also, default is entered by a motion for a default and or praecipe. Mr. Geltzer further wish of "dispens[ing] any hearing," is also misplaced—there is "general judicial distaste for disposing of cases by defaults ... rather than on the merits." *In re Litas Int'l, Inc.,* No. 04 Civ. 620(GEL), 2004 WL 1488114, at *1 (S.D.N.Y. June 30, 2004). And to be exceptional to the "general" genre, Mr. Geltzer does not make a "specific" case warranting such a differential approach.

      Thus, under the aforesaid circumstances, Mr. Geltzer's letter request be denied in all aspects with an admonition that he follows the rules as prescribed. Thank you for your consideration.

/s/_____
Karamvir Dahiya