UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------

In re:                                              **Chapter 7**

                    **MAN KIT NG,**                 **Case No. 11-46867 (CEC)**

                         Debtor.

------------------------------------------------------------

**ROBERT L. GELTZER,** as Trustee for
the Estate of **MAN KIT NG,**

                         Plaintiff,

           -against-                                **Adv. Pro. No. 12-01343 (CEC)**

                    **MAN KIT NG,**

                         Defendant.

------------------------------------------------------------

**MOTION FOR AN ORDER HOLDING KARAMVIR DAHIYA, ESQ. and/or THE
DAHIYA LAW OFFICES, LLC IN CONTEMPT and IMPOSING SANCTIONS
AGAINST THEM PURSUANT TO § 105(a) OF THE UNITED STATES
BANKRUPTCY CODE ("§ 105") and 28 U.S.C. § 1927 FOR MAKING THE
7th THROUGH 17th NEW SANCTIONABLE STATEMENTS (THE
"11 NEW SANCTIONABLE STATEMENTS" (defined below))**

**TO:   THE HONORABLE CARLA E. CRAIG,
       <u>CHIEF UNITED STATES BANKRUPTCY JUDGE</u>:**

          This is a motion (the "Third Sanctions Motion") for an order to hold Karamvir

Dahiya, Esq. and/or the Dahiya Law Offices, LLC (sometimes cumulatively referred to as

"Dahiya") in contempt of this Court[1] and to sanction Dahiya pursuant to 11 U.S.C. § 105(a), and

---

[1]      Pursuant to Rule 9001-1(a)(v) of the Local Bankruptcy Rules for the Eastern District of New York (the
"Local Rule(s)"), "Court" "means the United States Bankruptcy Court for the Eastern District of New York
and <u>any Judge</u>." [Emphasis added.]

28 U.S.C. § 1927, and the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rule(s)")

9014 and 9020 for:

(1) Dahiya's failure to comply with, and violations of, Your Honor's

November 6, 2014 Order (sometimes referred to as the "Craig Order"; Dkt. 50 in the instant

adversary proceeding) which incorporated the New York Rules of Professional Conduct, 22

NYCRR §§ 1200 et seq. (sometimes hereinafter referred to as the "Rules of Professional

Conduct"), and the United States Bankruptcy Court for the Eastern District of New York,

Administrative Order No. 568, Adoption of New York Standards of Civility (the "Civility

Rules"), and Local Bankruptcy Rules, all of which he violated by reason of Dahiya's 11 New

Sanctionable Statements (defined below) and included in his February 18, 2018 reply (the

"Reply"[2] in which 11 New Sanctionable Statements he stated that I had been, was, acted, and/or

committed:

- "Lawlessness" (Reply p. 2), and

- "attacking a family lawsuit" (Reply p. 2), and

- "gross negligence of Geltzer" (Reply p. 2), and

- "a basis for his removal from the eastern district bankruptcy panel" (Reply p. 2), and

- "covetousness" (Reply p. 3), and

- "mischievously mischaracterizing" (Reply p. 5), and

- "reckless intimidating lawsuit" (Reply p. 14), and

---

[2]     Dkt. 11 in the Geltzer as Trustee v. Zlata Soshkin Adversary Proceeding #17-01157 (ESS) in the Brizinova Case, #12-42935 (ESS), to our February 15, 2018 Plaintiff-Trustee Memorandum of Law in Opposition to Defendant's Motion to Dismiss (the "Opposition"; Dkt. 8 in that adversary proceeding).

- "his own neglect to do his duty" (Reply p. 14), and

- "his un-administered estate" (Reply p. 14), and

- "for his egregious negligence" (Reply p. 17), and

- "an abuse" (Reply p. 19)

(all of which are cumulatively referred to as the "11 New Sanctionable Statements," and are set out in the Trustee's February 27, 2018 letter to Dahiya (attached as Exhibit "A" hereto and made a part hereof by this reference thereto) in the <u>Geltzer v. Soshkin</u> adversary proceeding; and/or

(2) his failure to comply with the Rules of Professional Conduct by reason of his aforesaid 11 Sanctionable Statements; and/or

(3) his failure to comply with the Local Bankruptcy Rules ("LBR").

As this Court knows, in October, 2014, in resolution of a sanctions motion that I,[3] as Trustee,[4] had brought against Dahiya in the instant adversary proceeding, <u>Geltzer as Trustee v. Ng</u>, Dahiya and I entered into a stipulation (the "Dahiya Agreement") in which Dahiya, among other things, reaffirmed

> his commitment to practice in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of this District, the New York Rules of Professional Conduct, and the Chief Judge's Standards for Civility under Administration Order #568 . . ., including, but not limited to, the standard that "Lawyers should be courteous and civil in all professional dealings with other persons," including in his professional dealings with Geltzer.

---

[3]     "I" and "me" refer to Robert L. Geltzer, and the personal comments made herein are exclusively mine and do not necessarily reflect the opinions of Special Litigation Counsel to me in the below referenced cases, as Trustee.

[4]     I refer to myself as "Trustee" in this case prior to and since its reopening and my April 25, 2017 reappointment.

That Dahiya Agreement was approved pursuant to, and incorporated by, Your Honor's November 6, 2014 Order.

Notwithstanding his above-quoted reaffirmation and commitment incorporated into Your Honor's November 6, 2014 Order, just eight (8) months later, in purported support of a motion to dismiss an adversary proceeding that I had brought as Trustee in this Court in the Brizinova Case, Dahiya made the Five Sanctionable Statements[5] in which, among other things, he falsely and maliciously accused me of engaging in extortion, of threatening "a family into further submission," of devising "ways to reach deeper to extort more settlement," and to have brought a "very frivolous" prior adversary proceeding in the Brizinova Case - an adversary proceeding that was consensually settled with the defendants therein, who were represented by counsel who never alleged that said proceeding was "frivolous."

Dahiya's making the Five Sanctionable Statements, coming only eight months after the entry of the Craig Order, which stated in relevant part:

> 12. Dahiya apologizes to the Trustee for the Circumstances that led to the Motion for an Order Imposing Sanctions against Karamvir Dahiya, Esq. and/or Dahiya Law Offices, LLC pursuant to 28 U.S.C. § 1927, as well as for those statements contained in his Opposition.
>
> 13. Dahiya reaffirms his commitment to practice in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of this District, the New York Rules of this District, the New York Rules of Professional Conduct, and the Chief Judge's Standards for Civility under Administrative Order #568, dated October 28, 2010, including, but not limited to, the standard that: "Lawyers should be

---

[5]     Defined in my October 5, 2017 Motion for Order Holding Karamvir Dahiya, Esq. and/or the Dahiya Law Offices, LLC in Contempt and Imposing Sanctions Against Them Pursuant to § 105(a) of the United States Bankruptcy Code ("§ 105") and 28 U.S.C. § 1927, which motion is referred to as the "2017 Sanctions Motion"; Dkt. 50 in the instant adversary proceeding and attached hereto as Exhibit "B" and made a part hereof by this reference thereto.

> courteous and civil in all professional dealings with other persons,"
> including in his professional dealings with Geltzer [emphasis
> added],

exhibited the utter hollowness of Dahiya's "commitment" in the Dahiya Agreement that he

entered into with me, and his blatant contravention of, and utter disrespect for, Your Honor's

November 6, 2014 Order, as well as the Local Bankruptcy Rules of this Court, the New York

Rules of Professional Conduct, and the Chief Judge's Standards for Civility, all incorporated into

the Craig Order. Moreover, Dahiya's Five Sanctionable Statements represented yet another in a

long list of instances in which he has made outrageous, baseless, and false accusations against

trustees who have brought proceedings against his clients.

On December 13, 2017, Your Honor engaged in a 75-minute colloquy with

Dahiya at the hearing on the 2017 Sanctions Motion as to his understanding (or

misunderstanding) of the word "extortion" -- a "thread," as Your Honor pointed out, that runs

through all Five Sanctionable Statements -- and why Dahiya's use of that word violated the Craig

Order, the Rules of Professional Conduct, and the Civility Rules.

The transcript of the December 13, 2017 hearing was attached as a Supplement

Dkt. 76 in the instant adversary proceeding,[6] to the Trustee's January 2, 2018 Motion for an

Order Holding Karamvir Dahiya, Esq. and/or the Dahiya Law Offices, LLC in Contempt and

Imposing Sanctions against Them Pursuant to § 105(a) of the United States Bankruptcy Code

("§ 105") and 28 U.S.C. § 1927 for Making a 6th Sanctionable Statement, dated, filed and served

---

[6]     The Supplement, without the full transcript, is attached hereto as Exhibit "C" and made a part hereof by this
reference thereto.

on January 2, 2018 (Dkt. 72, referred to as the "2018 Sanctions Motion" and attached hereto as Exhibit "D" and made a part hereof by this reference thereto).

As stated in my February 27, 2018 letter (Exhibit "A"), at the end of the February 22, 2018 pre-motion-conference-call with Judge Stong in the <u>Geltzer v. Soshkin</u> adversary proceeding, I offered Dahiya an opportunity to withdraw and amend his benighted Reply so as to remove his 11 New Sanctionable Statements. We were pleased with Dahiya's reaction in a call to him later that day when he said: "I'll take out what's objectionable."

Not having received anything further from him toward that end, I wrote to him on March 6, 2018 (attached as Exhibit "E") reminding him to remove the 11 New Sanctionable Statements from his Reply or we would move to sanction him as we said we would do at the end of the February 22, 2018 pre-motion-conference-call with the Court and the following call that day with Dahiya.

His March 6, 2018 response (attached as Exhibit "F") was, to say the least, surprising. There can be no doubt but that the "tone" of my February 27, 2018 and March 6, 2018 letters to him are nothing less than Dantean's *dolce stil novo* as compared to Dahiya's calling me an extortionist, and a perjurer, and his 11 New Sanctionable Statements!

For the sake of brevity, I shall not set forth herein how each of the arguments and law already set forth in the 2017 Sanctions Motion (Exhibit "B") applies to Dahiya's mendacious 11 New Sanctionable Statements, and how they violate the Craig Order, the Rules of Professional Conduct, the Local Bankruptcy Rules, and the Civility Rules. Each of the arguments made in the 2017 Sanctions Motion (Exhibit "B") as to why Your Honor should hold Dahiya in contempt and impose sanctions against Dahiya with respect to the Five Sanctionable

Statements, and Dahiya's 6th Sanctionable Statement accusing me of having made a "perjurious" statement in my complaint in the Brizinova case, for which we again moved to hold Dahiya in contempt in the 2018 Sanctions Motion (Exhibit "D," returnable April 10, 2018), is equally applicable to the 11 New Sanctionable Statements, and all of said arguments are incorporated herein and made a part hereof by this reference thereto.[7]

But, as we have maintained for years, whatever stains Dahiya might try to inflict upon me are effaced by the scars he inflicts on our legal system by his repeated and flagrant violations of it.

As recent examples of this, on February 15, 2018, Dahiya filed with the Court (Dkt. 82 in above-captioned case) a letter obviously incorrectly dated December 20, 2017 (the "December 20 Letter"), in response to our February 14, 2018 letter (the "February 14 Letter"). We refrained from responding to each and every point in the December 20 Letter,[8] but we now address the following:

In the first paragraph of our February 14 Letter, we state that "Dahiya never sent a copy of his February 7, 2018 letter (the "February 7 Letter") in any form to me or my counsel"; that statement remains true. Dahiya failed to serve us with a copies of his February 7 Letter and his December 20 Letter. Dahiya erroneously attempted to justify his failures by conflating the concepts of notice with service in LBR 9036,[9] which states:

---

[7]    Because the exhibits to the 2017 Sanctions Motion (Dkt. 56) and 2018 Sanctions Motion (Dkt. 72) are voluminous, they are not annexed hereto as exhibits to Exhibits "B" and "D"; they are incorporated herein and made a part hereof by this reference thereto.

[8]    We disagree with what was said and reserve all rights to object specifically thereto.

[9]    This rule is also part of your Honor's March 18, 2016 Order (General Order 559), with which, in all events, all attorneys are required to comply, and particularly so for Dahiya because of the Craig Order.

LBR 9036-1 states:

> The receipt of an Electronic Case Filing password from the Court shall constitute <u>consent to electronic notice</u> by the attorney receiving the password pursuant to Bankruptcy Rule 9036, and shall constitute a waiver by such attorney of the right to receive notice by other, non-electronic means. [Emphasis added.]

LBR 9036-2 (a) states:

> The receipt of an Electronic Case Filing password from the Court shall constitute <u>consent to electronic service</u> by the attorney receiving the password pursuant to Bankruptcy Rule 9036, and except as otherwise provided in subdivision (c) [not applicable here] of this rule, constitutes a waiver by such attorney of the right to receive <u>service</u> by other, nonelectronic means. [Emphasis added.]

LBR 9036-2(b) states:

> Whenever <u>service is required</u> to be made on a person who has consented to, or is deemed to have consented to, electronic service in accordance with Bankruptcy Rule 9036 or subdivision (a) of this rule,<u> service shall be made by serving the "Notice of Electronic Filing" generated by the ECF system either by hand, facsimile, or e-mail, or by overnight mail if service by hand, facsimile, or e-mail is impracticable.</u> [Emphasis added.]

If Rule 9036-2 is limited to motion practice, then Dahiya was required <u>to serve us</u> with copies of his February 7 Letter and December 20 Letter because the service-waiver-benefit of the Rule does not attach to a non-motion; thus, not having served us in any form, those letters were ex parte communications. If, however, Rule 9036-2 is not limited to motion practice, then Dahiya violated it inasmuch as he failed to serve us in any form with the "Notice of Electronic Filing."[10] That is: either way, Dahiya is wrong again.

---

[10] Dahiya's failure to comply with the service requirements under LBR 9036 and Your Honor's March 18, 2016 Order (General Order 559) is an ongoing problem. As recently as February 20, 2018 in the case of <u>Geltzer v. Soshkin</u>, Adv. Pro. No. 17-01157 (ESS), Dahiya failed to serve me as case trustee with his reply

For all of said reasons, it is respectfully submitted that this Court should grant all of the relief requested in this Third Sanctions Motion, as well.

Accordingly, sanctions should be imposed against Dahiya for his 11 New Sanctionable Statements, lest his continual and brazen and intentional disregard for orders of this Court, and for this Court, and the Rules of Professional Conduct and the Local Bankruptcy Rules with which he is obligated to comply, and for his apparent disdain of the Civility Rules, and for the admonitions delivered by Your Honor at the December 13, 2017 hearing and prior thereto and by other judges, as well, continues to the detriment of this Court's procedures, to the detriment of the integrity of our judicial system, and to the detriment of the ability of bankruptcy trustees to administer their cases efficiently and expeditiously, without having to incur the substantial time and expense of the multiplicity of proceedings which Dahiya's incessantly contemnable conduct generates.

**WHEREFORE,** the Trustee seeks an Order pursuant to § 105 of the Bankruptcy Code and 28 U.S.C. § 1927, and Bankruptcy Rules 9014 and 9020: (i) declaring that Dahiya has failed to comply with, and has violated, the Craig Order, and the Local Bankruptcy Rules of this Court, and the New York Rules of Professional Conduct, and the Civility Rules, all incorporated by and into the Craig Order by reason of his 11 New Sanctionable Statements; and (ii) holding Dahiya in civil contempt of the Craig Order; and (iii) sanctioning Dahiya for such violations; and (iv) imposing coercive civil *per diem* sanctions against Dahiya to compel immediate compliance

---

papers in violation of Bankruptcy Rule 9013. Additionally, Dahiya failed to serve my counsel with the "Notice of Electronic Filing" (see Geltzer v. Soshkin, Adv. Pro. No. 17-01157 (ESS), Dkt. 11, p. 22) in violation of LBR 9036 and Your Honor's March 18, 2016 Order. And, all of these inactions are in violation of Your Honor's November 6, 2014 Order, the Craig Order.

therewith; and (v) ordering Dahiya to pay to the Trustee all attorneys' fees incurred by the estate in connection with this Third Sanctions Motion; and (vi) imposing such other methods to compel compliance with the Craig Order as this Court deems necessary and/or appropriate.

Dated: New York, New York
March 15, 2018

Respectfully Submitted,

Law Offices of
ROBERT L. GELTZER
Counsel to the Chapter 7 Trustee
ROBERT L. GELTZER
1556 Third Avenue, Suite 505
New York, New York 10128
(212) 410-0100

By: /s/ Robert L. Geltzer
Robert L. Geltzer
Member of the Firm

.

TARTER KRINSKY & DROGIN LLP
Special Litigation Counsel to the Trustee
1350 Broadway
New York, New York 10018
(212) 216-8000

By: /s/ Robert A. Wolf
Robert A. Wolf .