UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

**Hearing Date:**
**Time:**

------------------------------------------------------------

In re:

**Chapter 7**

**MAN KIT NG**,

**Case No. 11-46867 (CEC)**

                              Debtor.

------------------------------------------------------------

**ROBERT L. GELTZER**, as Trustee for the
Estate of **MAN KIT NG**,

                              Plaintiff,

-against-

**Adv. Pro. No. 12-01343 (CEC)**

**MAN KIT NG**,

                              Defendant.

------------------------------------------------------------

**RESPONSE TO ROBERT L. GELTZER's another MOTION FOR CONTEMPT & SANCTIONS**

"Neither party, witness, counsel, jury, or Judge, can be put to answer, civilly
or criminally, for words spoken in office."

**-** Lord Mansfield (1772)[1]

**DAHIYA LAW OFFICES, LLC**
75 MAIDEN LANE SUITE 506
NEW YORK NY 10038
TEL: 212 766 8000
karam@legalpundit.com

---

[1] *Briscoe v. LaHue,* 460 U.S. 325, 335 (1983) (citing *Rex v. Skinner,* 98 Eng. Rep. 529, 530, Lofft *55, 55*
(1772). "Absolute immunity is thus necessary to assure that judges, advocates, and witnesses can perform
their respective functions without harassment or intimidation." Id (quoting *Butz v. Economou,* 438 U.S.
478, 512 (1978).

Karamvir Dahiya of Dahiya Law Offices, LLC respectfully defending free speech posits as follows in response to Robert Geltzer seeking sanctions, chilling first amendment rights:

The word "perjurious" used in the motion to dismiss is Not defamatory irrespective of complaint by Mr. Geltzer. "A word is not a crystal, transparent and unchanged, it is the skin of a living thought and may vary greatly in color and content according to the circumstances and the time in which it is used." *Towne v. Eisner*, 245 U.S. 418, 425 (1918). See G*reenbelt Cooperative Publishing Assn., Inc. v. Bresler*, 398 U.S. 6 (1970)(rejecting a contention that liability could be premised on the notion that the word "blackmail" implied the developer had committed the actual crime of blackmail, holding that "the imposition of liability on such a basis was constitutionally impermissible—that as a matter of constitutional law, the word 'blackmail' in these circumstances was not slander when spoken, and not libel when reported, reasoning that "even the most careless reader must have perceived that the word was no more than rhetorical hyperbole, a vigorous epithet used by those who considered [the developer's] negotiating position extremely unreasonable."); *Letter Carriers v. Austin*, 418 U.S. 264, 284–286 (1974) (use of the word "traitor" in literary definition of a union "scab" not basis for a defamation action under federal labor law since used "in a loose, figurative sense" and was "merely rhetorical hyperbole, a lusty and imaginative expression of the contempt felt by union members"). Irrespective, it is what is being said in the court proceedings. Litigation privilege grants absolute immunity to expression in judicial proceedings,

> Under New York law, "[i]n the context of a legal proceeding, statements by parties and their attorneys are absolutely *298 privileged if, by any view or under any circumstances, they are pertinent to the litigation." *O'Brien v. Alexander*, 898 F.Supp. 162, 171 (S.D.N.Y.1995) (citing *Grasso v. Mathew*, 164 A.D.2d 476, 564 N.Y.S.2d 576, 578 (3d Dep't 1991)), *aff'd*, 101 F.3d 1479 (2d Cir.1996). The test of "pertinency" is extremely broad and embraces "anything that may possibly or plausibly be relevant or pertinent with the barest rationality, divorced from any palpable or pragmatic degree of probability." *Id.* (citing *Grasso*, 564 N.Y.S.2d at 578). Thus, statements uttered in the course of a judicial or quasi-judicial proceeding are absolutely privileged so long as they are material and pertinent to the questions involved notwithstanding the motive with which they are made. *Herzfeld & Stern, Inc. v. Beck*, 175 A.D.2d 689, 691, 572 N.Y.S.2d 683, 685 (1st Dep't 1991) (citations omitted); *see also Park Knoll Assoc. v. Schmidt*, 59 N.Y.2d 205, 206, 451 N.E.2d 182, 183, 464 N.Y.S.2d 424, 426 (1983) (citations omitted).

*Aequitron Med., Inc. v. Dyro*, 999 F. Supp. 294, 297–98 (E.D.N.Y. 1998). 28 U.S.C. 1927 has no application here--not the undersigned--it is Mr. Geltzer who has spawned this meritless litigation. Since they are losing their cases before Hon. Judge Elizabeth Stong, they have resorted to this subversive way of attacking the undersigned. All these sanctions motions must be dismissed. These motions brings great harm--stymies free speech--defeats interest of justice--results in denial of due process—thwarts access to justice.

/s/_____

Karamvir Dahiya