UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:                                                                               Chapter 7

MAN KIT NG,                                        Case No. 11-46867-cec
                        Debtor.
-------------------------------------------------------------x
ROBERT L. GELTZER, as Trustee for the Estate of
MAN KIT NG,                                        Adv. Pro. No. 12-1343-cec

                        Plaintiff,
v.

MAN KIT NG,

                        Defendant.
-------------------------------------------------------------x

## DECISION DENYING PLAINTIFF'S MOTION FOR SANCTIONS

APPEARANCES

| | |
|---|---|
| Robert A. Wolf, Esq. | Karamvir Dahiya, Esq. |
| Tarter Krinsky & Drogin LLP | Dahiya Law Offices, LLC |
| 1350 Broadway | 75 Maiden lane, Suite 506 |
| New York, New York 10018 | New York, New York 10038 |
| Counsel for the Plaintiff | Respondents |

CARLA E. CRAIG
Chief United States Bankruptcy Judge

This matter comes before the Court on the motion of Robert L. Geltzer (the "Trustee"), as Chapter 7 Trustee of the estate of Man Kit Ng, to sanction Karamvir Dahiya and Dahiya Law Offices, LLC (collectively "Dahiya") pursuant to 11 U.S.C § 105(a) and 28 U.S.C. § 1927 (the "Sanctions Motion").  The Trustee seeks contempt and sanctions against Dahiya because of five statements in a motion to dismiss filed by Dahiya in Geltzer v. Brizinova, Adv. Pro. No. 15-1073 (ESS). The Trustee, who is also the chapter 7 trustee in In re Brizinova, Case No. 12-42935 (ESS), sought sanctions against Dahiya in Geltzer v. Brizinova, based on those five statements, which was denied.  Geltzer v. Brizinova (In re Brizinova), 565 B.R. 488 (Bankr. E.D.N.Y. 2017) (Stong, J.).[1]  The Trustee now seeks sanctions in this adversary proceeding (the "Ng Adversary Proceeding"), asserting that Dahiya's statements in Geltzer v. Brizinova violated a stipulation approved in the Ng Adversary Proceeding on November 6, 2014 (the "Ng Stipulation").  The Trustee also asserts that sanctions are warranted because Dahiya violated the order referring this adversary proceeding to mediation ("Mediation Order), which stated that the mediation shall be governed by Local Bankruptcy Rule 9019-1 ("LBR 9019-1"), which provides for the confidentiality of statements made during the mediation process. This bankruptcy case and this adversary proceeding were reopened under 11 U.S.C. § 350 on April 21, 2017, and on October 5, 2017, the Trustee filed the instant motion for sanctions.  For the following reasons, the Sanctions Motion is denied.

## JURISDICTION

This Court has jurisdiction of this core proceeding under 28 U.S.C. § 157(b)(2)(A) and § 1334(b), and the Eastern District of New York standing order of reference dated August 28, 1986, as amended by Order dated December 5, 2012.

---

[1] Familiarity with Judge Stong's opinion in Geltzer v. Brizinova is assumed.

BACKGROUND

The Trustee seeks sanctions against Dahiya for statements made in a motion to dismiss in Geltzer v. Brizinova. The Trustee asserts that five statements in the motion to dismiss are highly objectionable and offensive. Those statements are:

> Geltzer having realized that he has gotten money from the sons, he could extract more, he has begun his extortionist journey again.
>
> [A]s stated earlier, trustee warns to threaten a family into further submission.
>
> They had sued the sons and settled with them. Seeing the promptness of the settlement Geltzer has to devise ways to reach deeper to extort more settlement.
>
> This Trustee Robert Geltzer, has been known to never file an estate closure reports on an expeditious basis but for keeping it open. Why? Unexpected Accretion!
>
> Geltzer Brought a lawsuit against the sons of the debtors, Nick Soshkin and Igor Soshkin on grounds very frivolous . . . This settlement, became a source of inspiration to Geltzer to dig more.

(Mot. for Sanc. 22, ECF No. 56).[2] In addition, the Trustee argues that Dahiya violated the Mediation Order by disclosing a confidential communication made during court-ordered mediation in that case. (Mot. For Sanc. 2, ECF No. 56.) In particular, the Trustee states that Dahiya's statement in a reply brief filed in Geltzer v. Brizinova that Dahiya signed the Ng Stipulation only after the mediator stated that sometimes "it takes a stronger person to walk away, so [I, Dahiya] walked away," was sanctionable. (Mot. For Sanc. 38-39, ECF No. 56.)

In Geltzer v. Brizinova, the Trustee asserted the statements set forth above violated the Ng Stipulation, the Mediation Order, LBR 9019-1, and the New York Rules of Professional Conduct ("Rules of Conduct"), and sought sanctions pursuant to 11

---

[2] Unless otherwise indicated all references to "ECF No." are to documents identified by docket entry, filed in Adv. Pro. No. 12-1343 (CEC).

U.S.C. § 105 and the Court's inherent power. (See Adv. Pro. No. 15-1073, ECF No. 19.) The court denied the sanctions motion in Geltzer v. Brizinova on March 3, 2017, addressing the motion in two parts.

First, the court held that the question of whether Dahiya violated the Ng Stipulation, or the Mediation Order, and if so, whether a finding of contempt was appropriate, was more properly addressed to this Court. Geltzer v. Brizinova, 565 B.R. at 503. Accordingly, the court denied the Trustee's motion for sanctions, to the extent that the motion sought sanctions for violations of the Ng Stipulation or the Mediation Order, without prejudice to allowing the Trustee to seek relief from this Court. Id. at 503. Second, the court held that the Trustee failed to show that sanctions were warranted under Bankruptcy Code § 105, the Court's inherent authority, LBR 9019-1, or the Rules of Conduct. Id. In so doing, the court found that "the Trustee has not established by clear evidence that Dahiya acted in bad faith in employing such strident words or that his conduct was entirely meritless and undertaken for improper purposes." Id. at 505. The court also found that the statements in question "are more accurately viewed as rhetorical flourishes than as knowing and material statements that are false." Id. at 509.

On March 13, 2017, the Trustee moved this Court, unopposed, to reopen the Ng Adversary Proceeding in order to pursue this sanctions motion. (Mot. to Reopen, ECF No. 54.)   On April 21, 2017, the Court reopened this case and the Ng Adversary Proceeding. (Order Granting Mot. to Reopen, ECF No. 55.)

The portion of the Ng Stipulation at issue states that:

> 12. Dahiya apologizes to the Trustee for the Circumstances that led to the Motion for an Order Imposing Sanctions against Karamvir Dahiya, Esq. and/or Dahiya Law Offices, LLC pursuant to 28 U.S.C. § 1927, as well as for those statements contained in his Opposition.
>
> 13. Dahiya reaffirms his commitment to practice in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of this District, the New York Rules of Professional Conduct, and the Chief Judge's Standards for Civility under Administrative Order #568, dated October 28, 2010, including, but not limited to, the standard that: "Lawyers should be courteous and civil in all professional dealings with other persons," including in his professional dealings with Geltzer.
>
> 14. The Trustee withdraws with prejudice the Motion for an Order Imposing Sanctions against Karamvir Dahiya, Esq. and/or Dahiya law Offices, LLC Pursuant to 28 U.S.C. § 1927.

(Ng Stipulation ¶¶12-14, ECF No. 50-1.)

## DISCUSSION

Based upon the five statements that were the subject of his motion for sanctions in Geltzer v. Brizinova, the Trustee requests this Court to find Dahiya in contempt and to sanction Dahiya pursuant to 11 U.S.C § 105(a), 28 U.S.C § 1927, and Federal Rules of Bankruptcy Procedure 9014 and 9020. (Mot. for Sanc. 1, ECF No. 56.) The Trustee argues that Dahiya should be found in contempt and sanctioned for violating the Ng Stipulation because in that stipulation, he agreed to practice in accordance with the Standards of Civility, adopted by this Court pursuant to administrative order # 568, dated October 28, 2010 ("Civility Standards"), and the Rules of Conduct. (Mot. for Sanc. 2, ECF No. 56.) The Trustee argues that in making the five statements Dahiya violated the Civility Standards and the Rules of Conduct, and should therefore be held in contempt of the Ng Stipulation and sanctioned for such contempt. The Trustee also argues that sanctions should be imposed on Dahiya under 11 U.S.C § 105 and 28 U.S.C. § 1927, as well as the Court's inherent authority. The Trustee further seeks sanctions for

violation of the Mediation Order based upon Dahiya's statement that he entered into the Ng Stipulation only upon being told that "it takes a stronger person to walk away." (Mot. for Sanc. 41-42, ECF No. 56.) The Trustee takes the position that, because the Mediation Order provided for the mediation to be governed by LBR 9019-1, Dahiya's disclosure of a statement made in the mediation not only violated the local rule in question, but also constitutes contempt of the Mediation Order, for which he should be sanctioned.

Dahiya argues that the statements are not sanctionable. (Mem. in Opp'n, ECF No. 59.) In addition, Dahiya asserts that the Sanctions Motion is barred by issue preclusion and by claim preclusion. (Mem. in Opp'n 10-11, ECF No. 59.) The Court understands Dahiya, in making this argument, to be invoking the doctrines of collateral estoppel and res judicata.

1. Collateral Estoppel

Dahiya argues that Judge Stong's decision denying the Trustee's motion in Geltzer v. Brizinova, 565 B.R. 488, must be given preclusive effect in the context of the Sanctions Motion. (Reply in Opp'n 10, ECF No. 59.) Collateral estoppel, or issue preclusion, "means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated by the same parties in a future lawsuit." Schiro v. Farley, 510 U.S. 222, 232 (1994).

The Trustee agrees that collateral estoppel is relevant to this action, but contends that collateral estoppel precludes Dahiya from asserting collateral estoppel as a defense to this motion. (Reply in Supp. 9, ECF No. 66.) The Trustee argues that Dahiya's failure to raise a collateral estoppel defense in the opposition to the motion to reopen prevents him from doing so now. (Reply in Supp. 9, ECF No 66.) The Trustee also maintains that collateral estoppel is inapplicable to the Sanctions Motion because 1) in Geltzer v. Brizinova, Judge Stong denied

without prejudice his motion to sanction Dahiya for violating the Ng Stipulation or the Mediation Order, and 2) this motion seeks sanctions for violations of 28 U.S.C. § 1927, which was not sought in Geltzer v. Brizinova. (Reply in Supp. 9, ECF No. 66.)

"Under collateral estoppel, once an issue is actually and necessarily determined . . . that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." Montana v. United States, 440 U.S. 147, 153 (1979). The term 'issue' refers to an issue of fact or of law. Restatement (Second) of Judgments § 27 (1982); see also B & B Hardware, Inc. v. Hargis Indus., Inc., 135 S. Ct. 1293, 1303 (2015) ("The Court regularly turns to the Restatement (Second) of Judgments for a statement of the ordinary elements of issue preclusion."). This doctrine avoids needless litigation and inconsistent rulings. B & B Hardware, 135 S. Ct. at 1302.

The principal issue addressed in Geltzer v. Brizinova was whether Dahiya, by making the statements at issue on this motion, engaged in conduct warranting sanctions pursuant to 11 U.S.C. § 105 or the court's inherent power. Brizinova, 565 B.R. 488. These claims are also asserted in this case, as well as the claim that Dahiya, through the same statements, engaged in conduct that is sanctionable under 28 U.S.C. § 1927, and violated the Ng Stipulation and the Mediation Order, giving rise to additional grounds for sanctions. (Mot. for Sanc., ECF No. 56.)

Under principles of collateral estoppel, the determination in Geltzer v. Brizinova precludes this Court from making the same inquiry. The court in Geltzer v. Brizinova determined that the Trustee has not demonstrated 1) that sanctions were warranted under § 105 or the Court's inherent authority, 2) that Dahiya violated Local Rule 9019-1, or 3) that Dahiya violated New York's Rules of Professional Conduct. Brizinova, 565 B.R. 488. This Court therefore will not revisit these issues.

The Trustee's argument that principles of collateral estoppel prevent Dahiya from asserting the defense of collateral estoppel must be rejected. In the context of the Trustee's unopposed motion to reopen, this Court was not called upon to determine the merits of the Sanctions Motion or any potential defense to it. This case and adversary proceeding were reopened solely based on finding that cause existed to reopen to permit the Trustee to file this motion. (Order Granting Mot. To Reopen, ECF No. 55.) Because the issue of collateral estoppel was not actually and necessarily determined at that time, the Trustee's attempt to preclude Dahiya from invoking that doctrine must fail. See Montana, 440 U.S. at 153; c.f. Phares v. PNC Bank, Nat'l Ass'n (In re Phares), No. 04-33251-JAD, 2011 WL 7109329, at * 5 (Bankr. W.D. Pa. Apr. 28, 2011) ("Judge Markovitz's decision to reopen the case did not constitute a final judgment on the merits regarding the Avoidance Motion or any defenses that could be asserted thereto. . . ."); Creatore v. Girton, Oakes & Burger, Inc., No. 4:09-CV-2926, 2010 WL 3672229, at *4 (N.D. Ohio Sept. 10, 2010) ("The effect of the Bankruptcy Court's Order for Relief from Stay does not equate to a final decision on the merits . . . but merely grants the *right* to assert a claim in another court.").

2. Res Judicata

"Under the doctrine of res judicata, or claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating claims that were could have been raised in that action." Marvel Characters, Inc. v. Simon, 310 F.3d 280, 286 (2d Cir. 2002) (citing Allen v. McCurry, 449 U.S. 90, 94 (1980)). For a suit to be barred by res judicata, "it must first be determined that the second suit involves the same 'claim'-or 'nucleus of operative fact'-as the first suit." Interoceanica Corp. v. Sound Pilots, Inc., 107 F.3d 86, 90 (2d Cir. 1997) (quoting Apparel Art Int'l, Inc. v. Amertex Enters. Ltd., 48 F.3d 576, 583 (1st Cir. 1995)). To determine

whether the two actions arise from the same claim or nucleus of operative facts, a court looks "to whether the underlying facts are 'related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations.'" Pike v. Freeman, 266 F.3d 78, 91 (2d Cir. 2001) (quoting Interoceanica, 107 F.3d at 90 (quoting Restatement (Second) of Judgments § 24(b))).

Here, Dahiya seeks to invoke res judicata. He argues that this motion arises from the same facts the sanctions motion in Geltzer v. Brizinova, and that the decision in that proceeding therefore bars the Trustee from seeking sanctions under 28 U.S.C. § 1927, even though a claim under that statutory provision was not previously asserted. (Mem. in Opp'n 10-11, ECF No. 59.) The Trustee, on the other hand, contends that Dahiya forfeited his res judicata defense failing to raise it in opposition to the motion to reopen. (Reply in Supp. 9, ECF No. 66.)

Dahiya did not forfeit his right to invoke res judicata when he did not oppose the motion to reopen.  At that stage, the Court only addressed whether it was appropriate to reopen this case under 11 U.S.C § 350. The Court was not required to address the merits of the motion for sanctions, which had not been filed. (Order Granting Mot. to Reopen, ECF No. 55.)  Phares, 2011 WL 7109329, at *5 (citing Cusano v. Klein, 264 F.3d 936, 948 (9th Cir. 2001) ("[T]he mere reopening of a bankruptcy case is a ministerial act that lacks independent legal significance and determines nothing with respect to the merits of the case . . . ."). Fundamentally, a motion to reopen a case does not involve the same nucleus of 'operative facts' as the claim which the party seeks to reopen the case to assert.  Dahiya, therefore, is free to raise this defense at this stage.

In evaluating res judicata, the Court considers what the parties could have litigated. "Whether or not the first judgment will have preclusive effect depends in part on . . . whether the

facts essential to the second were present in the first." <u>NLRB v. United Techs. Corp.</u>, 706 F.2d 1254, 1260 (2d Cir. 1983); <u>See also</u> <u>In re Teltronics Servs., Inc.</u>, 762 F.2d 185, 193 (2d Cir. 1985) ("New legal theories do not amount to a new cause of action so as to defeat the application of the principles of res judicata."). The Trustee here relies on the same five statements, addressed in Judge Stong's decision, as a basis for his claim for sanctions under 28 U.S.C. § 1927. Accordingly, res judicata precludes the Trustee from asserting this claim now whether or not such a claim was raised in <u>Brizinova</u>.

   3. <u>Considering the Merits</u>

Even if the doctrines of res judicata and collateral estoppel did not apply, the Court would still deny the Sanctions Motion.

Little, if anything, can be added to Judge Stong's thorough and well-reasoned analysis of the issues raised by the Trustee's motion in <u>Geltzer v. Brizinova</u>, 565 B.R. 488. For the reasons explained at length in that decision, Dahiya's statements, while intemperate, and offensive to the Trustee, do not justify sanctions under § 105, the Court's inherent power, or the Rules of Conduct. To the extent that the Trustee seeks sanctions separately under the Ng Stipulation based upon Dahiya's statement therein that he "reaffirms his commitment to do practice in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of this district, the New York Rules of Professional Conduct, and the Chief Judge's Standards for Civility," his argument must be rejected. Neither the Ng Stipulation nor the order approving it creates a basis for sanctions where sanctions would not otherwise be called for under applicable law. In addition, and more broadly, the statements at issue, while strident, provocative, and offensive to the Trustee, do not warrant sanctions under § 105, the court's inherent power, or 28 U.S.C. § 1927, which are reserved for situations where there is clear evidence that "(1) the offending party's claims were

entirely meritless and (2) the party acted for improper purposes." Revson v. Cinque & Cinque, P.C., 221 F.3d 71, 79 (2d Cir. 2000) (quoting Agee v. Paramount Commc'ns Inc., 114 F.3d 395, 398 (2d Cir. 1997)). See also Oliveri v. Thompson, 803 F.2d 1265, 1273 (2d Cir. 1986) ("Like an award made pursuant to the court's inherent power, an award under § 1927 is proper when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay."). "Courts in this circuit construe [28 U.S.C. § 1927] 'narrowly and with great caution, so as not to stifle the enthusiasm or chill the creativity that is the very lifeblood of the law.'" Romeo v. Sherry, 308 F. Supp. 2d 128, 148 (E.D.N.Y. 2004) (quoting Mone v. Comm'r, 774 F.2d 570, 574 (2d Cir. 1985). Here, the statements at issue reflect an effort, albeit ineffective, at zealous advocacy. As one court noted, the contempt power is not "designed to redress hurt feelings." Lifeguard Licensing Corp. v. Kozak, 15 Civ. 8459 (LGS) (JCF), 2017 WL 435852, at *4 (S.D.N.Y. Jan. 31, 2017).

      The same conclusion applies to the Trustee's request for sanctions based upon Dahiya's claimed violations of the Mediation Order. That order, which referred the parties to mediation, and directed that the mediation be governed by LBR 9019-1, did not create an independent basis for sanctions where sanctions would not otherwise be awarded. While courts recognize that confidentiality is fundamental to the mediation process, case law reflects that sanctions are appropriately applied where the disclosure reflects an effort to undermine the mediation process, or was otherwise in bad faith. Compare Savage & Assocs., P.C. v. Mandl (In re Teligent, Inc.), 417 B.R. 197, 213 (Bankr. S.D.N.Y. 2009) (denying motion for sanctions in absence of bad faith), aff'd sub nom. In re Teligent Servs., Inc., No. 09 Civ. 09674 (PKC), 2010 WL 2034509 (S.D.N.Y. May 13, 2010), aff'd sub nom. In re Teligent, Inc., 640 F.3d 53 (2d Cir. 2011) with Bernard v. Galen Grp., Inc., 901 F. Supp. 778, 784 (S.D.N.Y. 1995) (sanctions imposed where

disclosure was willful and deliberate "in an effort to undermine the mediation process," and was deemed "serious and egregious"). Here, there is no showing that Dahiya's self-congratulatory disclosure, while inappropriate and another example of ineffective advocacy, reflects bad faith.

## CONCLUSION

For the reasons set forth above, the Sanctions Motion is denied. A separate order will be issued.



**Dated: Brooklyn, New York**
**March 28, 2018**

**Carla E. Craig**
**United States Bankruptcy Judge**

11