UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------
In re:

**MAN KIT NG**,

                          Debtor.
-----------------------------------------------------------
**ROBERT L. GELTZER**, as Trustee for the Estate of **MAN KIT NG**,

                          Plaintiff,

-against-

**MAN KIT NG**,

                          Defendant.
-----------------------------------------------------------

Hearing Date:
Time:

**Chapter 7**

Case No. 11-46867 (CEC)

Adv. Pro. No. 12-01343 (CEC)

# RESPONSE TO ROBERT L. GELTZER's yet another MOTION FOR CONTEMPT & SANCTIONS

"Neither party, witness, counsel, jury, or Judge, can be put to answer, civilly or criminally, for words spoken in office."

- Lord Mansfield (1772)[1]

DAHIYA LAW OFFICES, LLC
75 MAIDEN LANE SUITE 506
NEW YORK NY 10038
TEL: 212 766 8000
karam@legalpundit.com

---

[1] *Briscoe v. LaHue,* 460 U.S. 325, 335 (1983) (citing *Rex v. Skinner,* 98 Eng. Rep. 529, 530, Lofft *55, 55* (1772). "Absolute immunity is thus necessary to assure that judges, advocates, and witnesses can perform their respective functions without harassment or intimidation." Id (quoting *Butz v. Economou,* 438 U.S. 478, 512 (1978).

Karamvir Dahiya of Dahiya Law Offices, LLC respectfully defending free speech posits as follows in response to Robert Geltzer seeking sanctions, chilling first amendment rights, denying rights of the litigants to access the court and defend their merits:

Mr. Geltzer now files another sanctions motion for use of following words in a motion brief before Hon. Judge Elizabeth Stong:

> "Lawlessness"; "attacking a family lawsuit"; "gross negligence of Geltzer"; "a basis for his removal from the eastern district bankruptcy panel"; "covetousness"; "mischievously mischaracterizing"; "reckless intimidating lawsuit"; "his own neglect to do his duty"; "his un-administered estate"; "for his egregious negligence"; and "an abuse".

See Mr. Geltzer's Motion. These words are absolutely not slanderous or defamatory. These are just very regular words used. I have respect for Mr. Geltzer, but I have a duty to the clients, for them, it is my professional obligation to represent them zealously. I never had any intention of hurting anyone's' dignity or sentiments. To the extent, if there is a hurt caused, I apologize. Feelings must not be hurt, that is the basic of everything that worldwide civilizations calls forth. I personally value feelings a lot. Mr. Geltzer must not take it to heart, if subjective perception brings a sharpness in the words—that was not my intention. I personally do not find them to rise to the level of being unparliamentary. It is my opinion of the language.

"A word is not a crystal, transparent and unchanged, it is the skin of a living thought and may vary greatly in color and content according to the circumstances and the time in which it is used." *Towne v. Eisner,* 245 U.S. 418, 425 (1918). See G*reenbelt Cooperative Publishing Assn., Inc. v. Bresler,* 398 U.S. 6 (1970)(rejecting a contention that liability could be premised on the notion that the word "blackmail" implied the developer had committed the actual crime of blackmail, holding that "the imposition of liability on such a basis was constitutionally impermissible—that as a matter of constitutional law, the word 'blackmail' in these circumstances was not slander when spoken, and not libel when reported, reasoning that "even the most careless reader must have perceived that the word was no more than rhetorical hyperbole, a vigorous epithet used by those who considered [the developer's] negotiating position extremely unreasonable."); *Letter Carriers v. Austin,* 418 U.S. 264, 284–286 (1974) (use of the word "traitor" in literary definition of a union "scab" not basis for a defamation action under federal labor law since used "in a loose, figurative sense" and was "merely rhetorical

hyperbole, a lusty and imaginative expression of the contempt felt by union members"). Irrespective, it is what is being said in the court proceedings. Litigation privilege grants absolute immunity to expression in judicial proceedings,

> Under New York law, "[i]n the context of a legal proceeding, statements by parties and their attorneys are absolutely privileged if, by any view or under any circumstances, they are pertinent to the litigation." *O'Brien v. Alexander,* 898 F.Supp. 162, 171 (S.D.N.Y.1995) (citing *Grasso v. Mathew,* 164 A.D.2d 476, 564 N.Y.S.2d 576, 578 (3d Dep't 1991)), *aff'd,* 101 F.3d 1479 (2d Cir.1996). The test of "pertinency" is extremely broad and embraces "anything that may possibly or plausibly be relevant or pertinent with the barest rationality, divorced from any palpable or pragmatic degree of probability." *Id.* (citing *Grasso,* 564 N.Y.S.2d at 578). Thus, statements uttered in the course of a judicial or quasi-judicial proceeding are absolutely privileged so long as they are material and pertinent to the questions involved notwithstanding the motive with which they are made. *Herzfeld & Stern, Inc. v. Beck,* 175 A.D.2d 689, 691, 572 N.Y.S.2d 683, 685 (1st Dep't 1991) (citations omitted); *see also Park Knoll Assoc. v. Schmidt,* 59 N.Y.2d 205, 206, 451 N.E.2d 182, 183, 464 N.Y.S.2d 424, 426 (1983) (citations omitted).

*Aequitron Med., Inc. v. Dyro,* 999 F. Supp. 294, 297–98 (E.D.N.Y. 1998). Mr. Geltzer alludes to 1927 violation, yet his motion does not state how it applies. 28 U.S.C. 1927 has no application here--not the undersigned--it is Mr. Geltzer who has spawned this meritless litigation. Since they are losing their cases before Hon. Judge Elizabeth Stong, they have resorted to this subversive way of attacking the undersigned. All these sanctions motions must be dismissed. These motions brings great harm--stymies free speech--defeats interest of justice--results in denial of due process—thwarts access to justice. Mr. Geltzer should have withdrawn this motion in view of Your Honor's decision regarding the earlier sanctions motion. However, I must admit that now it has started impacting the attorney client relationships.

Dated: April 4, 2018
    New York NY

                                              /s/_____
                                              Karamvir Dahiya