UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:                                                                    Chapter 7

MAN KIT NG,                                                        Case No. 11-46867-cec
                Debtor.
-------------------------------------------------------------x
ROBERT L. GELTZER, as Trustee for the Estate of
MAN KIT NG,                                                        Adv. Pro. No. 12-1343-cec

                Plaintiff,
v.

MAN KIT NG,

                Defendant.
-------------------------------------------------------------x

## DECISION DENYING MOTIONS FOR SANCTIONS

APPEARANCES

Robert L. Geltzer, Esq.                               Karamvir Dahiya, Esq.
The Law Offices of Robert L. Geltzer         Dahiya Law Offices, LLC
1556 Third Avenue, Suite 505                   75 Maiden lane, Suite 506
New York, New York 10128                      New York, New York 10038
Counsel for the Movant                             Respondents

Robert A. Wolf, Esq.
Tarter Krinsky & Drogin LLP
1350 Broadway
New York, New York 10018
Counsel for the Movant

CARLA E. CRAIG
Chief United States Bankruptcy Judge

This matter comes before the Court on two motions of Robert L. Geltzer (the "Trustee" or "Geltzer"), as Chapter 7 Trustee of the estate of Man Kit Ng, to sanction Karamvir Dahiya and Dahiya Law Offices, LLC (collectively "Dahiya") pursuant to 11 U.S.C § 105(a) and 28 U.S.C. § 1927 (ECF Nos. 72 and 86) (the "Sanctions Motions").[1] The Trustee seeks contempt and sanctions against Dahiya because of twelve statements made in papers filed by Dahiya in Geltzer v. Soshkin, Adv. Pro. No. 17-1157 (ESS), an adversary proceeding filed in connection with In re Brizinova, Case No. 12-42935 (ESS), in which Geltzer is the chapter 7 trustee.  For the following reasons, the Sanctions Motions are denied.

## JURISDICTION

This Court has jurisdiction of this core proceeding under 28 U.S.C. § 157(b)(2)(A) and § 1334(b), and the Eastern District of New York standing order of reference dated August 28, 1986, as amended by Order dated December 5, 2012.

## BACKGROUND

The Trustee seeks sanctions against Dahiya for a statement made in a motion to dismiss in Geltzer v. Soshkin, an adversary proceeding pending before the Honorable Elizabeth S. Stong, and eleven statements made in a reply filed by Dahiya to the Trustee's opposition to that motion. Those statements are: (1) that Geltzer's claim in the complaint was "perjurious" (Second Mot. For Sanctions at 5, ECF No. 72); and that (2) Geltzer "had been, was, acted, and/or committed: 'lawlessness,' 'attacking a family lawsuit,' 'gross negligence,' 'a basis for his removal from the eastern district bankruptcy panel,' 'covetousness,' mischievously mischaracterizing,' 'reckless intimidating lawsuit,' 'his own neglect to do his duty,' 'his un-administered estate,' 'for his

---

[1] Unless otherwise indicated all references to "ECF No." are to documents identified by docket entry, filed in Adv. Pro. No. 12-1343 (CEC).

egregious negligence,' and 'an abuse'" (Third Mot. For Sanctions at 2-3, ECF No. 86) (collectively, the "Twelve Statements").[2]

The Trustee argues that the Twelve Statements violated a stipulation approved in this adversary proceeding on November 6, 2014 (the "Ng Stipulation"), which provided, in pertinent part:

> 12. Dahiya apologizes to the Trustee for the Circumstances that led to the Motion for an Order Imposing Sanctions against Karamvir Dahiya, Esq. and/or Dahiya Law Offices, LLC pursuant to 28 U.S.C. § 1927, as well as for those statements contained in his Opposition.
>
> 13. Dahiya reaffirms his commitment to practice in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of this District, the New York Rules of Professional Conduct, and the Chief Judge's Standards for Civility under Administrative Order #568, dated October 28, 2010, including, but not limited to, the standard that: "Lawyers should be courteous and civil in all professional dealings with other persons," including in his professional dealings with Geltzer.
>
> 14. The Trustee withdraws with prejudice the Motion for an Order Imposing Sanctions against Karamvir Dahiya, Esq. and/or Dahiya law Offices, LLC Pursuant to 28 U.S.C. § 1927.

(Ng Stipulation ¶¶12-14, ECF No. 50-1.)

Dahiya argues that the statements must read in context and are not sanctionable, and that they fall within the scope of the litigation privilege.

The Trustee previously sought sanctions based upon five statements made by Dahiya in Geltzer v. Brizinova, Adv. Pro. No. 15-1073 (ESS). The Trustee filed a motion for sanctions in that adversary proceeding, which was denied by Judge Stong in Geltzer v. Brizinova (In re Brizinova), 565 B.R. 488 (Bankr. E.D.N.Y. 2017).

---

[2] Although Dahiya's reply was not annexed to the Third Sanctions Motion as an exhibit, the Court reviewed it on the docket of Geltzer v. Soshkin, Adv. Pro. No. 17-1157 (ESS).

Subsequently, the Trustee sought a finding of contempt and an award of sanctions in this adversary proceeding, arguing that the five statements violated the Ng Stipulation (the "First Sanctions Motion"). While decision on the First Sanctions motion was pending, these Sanctions Motions were filed. The First Sanctions Motion was denied. See Geltzer v. Ng (In re Ng), 584 B.R. 463, 471-72 (Bankr. E.D.N.Y. 2018). Familiarity with Judge Stong's decision in Geltzer v. Brizinova and this Court's prior decision in this adversary proceeding denying the First Sanctions Motion is assumed.

## LEGAL STANDARD

The Trustee seeks sanctions pursuant to 11 U.S.C. § 105(a), 28 U.S.C. § 1927, and the Court's inherent power.

Section 105(a) provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a). "Section 105 may provide a basis to impose sanctions, but only against bad-faith conduct and only when it is tied to a specific provision of the Bankruptcy Code, 'rather than to further the purposes of the Code generally ... and not merely [tied] to a general bankruptcy concept or objective.'" Desiderio v. Parihk (In re Parikh), 508 B.R. 572, 596 (Bankr. E.D.N.Y. 2014) (quoting In re Smart World Techs., LLC, 423 F.3d 166, 184 (2d Cir. 2005)).

Section § 1927 of title 28 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be

>       required by the court to satisfy personally the excess costs, expenses,
>       and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927.

Courts also have the inherent authority "to sanction parties and their attorneys, a power born of the practical necessity that courts be able 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" Revson v. Cinque & Cinque, P.C., 221 F.3d 71, 78 (2d Cir. 2000) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). "Because of their very potency, inherent powers must be exercised with restraint and discretion." Chambers, 501 U.S. at 44.

Although they are independent bases for sanctions, "[s]anctions under § 105, § 1927, and the Court's inherent power all require . . . clear and specific findings of bad faith." Parikh, 508 B.R. at 597. Sanctions under those provisions and the court's inherent power are reserved for situations where there is "clear evidence that '(1) the offending party's claims were entirely meritless and (2) the party acted for improper purposes.'" Revson, 221 F.3d at 79 (quoting Agee v. Paramount Commc'ns Inc., 114 F.3d 395, 398 (2d Cir. 1997)). Additionally, "[c]ourts in this circuit construe [28 U.S.C. § 1927] 'narrowly and with great caution, so as not to stifle the enthusiasm or chill the creativity that is the very lifeblood of the law.'" Romeo v. Sherry, 308 F. Supp. 2d 128, 148 (E.D.N.Y. 2004) (quoting Mone v. Comm'r, 774 F.2d 570, 574 (2d Cir. 1985)).

"The decision to impose sanctions is a matter committed to the court's discretion (unless mandated by statute or rule)." Grand St. Realty, LLC v. McCord, No. 04-CV-4738 (CBA), 2005 WL 2436214, at *8 (E.D.N.Y. Sept. 30, 2005). See also Revson, 221 F.3d at 78 (a court's imposition of sanctions is review for abuse of discretion). Neither § 105(a) nor § 1927 mandate sanctions, as shown by the use of the word "may." See 11 U.S.C. § 105(a) and 28 U.S.C. §

1927; Int'l Cablevision, Inc. v. Sykes, 997 F.2d 998, 1005 (2d Cir. 1993) ("The verb 'may' generally denotes a grant of authority that is merely permissive.").

## DISCUSSION

The Trustee argues that Dahiya should be found in contempt and sanctioned for violating the Ng Stipulation because, by making the Twelve Statements, he failed to practice in accordance with the Standards of Civility, adopted by this Court pursuant to administrative order # 568, dated October 28, 2010 ("Civility Standards"), and the New York Rules of Professional Conduct ("Rules of Conduct"), as he committed to do in the Ng Stipulation. The Trustee also argues that sanctions should be imposed under 11 U.S.C § 105, 28 U.S.C. § 1927, and the Court's inherent authority.

The Trustee's motion for sanctions under the Ng Stipulation must be denied. As this Court determined in the decision denying the First Sanctions Motion, "[n]either the Ng Stipulation nor the order approving it creates a basis for sanctions where sanctions would not otherwise be called for under applicable law." Geltzer v. Ng (In re Ng), 584 B.R. 463, 471-72 (Bankr. E.D.N.Y. 2018).[3] See In re Casse, 198 F.3d 327, 333 (2d Cir. 1999) ("The bankruptcy court [is] in the best position to interpret its own orders.") (quoting Colonial Auto Ctr. v. Tomlin (In re Tomlin), 105 F.3d 933, 941 (4th Cir. 1997)).

Sanctions are also unwarranted under applicable law. Like the five statements at issue in the First Sanctions Motion, the Twelve Statements here, "while intemperate, and offensive to the Trustee, do not justify sanctions under § 105, the Court's inherent power, or the Rules of Conduct." Ng, 584 B.R. at 471. A reasonable reader would not interpret any of the Twelve

---

[3] In approving the Ng Stipulation, this Court did not intend to reserve jurisdiction to hear all future motions for sanctions brought by the Trustee based upon Dahiya's conduct. Any motion seeking sanctions under applicable statutes, rules, or law should be brought in the case or proceeding in which the sanctionable conduct occurred.

5

Statements as literal accusations of criminal or negligent behavior by the Trustee, but rather as an unsuccessful and misguided attempt at rhetorical embellishment. Indeed, a reasonable reader would ignore such superfluous language, focusing instead on any substantive legal arguments asserted. See Revson, 221 F.3d at 82 ("[I]rrelevant personal or ad hominem attacks on [counsel] merely distract from the merits of the litigation."). Sanctions are particularly unwarranted under § 1927 given that the Twelve Statements did not "multipl[y] the proceedings in any case unreasonably and vexatiously," as required in order to invoke sanctions under that statute. Rather, they were included in a motion to dismiss a complaint against Dahiya's client, which was successful on the merits and without regard to the Twelve Statements. See Geltzer v. Soshkin (In re Brizinova), Case No. 12-42935-ESS, Adv. Pro. No. 17-1175-ESS, 2018 WL 3493547 (Bankr. E.D.N.Y. July 20, 2018).

As in the First Sanctions Motion, the Twelve Statements at issue here "reflect an effort, albeit ineffective, at zealous advocacy." Ng, 584 B.R. at 472. It is disappointing indeed that Dahiya, who has been admonished before for his intemperate language, chose nonetheless to include that type of language rather than to focus solely on legal arguments. However, as one court noted, the contempt power is not "designed to redress hurt feelings." Lifeguard Licensing Corp. v. Kozak, 15 Civ. 8459 (LGS) (JCF), 2017 WL 435852, at *4 (S.D.N.Y. Jan. 31, 2017). See also SEC v. ABC Viaticals Inc., No. 3:06-CV-02136-P, 2013 WL 1288168, at *12 (N.D. Tex. Mar. 28, 2013) ("Hurt feelings and indignities are not enough to warrant sanctions by themselves."). See also Revson, 221 F.3d at 79, 82 (stating that "though the reference to proctology was offensive and distinctly lacking in grace and civility, it is, regrettably, reflective of a general decline in the decorum level of even polite public discourse," and "although likening

an attorney to a member of the animal kingdom may well be opprobrious, such colorful tropes are not necessarily injudicious discourse.").

As such, this Court declines to find Dahiya in contempt or award sanctions under 11 U.S.C § 105(a), 28 U.S.C. § 1927, or the Court's inherent power for making the Twelve Statements. Given this conclusion, it is unnecessary to address Dahiya's other arguments.

This ruling should not be interpreted as an endorsement of the practice of utilizing the type of ad hominem language which has so offended the Trustee. Dahiya is admonished, again, that this language detracts from any legal argument he is attempting to make, has no persuasive value, reflects negatively on Dahiya, and wholly fails to achieve its presumed objective to portray its object (here, the Trustee) in a negative light.

## CONCLUSION

For the reasons set forth above, the Sanctions Motions are denied. A separate order will issue.

Dated: Brooklyn, New York
August 14, 2018

_____
Carla E. Craig
United States Bankruptcy Judge